IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH, and<br>BAMED AG | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-608 |
| | ) | |
| LUV N' CARE, LTD., and<br>MUNCHKIN, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF MAILING PURSUANT TO 10 DEL. C. § 3104

**STATE OF DELAWARE**    :
                         :  **ss.**
**COUNTY OF NEW CASTLE :**

**BE IT REMEMBERED** that on this 30th day of October 2007, the deponent Adam W.

Poff, personally appeared before me, a Notary Public for the State and County aforesaid, and

deposed and stated as follows:

     1.    I am an attorney with the law firm of Young Conaway Stargatt & Taylor, LLP,

attorneys for the plaintiff in the above captioned matter.

     2.    The defendant, Luv N' Care, Ltd. is a non-resident of the State of Delaware, and

on October 10, 2007 and all other times pertinent, was a non-resident of the State of Delaware.

The last-known available address of Luv N' Care Ltd. is 3030 Aurora Avenue, Monroe,

Louisiana, 71201.

     3.    On October 10, 2007, I caused to be mailed by registered mail an envelope to Luv

N' Care, Ltd. at the above address.  The envelope contained copies of a Notice in the form

attached hereto as Exhibit A, and copies of the Summons and Complaint, attached hereto as

Exhibit B, to the last-known address listed in paragraph 2 of this affidavit. Attached hereto as

Exhibit C is the receipt of registered mail which was obtained at the Post Office upon mailing of

the envelope.

      4.     On October 30, 2007, I received from the United States Post Office the return

receipt showing delivery and acceptance by Joseph Hakim for Luv N' Care, Ltd. of the envelope.

Pursuant to Local Rule 4.1(b), said return receipt is attached as Exhibit D.

_____

Adam W. Poff (No. 3990)

**SWORN TO AND SUBSCRIBED** before me, a Notary Public in and for the

State and County aforesaid, on this 30th day of October, 2007.

_____

Kay Shuey, Notary Public

Commission Expires _2|16|2009_

# EXHIBIT

# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MAM BABYARTIKEL GMBH, and    )
BAMED AG                       )
                                  )
             Plaintiffs,    )
      v.                  )     C.A. No. 07-608
                                    )
LUV N' CARE, LTD., and       )
MUNCHKIN, INC.              )
                                  )
            Defendants.    )

## NOTICE

    TO:   LUV N' CARE, LTD.
           3030 Aurora Avenue
           Monroe, Louisiana 71201

PLEASE TAKE NOTICE that there has been served upon the Secretary of State of the State of Delaware the original of a Summons and Complaint, copies of which are attached, in which you are named as a defendant in an action brought by MAM Babyartikel GmbH, and Bamed AG, in the United States District Court of the State of Delaware.

The Summons and Complaint were served upon the Secretary of State of the State of Delaware on October 5, 2007. Under the provisions of 10 *Del. C* § 3104, service of the original Summons and Complaint upon the Secretary of State as aforesaid is as effectual to all intents and purposes as if it had been made upon you personally within the State of Delaware.

Failure on your part to obey the command of the within writ could result in a default judgment being taken against you.



YOUNG CONAWAY STARGATT &
TAYLOR, LLP

---

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building,
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

*Attorneys for MAM Babyartikel GmbH and
Bamed AG*

OF COUNSEL:
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Dated: October 10, 2007

# EXHIBIT
# B



**AccuRoute** ™
*Intelligent* Document Routing

# MAM SCAN SHEET

ED(KRYH-KWKASDHA-RTHF-PDSD-XCTN-DDBHSWADKDYH)

| | |
|---|---|
| Created By: | laxsom@ycst.com |
| Created On: | 10/30/2007 5:09:15 PM |
| Expires On: | (no expiration) |
| Single Use? | No |

**Distribution**
e-Mail:

**Filing:**
   WorkSite, WSDMS, DB02, !nrtdms:0:!session:WSDMS:!database:DB02:!document:6336953,1:  PDF

**Print:**

**Fax:**

ED(KRYH-KWKASDHA-RTHF-PDSD-XCTN-DDBHSWADKDYH)

**Place this routing sheet on top of your paper document, place in feeder and then
1) select scanner button 2) select the AccuRoute folder 3) press green start button**

# EXHIBIT
# B

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

                                                   **DISTRICT OF**              DELAWARE

MAM BABYARTIKEL GMBH, and
BAMED AG

                 Plaintiff(s),               **SUMMONS IN A CIVIL CASE**

         **V.**

                                   CASE NUMBER:     0 7 - 6 0 8

LUV N' CARE, LTD., and
MUNCHKIN, INC.

                 Defendant(s).


TO: (Name and address of defendant)

         LUV N' CARE, LTD.
         c/o Secretary of State
         Division of Corporations
         John G. Townsedn Federal Building
         401 Federal Street, Suite 4
         Dover, DE 19901

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

         Adam W. Poff (No. 3990)
         Young Conaway Stargatt & Taylor, LLP
         The Brandywine Building
         1000 West Street, 17th Floor
         Wilmington, Delaware 19899
         (302) 571-6600
         apoff@ycst.com


an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

| | |
|---|---|
| CLERK    PETER T. DALLEO | OCT 0 5 2007 <br> DATE |

(BY) DEPUTY CLERK

AO 440 (Rev 10/93) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE | 10|05|07 |
| NAME OF SERVER (*PRINT*) Edward Jones | TITLE | Process Server |

*Check one box below to indicate appropriate method of service*

☒     Served personally upon the defendant. Place where served: Secretary of State of Delaware, 401 Federal Street, Dover, DE 19901. Service was accepted by Debbie Croom at 4:10pm

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left: _____

_____

☐     Returned unexecuted: _____

_____

_____

☐     Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   10|05|07
         Date               *Edward Jones I*   Signature of Server

15 E. North Street, Dover, DE 19901
Address of Server

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAM BABYARTIKEL GMBH )
    a Company organized and )
    existing under the laws of Austria, )
    )
and )
    )
    )
BAMED AG )
    a Company organized and )
    existing under the laws of )
    Switzerland, )
    )
        Plaintiffs, )
    )
    v. )
    )
LUV N' CARE, LTD., )
    a Louisiana Corporation, )
    )
and )
    )
    )
MUNCHKIN, INC. )
    a Delaware Corporation, )
    )
        Defendants. )

07 - 608

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

    Plaintiffs MAM Babyartikel GmbH (hereinafter referred to as "MAM Babyartikel) and

Bamed AG (hereinafter referred to as "Bamed"; hereinafter collectively referred to as

"Plaintiffs") by and through their attorneys, hereby demand a jury trial and allege, upon

information and belief, in this Complaint against Defendants Luv N' Care, Inc. hereinafter

referred to as "Luv N' Care") and Munchkin, Inc. (hereinafter referred to as "Munchkin";

hereinafter collectively referred to as "Defendants"), as follows:

## THE PARTIES

1.     Plaintiff MAM Babyartikel is a corporation, organized and existing under the laws of Austria, with its principal place of business at Lorenz-Mandi-Gasse 50, 1160 Wien, Austria.

2.     Plaintiff Bamed is a corporation, organized and existing under the laws of Switzerland, with its principal place of business at Wilenstrasse 17, 8832 Wollerau, Switzerland.

3.     Upon information and belief, Defendant Luv N' Care is a corporation organized and existing under the laws of Louisiana.

4.     Upon information and belief, Defendant Luv N' Care's principal place of business is located at 3030 Aurora Avenue, Monroe, Louisiana 71201.

5.     Upon information and belief, Defendant Munchkin is a corporation organized and existing under the laws of Delaware, and its registered agent is The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801.

6.     Upon information and belief, Defendant Munchkin's principal place of business is located at 16689 Schoenborn Street, North Hills, CA 91343.

## JURISDICTION AND VENUE

7.     This action arises under the Patent Laws of the United States of America, 35 U.S.C. §§ 101, *et seq.*

8.     Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§1331 and 1338.

9.     This Court can properly exercise personal jurisdiction over Defendant Munchkin, by virtue of the fact that it is incorporated in the State of Delaware, thereby availing itself of the laws of the State of Delaware and deriving the protections and benefits thereof.

{J403203 00273969.DOC}

10.    This Court can properly exercise personal jurisdiction over Defendant Luv N'
Care by virtue of the fact that it sells products, including the infringing product, in the State of
Delaware, thereby availing itself of the protection and benefits of the laws of the State of
Delaware.

11.    Venue for the present action properly lies in this District pursuant to 28 U.S.C. §§
1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

12.    United States Patent No. D441,083 (hereinafter referred to as "the '083 patent"),
entitled "Pacifier", was duly and legally issued on April 24, 2001, and is generally directed to an
ornamental design for a pacifier.    A true and correct copy of the '083 patent is attached hereto as
Exhibit 1.

13.    Plaintiff MAM Babyartikel is the assignee and owner of the '083 patent.

14.    United States Patent No. 6,514,275 (hereinafter referred to as "the '275 patent"),
entitled "Pacifier", duly and legally issued on February 4, 2003, and is generally directed to a
pacifier.    A true and correct copy of the '275 patent is attached hereto as Exhibit 2. (hereinafter,
the '083 patent and '275 patent are collectively referred to as the "Patents-in-Suit").

15.    Plaintiff Bamed is the assignee and owner of the '275 patent.

16.    All maintenance fees for the Patents-in-Suit have been properly paid to the United
States Patent & Trademark Office (hereinafter referred to as "the USPTO").

## BACKGROUND

17.    Plaintiffs are in the business of developing, making, marketing, distributing,
maintaining, and selling ornamental designed pacifiers.    Plaintiffs' products are sold throughout
the United States, including this District.

{J403203 00273969.DOC}

3

18.    Defendants make pacifiers, including Luv N' Care's "Nuby Paci-flyers" pacifier and Munchkin's "Bling" pacifier, that infringe the Patents-in-Suit. True and correct photographs of Luv N' Care's "Nuby Paci-flyers" pacifier and Munchkin's "Bling" pacifier are attached hereto as Exhibit 3 and Exhibit 4, respectively.

19.    Defendants make, market, sell, distribute, and/or maintain the above mentioned pacifiers through sales offices and retail outlets located within and throughout the United States, including the District of Delaware.

20.    Defendant Luv N' Care filed a Declaratory Judgment Action against Plaintiff Bamed in the United States District Court for the Eastern District of Texas on December 1, 2006 (*Luv N' Care, Ltd. v. Bamed AG*, C.A. No.: 4:06cv486; hereinafter referred to as "the Texas Action"). Defendant Luv N' Care was granted a 90-day extension to obtain summons and make service upon Plaintiff Bamed. Defendant Luv N' Care has failed to prosecute the Texas Action, which has been sitting on that Court's docket for over 300 days. As of the filing of this Complaint, Defendant Luv N' Care has yet to serve Plaintiff Bamed with the complaint to the Texas Action.

21.    Plaintiffs file this complaint in order to assert their rights, granted to them duly and legally by the USPTO, in the '275 and '083 patents.

## COUNT 1 – INFRINGEMENT OF THE '083 PATENT

22.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 21 above, as if fully set forth herein.

23.    Defendants have infringed and continue to infringe the '083 patent in violation of 35 U.S.C. § 271, by making, marketing, selling, offering to sell, distributing, and/or maintaining

pacifiers within the United States which incorporate the design claimed in the '083 patent without Plaintiffs' authorization.

24.    Plaintiffs have notified Defendants that such pacifiers infringe the '083 patent.

25.    Despite such notification, Defendants have refused to cease their infringing activities, and continue to infringe the '083 patent.

26.    Plaintiffs have been and continue to be injured by Defendants' infringement of the '083 patent because, among other reasons, Defendants' actions have resulted in the wrongful diversion of sales and profits from Plaintiff. Plaintiff is also entitled to recover the full extent of Defendants' profits pursuant to 35 U.S.C. § 289.

27.    Defendants' acts of infringement of the '083 patent were done with full knowledge of the '083 patent. Upon information and belief, Defendants have deliberately, intentionally and willfully disregarded Plaintiff's patent rights. Thus Defendants have willfully infringed the '083 patent, making this an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT 2 – INFRINGEMENT OF THE '275 PATENT

28.    Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 21 above, as if fully set forth herein.

29.    Defendants have infringed and continue to infringe the '275 patent in violation of 35 U.S.C. § 271, by making, marketing, selling, offering to sell, distributing, and/or maintaining pacifiers within the United States which incorporate the invention claimed in the '275 patent without Plaintiffs' authorization.

{J403203 00273969.DOC}

5

30.    At least Luv . N' Care's "Nuby Paci-flyers" pacifier and Munchkin's "Bling" pacifier infringe the '275 patent.

31.    Plaintiffs have notified Defendants that such pacifiers infringe the '275 patent.

32.    Despite such notification, Defendants have refused to cease their infringing activities, and continue to infringe the '275 patent..

33.    Defendants' infringement of the '275 patent was and is done with full knowledge of the '275 patent. Upon information and belief, Defendants have deliberately, intentionally, and willfully disregarded Plaintiff's patent rights. Defendants have thus willfully infringed the '275 patent, making this an exceptional case within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks a judgment against Defendants as follows:

a.    Declaring that Defendants have infringed the Patents-in-Suit.

b.    Awarding Plaintiffs damages for Defendants' infringement of the Patents-in-Suit.

c.    Awarding Plaintiffs Defendants' total profits relating to Defendants' infringement of the '083 patent, pursuant to 35 U.S.C. § 289.

d.    Declaring that Defendants' infringement of the Patents-in-Suit is and has been willful.

e.    Awarding Plaintiff treble damages for Defendants' willful infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 284.

f.    Permanently enjoining Defendants from further infringing the Patents-in-Suit in the future, where appropriate.

g.    Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Plaintiffs' attorneys fees.

h.  Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for Plaintiff*
*MAM Babyartikel GmbH and Bamed AG*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191


Dated: October 4, 2007

# EXHIBIT
# 1



US00D441083S

(12) **United States Design Patent**
Roehrig

(10) Patent No.: **US D441,083 S**
(45) Date of Patent: ** **Apr. 24, 2001**

(54) **PACIFIER**

(75) Inventor: Peter Roehrig, Vienna (AT)

(73) Assignee: Mam Babyartikel Gesellschaft m.b.H., Vienna (AT)

(**) Term: 14 Years

(21) Appl. No.: 29/127,383

(22) Filed: **Aug. 3, 2000**

(30) Foreign Application Priority Data

Feb. 9, 2000 (AT) ........................................... MU 483/2000

(51) LOC (7) Cl. ....................................................... 24-04
(52) U.S. Cl. .............................................................. D24/194
(58) Field of Search ...................................... D24/194, 193;
606/234, 235, 236

(56) **References Cited**

U.S. PATENT DOCUMENTS

D. 334,064 * 3/1993 Fitzpatrick ........................... D24/194

D. 340,525 * 10/1993 Rohrig ................................. D24/194
D. 393,074 * 3/1998 Fields et al. ......................... D24/194
D. 430,675 * 9/2000 Roehrig ................................ D24/194
5,693,073 * 12/1997 Glick et al. .......................... 606/236

* cited by examiner

*Primary Examiner*—Stella Reid
(74) *Attorney, Agent, or Firm*—Abelman, Frayne & Schwab

(57) **CLAIM**

The ornamental design for a pacifier, as shown and described.

**DESCRIPTION**

FIG. 1 is a front view showing the new pacifier design;
FIG. 2 is a rear view thereof;
FIG. 3 is a top plan view thereof;
FIG. 4 is a bottom plan view thereof;
FIG. 5 is a left side view thereof;
FIG. 6 is a right side view thereof; and,
FIG. 7 is a perspective view thereof.

1 Claim, 7 Drawing Sheets





# FIG. 1



# FIG. 2



# FIG. 3



# FIG. 4



# FIG. 5



# FIG. 6



# FIG. 7

# EXHIBIT
# 2



US006514275B2

(12) **United States Patent**
Röhrig

(10) **Patent No.:**     **US 6,514,275 B2**
(45) **Date of Patent:**     **Feb. 4, 2003**

(54) **PACIFIER**

(75) Inventor:    Peter Röhrig, Vienna (AT)

(73) Assignee:    Bamed AG, Altenhofen (CH)

( * ) Notice:    Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 122 days.

(21) Appl. No.: 09/725,782

(22) Filed:    Nov. 29, 2000

(65)    **Prior Publication Data**

US 2001/0012952 A1 Aug. 9, 2001

(51) Int. Cl.[7] ................................................. A61J 17/00
(52) U.S. Cl. ............................... 606/234; 606/236
(58) Field of Search ................................. 606/234, 235, 606/236; D24/194, 195, 196, 197, 198; 601/46, 67, 80, 139–142

(56)    **References Cited**

U.S. PATENT DOCUMENTS

3,964,489 A  *  6/1976  Kesselring

| | | | |
|---|---|---|---|
| 4,195,638 A | | 4/1980 | Duckstein |
| 5,403,349 A | * | 4/1995 | Röhrig ........................ 606/236 |
| D391,641 S | * | 3/1998 | Fields et al. .................. D2/194 |
| D393,074 S | * | 3/1998 | Fields et al. .................. D2/194 |
| 5,759,195 A | * | 6/1998 | Fields et al. ................. 606/236 |
| 5,772,684 A | * | 6/1998 | Shrock ........................ 606/236 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| AT | 379508 | 6/1985 |
| DE | 2837438 | 8/1978 |
| DE | 3117348 | 6/1981 |
| DE | 3316824 | 5/1983 |

* cited by examiner

*Primary Examiner*—Gloria M. Hale
(74) *Attorney, Agent, or Firm*—Ladas & Parry

(57)    **ABSTRACT**

A pacifier includes a generally lemniscate-shaped shield provided with retractions on its two longer sides in the middle thereof, and a nipple fastened in a central opening of the shield. The shield, on each of both sides of the central shield opening, includes but one lateral opening that reaches as far as to the edge of the shield while leaving a frame part.

13 Claims, 1 Drawing Sheet





U.S. Patent                    Feb. 4, 2003                    US 6,514,275 B2

FIG. 4



FIG. 3



FIG. 2



FIG. 1



US 6,514,275 B2

1

PACIFIER

FIELD OF THE INVENTION

The invention relates to a pacifier including a generally lemniscate-shaped shield provided with retractions on its two longer sides in the middle thereof, and a nipple fastened in a central opening of the shield.

From AT 379 508 B, a pacifier including a grid-shaped shield is known, wherein the grid holes constitute air-drying openings and are mutually separated by at least two central lip covering webs provided on both sides of the central opening and extending in the direction of the longer transverse axis of the nipple. Such a shield configuration entails the risk that the fingers of the infant are inserted in the openings of the shield and cannot be pulled out any more, being squeezed in the shield. Furthermore, the shield openings are insufficiently large so as to enable simple seizure by an adult.

In addition, pacifiers including a round or approximately lemniscate to oval-shaped pacifier shield are known, for instance, from DE 31 17 348 A, where the shield has several small holes distributed in the two shield sections on both sides of the nipple so as to impart a sieve-like aspect on the pacifier shield. Those holes, however, will frequently not suffice to guarantee sufficiently strong aeration and drying of the mouth region as well as saliva drainage.

U.S. Pat. No. 4,195,638 A as well as GB 112200 A describe pacifiers each including a shield having emergency respiration holes in the form of four small circular openings. Even those known pacifiers do not ensure sufficient aeration and saliva drainage in the mouth region.

DE 28 47 438 A discloses a pacifier including a shield that comprises several slit-shaped, curved openings provided around the central nipple opening and separated from one another by radial webs, which openings, on the one hand, cause an easier deformation of the shield and, on the other hand, are to function in the manner of a saliva collecting and draining channel. The overall surface of the openings is, however, relatively small as compared to the shield surface such that it cannot be safeguarded that the mouth region of the infant will be kept dry.

DE 33 16 824 A relates to a pacifier including a shield which likewise has four openings that are separated from one another by radial webs. Again, there is the risk of a finger of the infant being squeezed in the shield openings.

SUMMARY OF THE INVENTION

It is an object of the invention to provide a pacifier which, when in use, ensures sufficient aeration of the mouth region and the drainage and drying of saliva possibly present in this region in order to avoid irritations, reddening or inflammations of the sensitive skin of the infant in that region; in addition, material savings should be feasible and existing regulations relating to the formation of shield openings for providing emergency respiration openings should be taken into account in order to eliminate the risk of squeezing of a finger of the infant; moreover, the pacifier should be readily seizable by an adult.

In the pacifier according to the invention, the shield, on each of both sides of the central shield opening, comprises but one lateral opening that reaches as far as to the shield edge while leaving a frame part. By providing but one lateral opening in the shield, on each side of the central opening of the shield, which opening reaches as far as to the shield edge

2

such that only a relatively small frame part defines the edge of the shield, it will be ensured that the lateral openings are large-surface openings allowing for sufficient aeration and saliva drying. When using the pacifier, saliva can thus be drained and dried such that the sensitive skin in the region of the mouth of the infant will remain dry even during an extended use of the pacifier and no irritations, reddening or inflammations will occur.

Since one respective lateral opening is provided on each of both sides of the central shield opening, the shield may be grasped in an extremely simple manner with the insertion of a finger into one of the large lateral openings being feasible. Since only one lateral opening is each provided per shield side and only a frame part of the shield is left, it is ensured that the lateral openings are sufficiently large to prevent the child's fingers from being squeezed in part of the pacifier shield. In case the pacifier is swallowed by an infant, the large lateral openings are also perfectly apt as emergency respiration openings allowing for continued breathing.

Since but one lateral opening is each provided on the shield sides, no webs or, more general, material regions are present between the lateral openings as in the known pacifiers, thus simplifying the manufacture of the pacifier. Also may one lateral opening be each provided per shield side and only a frame part of the shield be reduced to a minimum, thus likewise enabling simple and cost-effective production.

For reasons of symmetry, the central retractions of the shield may be designed to be equal on the two longer sides so as to avoid different upper and lower sides of the pacifier. Preferably, at least one retraction is designed in such a manner that sufficient nose freedom will be ensured in the nose region of the infant.

The shapes of the lateral openings may be realized in various ways, sharp edges and pointed corners being preferably avoided in order to minimize the risk of injury.

Since, furthermore, the shield is not provided with a number of openings mutually separated by webs, the pacifier according to the invention does not cause individual tissue parts to protrude through relatively small apertures or parts (the webs) of the shield to be impressed or pinched in the mouth region of the child, even during intensive suction.

Preferably, the shield frame parts, on the two shorter sides, each comprise an indentation located, in particular, in the region of the longitudinal axis of the shield. Such indentations provide for an elevated dimensional stability of the pacifier shield such that the frame parts exhibit an increased resistance to bending in addition to counteracting the protrusion of the lips. These indentations may have different dimensions and shapes, in particular with a view to obtaining finger-apt openings. Also in this case, it is advantageous if the indentations have no sharp edges, but have forms as round as possible. The depth of an indentation likewise may vary, yet should not exceed a certain depth so that reaching through the openings by a finger will not to be impeded.

A particularly advantageous pacifier is realized in that the two shield frame parts in one piece join a central circular shield part that includes the central opening for the nipple. The central upper and central lower lip regions are thereby held back surfacially so as to prevent the protrusion of the lips on those sites. Moreover, this ensures a stable configuration of the pacifier shield as a whole and, in particular, in the region of the nipple fastening, where also a grip cap covering the nipple fastening site may be attached on the side opposite the nipple, as is common practice. In addition, this renders feasible a particularly simple form of the shield,

US 6,514,275 B2

3

which may also be advantageous in respect to manufacturing processes. Furthermore, the shield frame parts—which, in the instance case, are strap-shaped—may be sufficiently firmly connected with the circular shield part. The central circular shield part allows for the safe clamping of the nipple on the shield within the central opening, where the size of the circular shield part may vary as a function of the size of the shield frame parts or the size of the nipple.

Particularly preferred is a pacifier in which the two frame parts have approximately U-shaped or C-shaped cross sectional profiles. Such profiles enhance the stiffness of the frame parts of the shield so as to practically avoid twisting, bending or buckling of said frame parts even if they are designed to be narrow. Basically, any other reinforcing profile is conceivable, yet the C shape or arcuate shape offers the advantage of automatically yielding rounded shapes, i.e., avoiding sharp edges.

Preferably, the round side or web side of the C-shaped cross sectional profile is oriented in the direction of the nipple. When using the pacifier, the round side of the frame parts will, thus, abut on the skin of the mouth region of the infant. This is more comfortable for the infant, because the shield frame parts will not cut into the skin in the mouth region of the infant even during intensive sucking.

An advantageous embodiment is offered in that the lateral openings, in the sense of the longitudinal axis, have a length of about 10 mm to 30 mm, preferably about 15 mm to 20 mm, and, transverse thereto, have a width of about 15 mm to 35 mm, preferably about 20 mm to 30 mm. These dimensions ensure the formation of a shield that complies with the stipulations regulating pacifier shield openings. The length or the width of the lateral openings may vary within these dimensions, wherein particularly large lateral openings are suitable, in particular, for infants who are prone to inflammations in the mouth region. On the other hand, the dimensions also may be adapted to the age of an infant, particularly large lateral openings being suitable for younger children using the pacifier over extended periods of time and causing more saliva to emerge from the mouth.

In the course of safety investigations it has been found that a child's finger will no longer get stuck in the event of round openings having diameters of 12 mm and, from a diameter of 14 mm, an adult may readily dip into the openings by a finger in order to hold the pacifier: it is, therefore, advantageous if the lateral openings have a clear width of at least 14 mm over their entire peripheries. In other words, this means that each of the two lateral openings has such a dimension and shape that a pin having a circular cross section and a diameter of 14 mm may be pushed through the opening.

Preferably, the nipple comprises an end bead and is fastened to the shield within the central opening by means of a wedge-shaped plug inserted in said opening. The end bead prevents the nipple from slipping through between the edge of the opening and the plug such that the nipple is firmly fixed in the shield, thereby eliminating the risk of the nipple being loosened and hence swallowed by the infant. Suitably, the plug is held in its clamped position by a grip cap. Another advantage resides in that this way of clamping the nipple on the shield merely requires little space, wherefor the central circular shield part can be kept small.

A particularly advantageous embodiment is provided in that the plug and the end bead of the nipple are covered by a cap fastened to the shield. Thereby, the nipple fastening is covered and secured, on the one hand, so as to prevent any undesired loosening of the nipple. On the other hand, the cap

4

may be designed to be readily seizable, thus serving as an (additional) grip.

According to a further aspect, the present invention provides a pacifier shield for a pacifier as described above.

BRIEF DESCRIPTION OF THE DRAWING

In the following, the invention will be explained in even more detail by way of a preferred exemplary embodiment illustrated in the drawing. Therein:

FIG. 1 is a view from below of a pacifier according to the invention;

FIG. 2 is a partially exploded side view of this pacifier;

FIG. 3 is a side view of this pacifier in the sense of arrow A of FIG. 2; and

FIG. 4 represents a cross sectional view through a shield frame part according to line IV—IV of FIG. 1.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

In the drawing, FIGS. 1 to 3 depict a pacifier 1 including an approximately lemniscate-shaped shield 3 which is provided with central retractions 2 on its two longer sides and a central opening 4 for fastening a nipple 5 to the shield 3. Lateral openings 6a, 6b are provided on both sides of the central opening 4 in the shield 3, which lateral openings extend as far as to the shield edge and there are delimited by strap-shaped shield frame parts 7 that join a central circular shield part 8 in one piece. In the region of the longitudinal axis (which, according to the illustration in FIG. 1, is horizontal), indentations 9 are provided on the two shorter sides of the shield 3. The shield frame parts 7 have C-shaped cross sectional profiles 7a, as is apparent from FIG. 4. The round web side 7b of the profile faces the nipple 5, whereas the two flange or rib ledges 7c, 7d are provided on the cap side.

FIG. 2 is a partially cut-open side view of the pacifier 1, wherein the wedge-shaped plug 12 and the end bead 11 of the nipple 5 are covered by a cap 10 fastened to the shield 3, for instance, by ultrasonic welding. The cap 10 prevents the plug 12 from moving back from the shield opening 4 such that the nipple 5 is securely held within the shield 3.

The lateral openings 6a, 6b are dimensioned such that a pin having a circular cross section and a diameter D of 14 mm may be passed therethrough in accordance with the representation of FIG. 1, i.e., in one of the four "corner" regions each, for instance 3a, of the shield 3, between the central shield part 8, the shield frame part 7 and its respective indentation 9.

In general, the lateral openings 6a, 6b in the sense of the longitudinal axis, for instance, have dimensions L ranging from 10 mm to 30 mm, preferably 15 mm to 20 mm, and transverse thereto, have widths or heights H from about 15 mm to 35 mm, preferably 20 mm to 30 mm.

What I claim is:

1. In a pacifier arrangement of the type including a generally lemniscate-shaped shield having two longer shield sides and two shorter shield sides and a central shield opening, retractions provided on said two longer shield sides in a middle thereof, and a nipple fastened in said central opening of said shield, the improvement wherein said shield comprises but one lateral opening each provided on one side of said central shield opening and reaching as far as to an edge of said shield while leaving a first shield frame part on one side of said central opening and a second shield frame part on the other side of said central opening.

US 6,514,275 B2

5

2. A pacifier arrangement as set forth in claim 1, wherein said first and second shield frame parts on said two shorter shield sides each comprise an indentation.

3. A pacifier arrangement as set forth in claim 2, wherein said indentation is located in the middle of each respective shorter shield side.

4. A pacifier arrangement as set forth in claim 1, further comprising a central circular shield part including said central shield opening for said nipple, and wherein said first and second shield frame parts join said central circular shield part in one piece.

5. A pacifier arrangement as set forth in claim 1, wherein each of said first and second shield frame parts has an approximately U-shaped cross sectional profile.

6. A pacifier arrangement as set forth in claim 1, wherein each of said first and second shield frame parts has an approximately C-shaped cross sectional profile.

7. A pacifier arrangement as set forth in claim 6, wherein said C-shaped cross sectional profile has a rounded web side oriented in the direction of the nipple.

8. A pacifier arrangement as set forth in claim 1, wherein said lateral opening, in a direction parallel to said longer

6

shield sides, has a length of about 10 mm to 30 mm and, transverse thereto, has a width of about 15 mm to 35 mm.

9. A pacifier arrangement as set forth in claim 1, wherein said lateral opening, in a direction parallel to said longer shield sides, has a length of about 15 mm to 20 mm and, transverse thereto, has a width of about 20 mm to 30 mm.

10. A pacifier arrangement as set forth in claim 1, wherein said lateral opening has a clear width of at least 14 mm over its entire periphery.

11. A pacifier arrangement as set forth in claim 1, further comprising an end bead provided on said nipple and a wedge-shaped plug inserted in said central shield opening to fasten said nipple to said shield in said central shield opening.

12. A pacifier arrangement as set forth in claim 11, further comprising a cap fastened to said shield to cover said plug and said end bead of said nipple.

13. A pacifier shield to be used in the pacifier arrangement set forth in claim 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 or 12.

* * * * *

# EXHIBIT
# 3



# EXHIBIT
# 4



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAM BABYARTIKEL GMBH )
     a Company organized and )
     existing under the laws of Austria, )
      )
and )
      )
BAMED AG )
     a Company organized and )
     existing under the laws of )
     Switzerland, )
      )
          Plaintiffs, )
      )
          v. )     C.A. No. ~ 0 7 ~ 6 0 8 ~
      )
LUV N' CARE, LTD., )
     a Louisiana Corporation, )
      )
and )
      )
MUNCHKIN, INC. )
     a Delaware Corporation, )
      )
          Defendants. )

**FED. R. CIV. P. 7.1(a) DISCLOSURE OF PLAINTIFFS
MAM BABYARTIKEL GMBH AND BAMED AG**

I, the undersigned counsel for Plaintiffs MAM Babyartikel GmbH ("MAM

Babyartikel") and Bamed AG ("Bamed"), hereby certify the pursuant to Fed. R. Civ. P.

7.1(a). To the best of my knowledge and belief, Röhrig Privatstiftung, a private

foundation, owns an interest in MAM Babyartikel. To the best of my knowledge and

belief, Bamed GmbH is the only corporate entity owning an interest in Bamed.

YOUNG CONAWAY STARGATT &
TAYLOR LLP

_____
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for MAM Babyartikel GmbH and*
*Bamed AG*

OF COUNSEL:

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

Dated: October 4, 2007

JS 44 (Rev. 12/96)

**CIVIL COVER SHEET**

: 07 - 6 0 8 -

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MAM BABYARTIKEL GMBH, and BAMED AG | LUV N' CARE LTD., and MUNCHKIN, INC. |

| (b) | COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|---|

| (c) | ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|---|
| | Adam W. Poff (No. 3990) YOUNG CONAWAY STARGATT & TAYLOR, LLP 11th Floor, Rodney Square North P.O. Box 391 Wilmington, Delaware 19899-0391 (302) 571-6600 | |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF DEF | | PTF DEF |
|---|---|---|---|
| Citizen of This State | ☐1 ☐1 | Incorporated or Principal Place of Business in This State | ☐4 ☐4 |
| Citizen of Another State | ☐2 ☐2 | Incorporated and Principal Place of Business in This State | ☐5 ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 ☐3 | Foreign Nation | ☐6 ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

Transferred from

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers Liability | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 160 Stockholders' Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | | ☐ 550 Other | | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | | | | |
| ☐ 245 Tort Product Liability | | | | | |
| ☐ 290 All Other Real Property | | | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

35 U.S.C. § 101 et seq.

Claims for patent infringement

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ YES ☒ NO ☐ UNDER F.R.C.P. 23 | DEMAND $ | Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

## VIII. RELATED CASE(S) (See instructions) IF ANY

JUDGE: _____    DOCKET NUMBER: _____

DATE  10/4/07    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse
(Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a)    **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

        (b)    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

        (c)    **Attorneys.** Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT
# C

Registered No. RE 038 531 405 US

Date Stamp

Reg. Fee 4.50

Handling Charge

Return Receipt 2.15

Postage 1.99

Restricted Delivery

Received by

*[Postmark: WILMINGTON DE 19801 OCT 10 2007 USPS]*

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

Customer Must Declare Full Value $

☐ With Postal Insurance
☐ Without Postal Insurance

To Be Completed By Post Office

RE 038 531 405 US

FROM Lexie Axsom, Young Conaway Stargatt & Taylor
The Brandywine Bldg
1000, W. St. 17m Fl, Wilm DE 19801

TO LUV N' CARE LTD.
3030 Aurora Avenue
Monroe, Louisiana 71201

To Be Completed By Customer (Please Print) All Entries Must Be In Ballpoint or Typed

PS Form 3806, **Receipt for Registered Mail**    Copy 1 - Customer
May 2004 (7530-02-000-9051)    (See Information on Reverse)
For domestic delivery information, visit our website at *www.usps.com* ®

**Declaration of Value:** *You must declare the full value* of all Registered Mail™ articles at the time of mailing, whether you want to purchase insurance or not.

**With Postal Insurance:** You can purchase postal insurance against loss or damage by paying the appropriate fee.

**Without Postal Insurance:** You can also send an article by Registered Mail without purchasing postal insurance by paying the appropriate fee. No indemnity is paid for uninsured articles.

**Indemnity Coverage:**

Domestic - Indemnity coverage for domestic Registered Mail is limited to the lesser of (1) the declared value of the articles; (2) the cost of repairs; or (3) the value of the articles at the time of mailing. For additional information about insurance limits and coverage, see *Domestic Mail Manual* S010 and S911 at www.usps.com² or ask your local postmaster.

International - Indemnity coverage for international Registered Mail is limited to the maximum set by the Convention of the Universal Postal Union. Ask your postmaster and see the *International Mail Manual* at any post office or at www.usps.com for limitations of coverage and individual country prohibitions and restrictions.

**How to File a Claim:**

Domestic - For complete or partial loss or damage present (1) this receipt; (2) the article, container, and packaging; and, (3) evidence to substantiate your claim. Please allow at least 30 days after filing to inquire about the status of your claim.

Claims for loss must be filed within 180 days of the date the article was mailed. Make claims for complete or partial loss of contents, damage, or alleged rifling immediately, but no later than 60 days from the date of mailing.

International - Claims for loss must be filed within six months of the date the article was mailed. Claims for damage and complete or partial loss of contents, must be filed immediately. The article, contents, and packaging must be presented to the destination post office.

PS Form 3806, May 2004, (Customer Copy - Reverse)

Save this receipt for Registered Mail claims and inquiries

# EXHIBIT D

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LUV N' CARE, LTD.
3030 Aurora Avenue
Monroe, Louisiana
71201

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
JOSEPH HAKIM              10/29/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☒ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)         ☐ Yes

2. Article Number
   (Transfer from service label)   RE 110 88 581 40 US

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4 in this box °

Lexie Axsom
Young. Conaway. Stargatt & Taylor
The Brandywine Bldg
1000 West St., 17th Floor
Wilmington, De 19801