IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAM BABY ARTIKEL GMBH, and BAMED AG | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.07-608 *** - MPT ) |
| LUV N' CARE, LTD., and MUNCHKIN, INC. | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT LUV N' CARE, LTD.'S MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER OR ALTERNATELY, DISMISS FOR LACK OF PERSONAL
JURISDICTION AND IMPROPER VENUE**

Defendant Luv n' care, Ltd. ("Luv n' care" or "LNC") files this memorandum in support of its motion to transfer the present action to the Eastern District of Texas or in the alternative to dismiss plaintiff's suit for lack of personal jurisdiction and improper venue.

STATEMENT OF FACTS

Plaintiffs are MAM BABY ARTIKEL GMBH and BAMED AG. Defendants are LUV N' CARE, LTD. and MUNCHKIN, INC.

On October 4, 2007, plaintiffs sued defendants for alleged patent infringement in the U.S. District Court for the District of Delaware.

There is a prior declaratory judgment action filed by Luv n' care in Texas against Bamed which is pending on the identical subject matter; namely, the same accused products and the same patents. Luv n' care, Ltd. filed its declaratory judgment suit against Bamed on December 1, 2006 in the U.S. District Court for the Eastern District of Texas, Sherman Division. (*See* Ex. 1 – Docket Sheet). The Texas case is thus, the first-filed suit, with the present suit in Delaware being a subsequent, second-filed action.

1

In the Texas suit, service was completed on October 26, 2007. The time required for service of the Texas action was extensive due to the need for international service of service on Bamed under the Hague convention, since Bamed is a foreign corporation. Initially, negotiations were ongoing between the parties and settlement was expected. However, when settlement negotiations made insufficient progress, efforts were commenced to serve Bamed under the Hague Convention in Switzerland. To comport with the requirements for service under that convention, the documents were translated into Swiss since Bamed is a Swiss corporation with a principal place of business in Switzerland, and service was attempted via appropriate channels. Luv n' care was then notified by the applicable authorities that the particular area of Switzerland in question required that the legal documents be translated into German. As a result, a new translation had to be obtained and reissued, after which service was completed.

In this Delaware suit, plaintiffs assert that LNC is the manufacturer of an item that allegedly infringes its patents. The only allegation that plaintiffs rely on for personal jurisdiction over LNC is that LNC allegedly "sells products, including the [allegedly] infringing product, in the State of Delaware, thereby availing itself of the protection and benefits of the laws of the State of Delaware."

In truth and fact, LNC does not directly sell the accused product in Delaware, nor does it have any contacts with the State of Delaware. It does not now have nor has it ever had an office or place of business in the State of Delaware, is not a Delaware corporation, has no office, telephone or bank account in the State of Delaware, and does not maintain any employees in the State of Delaware. It is a Louisiana corporation, domiciled in Monroe, Louisiana, which is not held out to the public as doing business in the State of Delaware, and is not qualified with the Secretary of State's office of Delaware for doing business in the State. Luv n' care does not

have a designated agent for the receipt of service of process in the State of Delaware, does not pay taxes in the State of Delaware, does not advertise its product in any periodicals or magazines in the State of Delaware, and does not do any telemarketing to any residences or businesses in the State of Delaware.  (*See* Ex. 2 - Declaration of LNC by Joseph H. Hakim, attached hereto).

Nor does Luv n' care directly sell the alleged infringing product (or any other product) to any vendor or distributor in the State of Delaware.  Luv n' care merely sells to a distribution center of Wal-Mart in the State of Arkansas, which in turn distributes Wal-Mart's products throughout the United States.  *Id.*  There is no direct shipment by Luv n' care of any accused products to this State.  Therefore, there is no personal jurisdiction over Luv n' care in Delaware, as further discussed below.

ARGUMENT

I.  THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS UNDER THE FIRST-TO-FILE RULE.

If an action is filed in an improper judicial district, the Court may dismiss the action upon timely objection or, in the interest of justice, may transfer the case to a district where the action could have been brought.  *See* 28 U.S.C. § 1406(a).  Here, it is respectfully requested that the Court transfer the present case to the Eastern District of Texas under the "first to file" rule, since suit was already filed by Luv n' care against Bamed AG on December 1, 2006 on the same products and patents.  Accordingly, the present action in Delaware can and should be consolidated with the earlier declaratory judgment suit in Texas.

It is well settled that the first-filed action is preferred, even if it is declaratory.  *See Electronics for Imaging, Inc., v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005); *Genentech, Inc. v. Eli Lilly & Co., et seq.*, 998 F. 2d 931 (Fed. Cir. 1993); *Serco Services Co., LP v. Kelley Co., Inc.*, 51

3

F. 3d 1037 (Fed. Cir. 1995). The declaratory judgment action allows a party "who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side". *Electronics for Imaging,* 394 F.3d at 1345. Before the Declaratory Judgment Act, a competitor was rendered helpless by allegations of a patent holder, and was forced to await the patent holder's decision to sue before it could obtain resolution of its rights. *Id.* at 1346. "After the Act, those competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the conflict of interests". *Id.* Such a declaratory suit is particularly important where the allegations cast a cloud over the competitor's business and where the competitor has indicated confidence in its invalidity defense against the patent holder's meritless allegations, as is the case here. *Id.* at 1347.

Other factors of relevance are the convenience and availability of the witnesses, and the possibility of consolidation with related litigation, both of which favor transfer here. *Id.* at 1348. As the Supreme Court has indicated, the convenience to the defendant – not to the plaintiff – must be considered in determining proper venue. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979). LNC is located in northeast Louisiana and is in close proximity to the Eastern District of Texas which is located in Marshall, Texas. In contrast, traveling to the State of Delaware would cause significant inconvenience, with the travel and transfer of all of Luv n' care's witnesses and records halfway across the country.

Consolidation with related litigation in Texas, in contrast, will fully allow all relevant issues to be heard by a sister court of competent jurisdiction. Should this Court not wish to dismiss plaintiffs' case here as discussed below, it can simply transfer that portion of the case

involving plaintiffs and LNC to the Eastern District of Texas where venue is not only proper, but where the suit for declaratory action was filed well in advance of the present suit. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

    II.       THERE IS NO PERSONAL JURISDICTION OVER LNC IN DELAWARE.

In general, federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Under minimum-contacts analysis, the Court must determine whether the nonresident defendant has purposefully availed itself of the benefits and protections of the forum state by conducting activities within the forum state. *See Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109 (1987); *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). In measuring minimum contacts, the Court should consider the following: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *See Bell Paper Box*, 22 F.3d at 819. Minimum contacts are not established unless the Court finds it has either specific or general jurisdiction over the defendant. *See Vetrotex CertainTeed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 150-51 (3rd Cir. 1996); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993).

The Court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were "purposefully directed" to the forum state and the

litigation resulted from alleged damage that "arises out of" or "relates to" those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Here, the Court does not have specific jurisdiction over LNC because plaintiffs' cause of action does not arise from or relate to any contacts of LNC with the State of Delaware. As discussed in the annexed declaration, LNC does not have contacts with the State of Delaware.

Furthermore, LNC did not purposefully direct its activities to this State. LNC did not ship or send any of the accused products to Delaware, and no other contacts are alleged which would subject it to jurisdiction in this State.

The only connection alleged with Delaware is that LNC's products are sold there. However, those products are sold by an independent third party which is not under Luv n' care's control. Luv n' care sold its products to Wal-Mart in Arkansas, and it was Wal-Mart which apparently chose to sell the accused products in Delaware.

In other words, Luv n'care introduced its products into the stream of commerce in <u>another</u> state, and engaged in no activities in <u>this</u> state. But the mere placement of products into the stream of commerce somewhere else is not enough to establish minimum contacts in Delaware. *Monsanto Company, v. Syngenta Seeds, Inc.*, 443 F.Supp.2d 636, 646 (D. Del. 2006).

As the plurality opinion of Justice O'Connor recognized in *Asahi,* exercising jurisdiction because products are introduced into the stream of commerce, without more, exceeds due process. *Asahi,* 480 U.S. at 113-116. That analysis, which has been come to be known as the "stream of commerce plus test", is constitutionally necessary to show that a defendant has purposefully availed itself of the benefits of doing business in that state, or in other words, that a choice to do business in that state was made by the defendant -- not by a third party.

The Due Process Clause requires that the defendant be the one to make that choice because of obvious reasons of notice and anticipation, which are absent when the defendant does not itself engage in any direct contacts with the forum state. Exercising jurisdiction in one part of the country merely because a defendant introduced a product into the stream of commerce <u>somewhere else</u> proves too much in the modern business world. Considering the speed with which products move and the advent of the worldwide Internet, it would mean that any manufacturer must submit to jurisdiction in any forum anywhere, no matter how far flung. It would mean that a defendant could be sued <u>anywhere</u> that <u>anyone</u> down the distribution chain chose to act, even though the defendant had no contacts with that subsequent locale.

In contrast, the "stream of commerce plus test" recognizes that "minimum contact jurisdiction is based on the reciprocal relationship of mutual obligations and benefits as between the defendant and the forum". *See* Diane S. Kaplan, *Paddling Up the Wrong Stream, Why the Stream of Commerce Theory is Not Part of the Minimum Contacts Doctrine,* 55 Baylor L. Rev., 503, 579 (2003). Requiring minimum contacts that the defendant has itself established with the state performs two related functions. "It protects a defendant against the burden of litigating in a distant or inconvenient forum, and it also acts to ensure that the states, through their Courts, do not reach out beyond the limits imposed on them by their status as co-equal sovereigns in a Federal system." *See World-Wide Volkswagen*, 444 U.S. at 291-292. Only the "stream of commerce plus test" adequately performs both of these functions. It allows a defendant to reasonably anticipate where it will be subject to suit, by choosing where to establish and where to not establish contacts.

The weaker "stream of commerce test" on the other hand, would allow states to act outside their boundaries of state sovereignty and permit a state to assert jurisdiction over any

7

person in the country whose product is sold in that state, which destroys the notion of individual sovereignties inherent in our system of federalism. *See Lesnick v. Hollingsworth & Voseco*, 35 F. 3d 939, 945 (4th Cir. 1994). The weaker test allows defendants to be subject to jurisdiction due to the actions of others which they cannot control.

Moreover, the stream of commerce 'forcibility' test also fails miserably when we are talking about the era of the Internet. Consider any company that advertises on its website but only sells directly through locations within state A (and not State B). Even though the company does not sell in state B, residents of state B may access the company's website in State B, and then cross state lines and buy products from the company in state A. Though the company chose to sell in State A only, under the "stream of commerce test", it is unclear whether state B would have jurisdiction as Courts would naturally consider such issues as the dollar value of the products taken to state B, the volume of the products taken to state B, and whether or not the company had knowledge regarding where its purchases might take place, and so forth. The "stream of commerce plus test" by contrast, establishes a brighter, more predictable, line based on activities purposefully directed at the other state such as having a sales agent located in state B, and/or advertising directed toward state B, and/or sending personnel to state B to repair products. The absence of any contacts with State B, would fairly subject the company to jurisdiction in State A only, comporting with the manner in which it chose to structure its activities.

Thus the "stream of commerce plus test" fully complies with the principles of federalism by requiring a defendant to take an action specifically directed toward the forum state, thus upholding the unique jurisdiction of each state. *See* Andrew K. Spalding, Note: *In the Stream of Commerce Clause, Revisiting Asahi in the Wake of Lopez and Morrison*, 4 Nevada L.J. 141, 162

(2003). It does not rely on "open ended and discretionary jurisdictional standards". *See* Robert J. Condlin, *"Defendant Veto" or "Totality of the Circumstances"? It's Time for the Supreme Court to Straighten out the Personal Jurisdiction Standard Once Again*, 54 Cath. U.L. Rev. 53, 499 (2004). Additionally, it points to objective measurements to decide whether defendant purposefully availed itself of the forum state, by looking at whether the defendant established an office in the forum state, or advertised in the forum state, or so forth.

Here, absent any such contacts, the Court's assumption of jurisdiction over LNC and its property will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of the Due Process Clause. *See Int'l Shoe*, 326 U.S. at 316. Therefore, this Court should decline to exercise jurisdiction over LNC for the reasons stated hereinabove, and as a prior decision in this district has recognized. *See Monsanto*.

It should be further pointed out that this Court's assumption of jurisdiction over LNC and its property will place an extraordinary burden on LNC because none of its records, files or witnesses are located in or near the forum state. Thus, this Court's assumption of jurisdiction over LNC will allow plaintiffs to prosecute this suit in the forum state even though they can obtain similar relief by responding to the complaint filed by LNC in the Eastern District of Texas, in the matter captioned *Luv n' care, Ltd. vs. Bamed AG,* U.S. District Court for the Eastern District of Texas, Sherman Division, Civil Action 4:06cv486. Moreover, this will allow the parties to resolve this dispute more efficiently in another forum closer in proximity to LNC in the case filed months before the instant action filed herein by plaintiffs.

## CONCLUSION

WHEREFORE, for the foregoing reasons, LNC respectfully requests that this Court transfer the suit involving plaintiffs and LNC to the Eastern District of Texas, or in the alternative, dismiss plaintiffs' suit against LNC for lack of proper venue.

Alternatively, it is respectfully submitted that this case should be dismissed for lack of personal jurisdiction. Luv n' care's sales of product to Wal-Mart in the State of Arkansas, without any further contacts with Delaware, does not comply with the constitutional requirements of due process.

Dated: December 31, 2007                                    Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

Of Counsel:

Joe D. Guerriero, Esq.
Luv n' care, Ltd. General Counsel
3030 Aurora Avenue
Monroe, Louisiana 71201
Telephone:    (318) 338-3603
Facsimile:    (318) 388-5892
Email: joed@luvncare.com

Morris E. Cohen, Esq.
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue
Suites 216-217
Brooklyn, New York 11230
Telephone:    (718) 859-8009
Facsimile:    (718) 859-3044
Email: mcohen@ipcases.com

Attorneys for Luv n' care, Ltd.

CASREF, JURY, PATENT, STAGE1

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Sherman)
### CIVIL DOCKET FOR CASE #: 4:06-cv-00486-MHS-DDB

| | |
|---|---|
| Luv N' Care, LTD. v. Bamed AG | Date Filed: 12/01/2006 |
| Assigned to: Judge Michael H. Schneider | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Don D. Bush | Nature of Suit: 830 Patent |
| Cause: 35:145 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Luv N' Care, LTD.** | represented by | **Morris E Cohen**<br>Law Office of Morris E Cohen, PC<br>1122 Coney Island Ave.<br>Ste 216-217<br>Brooklyn, NY 11230<br>718/859-8009<br>Fax: 718/859-3044<br>Email: mcohen@ipcases.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Joe D Guerriero**<br>Joe D. Guerriero<br>Luv N' Care Ltd<br>3030 Aurora Ave<br>Monroe, LA 71201<br>318-338-3603<br>Fax: 318-388-5892<br>Email: joed@luvncare.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

**Bamed AG**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2006 | [1](#) | COMPLAINT with Jury Demand against Bamed AG (Filing fee $ 350. Receipt #4-1-1332), filed by Luv N' Care, LTD. (Attachments: # [1](#) Civil Cover Sheet)(ttm, ) (Entered: 12/04/2006) |
| 12/01/2006 | [2](#) | CORPORATE DISCLOSURE STATEMENT filed by Luv N' Care, LTD. (ttm, ) (Entered: 12/04/2006) |
| 12/05/2006 | [3](#) | CASE REFERRED to Magistrate Judge Don D. Bush pursuant to |

| | | |
|---|---|---|
| | | Standing Order. (ttm, ) (Entered: 12/05/2006) |
| 12/05/2006 | 4 | Magistrate Consent Form emailed to attorney for Luv N' Care, LTD with (Attachments: # 1 Notice of Case Assignment form) (ttm, ) (Entered: 12/05/2006) |
| 12/05/2006 | 5 | Form mailed to Commissioner of Patents and Trademarks with copy of complaint. (ttm, ) (Entered: 12/05/2006) |
| 04/24/2007 | | Notified Attorney, Joe D Guerriero, Per GO 04-12, this court no longer accepts pleadings in paper form. The Clerk will no longer mail or fax notices or orders to parties. All notices and orders generated by this court shall be sent electronically. (mailed original pleading back to attorney is SASE) (ttm, ) (Entered: 04/24/2007) |
| 04/24/2007 | 6 | MOTION Extension of time to have summons issued and served. by Luv N' Care, LTD. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) Additional attachment(s) added on 4/24/2007 (ttm, ). (Entered: 04/24/2007) |
| 07/06/2007 | 7 | ORDER granting 6 Motion extension of time for 90 days from the date of this Order to obtain summons and make service on Dft Bamed AG. Signed by Judge Don D. Bush on 75/07. (ttm, ) (Entered: 07/06/2007) |
| 07/26/2007 | 8 | E-GOV SEALED SUMMONS Issued as to Bamed AG and emailed to attorney for service. (ttm, ) (Entered: 07/26/2007) |
| 10/04/2007 | 9 | MOTION for Extension of Time to File *Service* by Luv N' Care, LTD.. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) (Entered: 10/04/2007) |
| 11/06/2007 | 10 | Supplemental MOTION Extension of Time *for making service upon Defendant* by Luv N' Care, LTD.. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) (Entered: 11/06/2007) |
| 11/09/2007 | 11 | ORDER granting 9 Motion for Extension of Time to File, granting 10 Supplemental Motion for extension of time to obtain summons and make service upon Defendant Bamed AG. IT IS ORDERED that Luv n' care, Ltd. be GRANTED thirty days from date of this order within which to obtain summons and make service upon Defendant Bamed AG. . Signed by Judge Don D. Bush on 11/09/07. (lhj, ) (Entered: 11/09/2007) |
| 11/26/2007 | 12 | E-GOV SEALED SUMMONS Returned Executed by Luv N' Care, LTD. Bamed AG served c/o Nicklaus Schertenleib on 10/26/2007, answer due 11/15/2007. (kls, ) (Entered: 11/28/2007) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 12/31/2007 13:57:14 |

| PACER | | |
|---|---|---|

| Login: | df0173 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 4:06-cv-00486-MHS-DDB |
| Billable Pages: | 2 | Cost: | 0.16 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABY ARTIKEL GMBH, and<br>BAMED AG | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No.:   07-608 |
| LUV N' CARE, LTD., and<br>MUNCHKIN, INC. | )<br>)<br>) | |
| Defendants. | )<br>) | |

## DECLARATION

Joseph H. Hakim hereby declares the following under penalty of perjury of the United States:

I am the President of Luv n' care, Ltd., and as such, am familiar with its products and the distribution of its products.

Luv n' care, Ltd. does not now have nor has it ever had an office or place of business in the State of Delaware; Luv n' care, Ltd. is not a Delaware corporation; it has no office, telephone or bank account in the State of Delaware; and it does not maintain any employees in the State of Delaware. It is a Louisiana corporation, domiciled in Monroe, Louisiana, which is not held out to the public as doing business in the State of Delaware nor qualified with the Secretary of State's office of Delaware for doing business in the State; furthermore, Luv n' care, Ltd. does not have a designated agent for the receipt of services of process in the State of Delaware, does not pay taxes in the State of Delaware, does not advertise its product in any periodicals or magazines in the State of Delaware, and does not do any telemarketing to any residences or businesses in the State of Delaware.

There is, in fact, a suit pending in the Eastern District Federal Court for the State of Texas for a Declaratory Judgment concerning the alleged infringement by Luv n' care, Ltd. involving BAMED AG.

Beside being a Louisiana corporation, and having its principal place of business located in Monroe, Louisiana, Luv n' care is only approximately 125 miles from the Federal Court for the Eastern District State of Texas; all of its employees are located within the State of Louisiana, it is qualified with the Secretary of State for Louisiana to do business within the State of Louisiana, its designated agent for services of process is in the State of Louisiana, all of its books and records are in the State of Louisiana including all sales records, all of its designs for products including the alleged infringing product were designed and made in the State of Louisiana by persons located in the State of Louisiana, and all of its officers of its corporation are located within the State of Louisiana.

Luv n' care sells product to Wal-Mart's warehouse which is located in the State of Arkansas who distributes to various locations throughout the United States.

In view of the circumstances, I believe that it would be unfair as well as overly burdensome to require Luv n' care it to defend a case in the State of Delaware.

Dated: December 31, 2007  
      Monroe, Louisiana

LUV N' CARE, LTD.

BY: _____  
JOSEPH H. HAKIM, President