IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH,<br>a Company organized and<br>existing under the laws of Austria,<br><br>and<br><br>BAMED AG,<br>a Company organized and<br>existing under the laws of<br>Switzerland,<br><br>        Plaintiffs,<br><br>    v.<br><br>LUV N' CARE, LTD.,<br>a Louisiana Corporation,<br><br>and<br><br>MUNCHKIN, INC.,<br>a Delaware Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-608-*** |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT LUV N'
CARE'S MOTION TO TRANSFER OR IN THE ALTERNATIVE, DISMISS FOR LACK
OF JURISDICTION AND IMPROPER VENUE**

|  |  |
|---|---|
| OF COUNSEL<br>GREENBLUM & BERNSTEIN, P.L.C.<br>Neil F. Greenblum<br>Michael J. Fink<br>P. Branko Pejic<br>1950 Roland Clarke Place<br>Reston, VA 20191<br>(703) 716-1191 | YOUNG CONAWAY STARGATT &<br>    TAYLOR, LLP<br>Adam W. Poff (No. 3990)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19899<br>Tel: (302) 571-6600<br>Fax: (302) 571-1253<br><br>*Attorneys for Plaintiffs MAM and Bamed* |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... iii

I.     Introduction ................................................................................................... 1

II.    Nature and Stage of Proceedings ................................................................. 1

III.   Summary of Argument .................................................................................. 2

IV.    Argument ....................................................................................................... 4

       A.    The sale of infringing Luv n' care products in Delaware
             subjects Luv n' care to personal jurisdiction in this District ............... 4

             1.    Exercising personal jurisdiction over Luv n' care
                   does not violate Due Process because Luv n' care's
                   products were sold in this District ........................................... 4

             2.    Exercising personal jurisdiction over Luv n' care does
                   not offend traditional notions of fair play and substantial justice ......... 6

       B.    Luv n' care improperly filed and concealed the Texas DJ
             complaint, and these "compelling circumstances" dictate
             that Luv n' care should not be entitled to claim first filed status ...................... 7

             1.    Luv n' care filed the preemptive Texas DJ action for
                   improper purposes .................................................................. 8

             2.    Necessary and indispensable party MAM is absent from
                   the Texas DJ action and, like Bamed, not subject to
                   personal jurisdiction in the Eastern District of Texas ..................... 11

       C.    This Delaware action should proceed as it promotes the
             interest of judicial economy ................................................................ 12

V.     Conclusion .................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**Cases**

*Amerada Petroleum Corp. v. Marshall,*
   381 F.2d 661 (5th Cir. 1967) ........................................................................................ 8

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,*
   21 F.3d 1558 (Fed. Cir. 1994)) .................................................................................. 5, 6, 7

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985)......................................................................................................... 6

*Chapa v. Mitchell,*
   2005 WL 2978396 (W.D. Tex. 2005).......................................................................... 7, 8

*Decor Grates, Inc. v. Fararo,*
   1995 WL 489545 (N.D. Ill. 1995). .................................................................................. 6

*Genetech, Inc. v. Eli Lilli & Co.,*
   998 F.2d 931 (Fed. Cir. 1993)) ....................................................................................... 8

*Hanson Pipe & Prods., Inc. v. Bridge Tech., LLC,*
   351 F.Supp.2d 603 (E.D. Tex. 2004)............................................................................ 11

*Igloo Prods. Corp. v. The Mounties, Inc.,*
   735 F.Supp. 214 (S.D. Tex. 1990))................................................................................. 7

*Independent Wireless Telegraph Co. v. Radio Corp. of America,*
   269 U.S. 459 (1926)) ..................................................................................................... 11

*Intel Corp. v. Broadcom Corp.,*
   167 F.Supp.2d 692 (D. Del. 2001)............................................................................... 6, 7

*International Shoe Co. v. Washington,*
   326 U.S. 310 (1945)....................................................................................................... 11

*Joint Stock Soc. Trade House of Descendants of Peter Smirnoff,*
   936 F.Supp. 177 (D. Del. 1996)...................................................................................... 7

*Luv n' care, Ltd. v. Babelito, S.A.,*
   306 F.Supp.2d 468 (S.D.N.Y. 2004)............................................................................... 6

*Luv n' care, Ltd. v. Insta-Mix, Inc.,*
   438 F.3d 465 (5th Cir. 2006) ...................................................................................... 5, 6

DB02:6512719.1                                                                                              066757.1001

*Mann Mfg., Inc. v. Hortex, Inc.*,
   439 F.2d 403 (5th Cir. 1971) ..................................................................................................... 7

*Motorola, Inc. v. PC-Tel, Inc.*,
   58 F.Supp.2d 349 (D. Del. 1999) ......................................................................................... 5, 6, 7

*Schwarz Pharma, Inc. v. Paddock Labs., Inc.*,
   504 F.3d 1371 (Fed. Cir. 2007) ........................................................................................... 11, 12

*Texas Instruments v. Micron Semiconductor*,
   815 F.Supp. 994 (E.D. Tex. 1993) .......................................................................................... 13

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*,
   157 F.R.D. 215 (D. Del. 1993)) .................................................................................................. 7

DB02:6512719.1                                        066757.1001

## I.    Introduction

Defendant Luv n' care, Ltd.'s ("Luv n' care") motion to dismiss should be denied because there is no dispute that accused Luv n' care products have been sold in this District. Luv n' care's motion to transfer should, likewise, be denied. Luv n' care improperly engaged in forum shopping by filing a preemptive declaratory judgment action in Texas ("the Texas DJ action") after inducing Plaintiffs to negotiate for a potential license, or design change, to resolve the dispute. Moreover, Luv n' care, as an "international corporation," would not face a "unique or unusual burden" by litigating in Delaware, such that personal jurisdiction and venue in this District are proper. For at least these reasons, Plaintiffs assert that Luv n' care's present motion should be denied.

## II.    Nature and Stage of Proceedings

There are two pending actions at-issue: the instant Delaware action and Luv n' care's Texas DJ action.

Plaintiffs MAM Babyartikel, GmbH ("MAM") and Bamed AG ("Bamed") (collectively "Plaintiffs") filed the present action ("the Delaware action"), on October 4, 2007, asserting infringement of United States Patent No. 6,514,275[1] ("the '275 patent") and United States Patent No. D441,083[2] ("the '083 design patent") against defendants Luv n' care and Munchkin, Inc. ("Munchkin"). Plaintiffs' complaint was immediately served on defendants, with Luv n' care being served on October 5, 2007. Munchkin has answered acknowledging jurisdiction and venue, while Luv n' care has moved to dismiss based upon jurisdiction and the so-called "first filed" Texas DJ action.

---

[1]    The '275 Bamed patent is assigned to Plaintiff Bamed AG.

[2]    The MAM '083 design patent is assigned to Plaintiff MAM Babyartikel, GmbH.

The Texas DJ action is a preemptive declaratory judgment suit that was improperly filed on December 1, 2006, after Luv n' care induced Bamed to negotiate with respect to the instant patent dispute. The Texas DJ complaint, however, was not served until eleven (11) months later on October 26, 2007, which is three weeks after the complaint in the instant action was served on Luv n' care. Luv n' care's Texas DJ action seeks a declaratory judgment of noninfringement, invalidity and/or unenforceability of the '275 patent and the '083 design patent. Luv n' care has failed to name necessary and indispensable party MAM to the Texas DJ action, naming only Bamed as a party.

Bamed has moved to dismiss the Texas DJ action because Bamed is not subject to personal jurisdiction in the Eastern District of Texas, and for Luv n' care's failure to join a necessary and indispensable party; namely MAM, the owner of the '083 design patent. Bamed has also moved to dismiss the Texas DJ action on the grounds that Luv n' care improperly filed a preemptive declaratory judgment action, after inducing Bamed to negotiate; and because Luv n' care improperly concealed the pending DJ action and did not serve the complaint for eleven (11) months.

### III.    Summary of Argument

1.    Luv n' care's motion to dismiss should be denied. Luv n' care does not dispute that its products, the subject of the present patent infringement action, have been sold in Delaware or that Luv n' care placed these products into the stream of commerce knowing that they would likely reach Delaware. Rather, Luv n' care asserts that it should not be subject to personal jurisdiction in Delaware because the accused products sold in Delaware were not in Luv n' care's "control" at the time of sale. This Court, however, may constitutionally exercise personal jurisdiction over Luv n' care because Luv n' care placed the accused products into the

2

stream of commerce, knowing the likely destination of the products. Direct control over the product in the distribution network is not necessary. As such, Luv n' care's conduct and connections with Delaware are such that Luv n' care should reasonably have anticipated being brought into court here.

2.    Moreover, Luv n' care holds itself out as an international corporation with products in distribution in over 125 countries world-wide, and has filed suit and litigated in the Southern District of New York. Accordingly, properly exercising personal jurisdiction over Luv n' care in this District will not offend "traditional notions of fair play and substantial justice," and litigating in this District will not place a "unique or unusual burden" on Luv n' care. The Court should, therefore, deny Luv n' care's motion to dismiss.

3.    Luv n' care's motion to transfer should, likewise, be denied. Luv n' care ostensively sought negotiations, while secretly filing the purported first filed Texas DJ action to deprive Plaintiffs MAM and Bamed of the right to file suit in a forum of their choosing. However, Bamed is not subject to personal jurisdiction in the Eastern District of Texas, and Luv n' care failed to name necessary and indispensable party MAM who, like Bamed, is not subject to personal jurisdiction, to the Texas DJ action.

4.    Luv n' care also engaged in improper post-filing conduct. Luv n' care concealed the pendency of the Texas DJ action and did not serve the complaint for eleven (11) months. Tellingly, Luv n' care's excuse for failing to timely serve the Texas DJ complaint, namely that the papers were translated into Swiss, is demonstrably false. The complaint was translated into Swedish, and moreover, there is no such language as Swiss.

5.    Under these circumstances, it can hardly be said that the Texas DJ action was the

first filed, and Bamed has sought dismissal of the Texas DJ action based in-part upon Luv n'

care's improper conduct.

6.    Luv n' care's challenge to venue should also be denied.  The instant action

includes a defendant, Munchkin, that has answered.  As such, judicial economy would be served

by litigating the instant patent infringement action in this forum against both Luv n' care and

Munchkin; rather than in duplicate litigations in separate courts.  Any potential inconvenience to

international corporation Luv n' care is far outweighed by the burden on the federal courts of

hearing, and Plaintiffs trying, duplicative actions.

For at least these reasons, Plaintiffs submit that Luv n' care's present motion should be

denied.

**IV.    Argument**

**A.    The sale of infringing Luv n' care products in Delaware subjects Luv n' care to personal jurisdiction in this District**

There is no dispute that Luv n' care's accused products were, and continue to be, sold in

Delaware, such that this Court may constitutionally exercise jurisdiction over Luv' n' care.

Moreover, Luv n' care, a self-professed international corporation, does not face a "unique or

unusual burden" by litigating this action in Delaware  As such, this Court may properly exercise

personal jurisdiction over Luv n' care without offending "traditional notions of fair play and

substantial justice."

**1.    Exercising personal jurisdiction over Luv n' care does not violate Due Process because Luv n' care's products were sold in this District**

Luv n' care asserts that, because its products were ultimately sold by Wal-Mart in

Delaware, Luv n' care does not have "minimum contacts" sufficient to support an exercise of

4

personal jurisdiction by this Court, under the Due Process Clause.  The gravamen of Luv n'

care's argument is that, because it was not in control of the distribution of the accused products,

Luv n' care is not subject to personal jurisdiction in this forum.[3]  Luv n' care, however, does not

dispute that it knew that the accused products would likely be sold in Delaware.

Direct control of the distribution network and ultimate sale is not a requirement for

exercising personal jurisdiction.  *Motorola, Inc. v. PC-Tel, Inc.*, 58 F.Supp.2d 349, 355 (D. Del.

1999)(citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir.

1994)).  Rather,

> all of the necessary ingredients for an exercise of jurisdiction consonant with due
> process [are that] defendants ... placed the accused [product] in the stream of
> commerce, they knew the likely destination of the products, and their conduct and
> connections with the forum state were such that they should reasonably have
> anticipated being brought into court there.

*Motorola, Inc.*, 58 F.Supp.2d at 355 (citing *Beverly Hills Fan*, 21 F.3d at 1566).    That said, "by

contracting with entities that have a market presence both nationally and world-wide [such as

Wal-Mart, Luv n' care] can hardly be heard to complain that it did not know the likely

destination of some of its products would include this forum."  *Id.*  As other District Courts have

observed, "Wal-Mart is well known by businesses and consumers as a nation-wide retail chain.

While [defendant] may not have known the specific number of Wal-Mart stores in [the forum], it

certainly cannot credibly claim that it is was unaware that Wal-Mart does business there.

---

[3]     Plaintiffs find it interesting that Luv n' care has recently argued, and the Fifth Circuit
held, that the "stream of commerce test" is the proper test for exercising personal jurisdiction on
identical facts, where Luv n' care was the copyright holder.  *See Luv n' care, Ltd. v. Insta-Mix,
Inc.*, 438 F.3d 465 (5th Cir. 2006).  In that case, the accused product was "sold" to Wal-Mart, and
thereafter distributed throughout the country outside of the defendant's control.  Based upon
these facts, "Luv n' care claims infringement from the same bottle that traveled through the
stream of commerce from Colorado to Louisiana [and that]... This connection between the
allegedly infringing product and the forum state is sufficient to confer personal jurisdiction."  *Id.*,
at 473.

[Defendant] can therefore be said to have known or at least reasonably anticipated that the [products] it sold to Wal-Mart would end up in [the forum], such that [defendant] purposefully availed itself of the benefits of this state." *Decor Grates, Inc. v. Fararo*, 1995 WL 489545 *3 (N.D. Ill. 1995).

Because Luv n' care's products are sold in this District, this Court may constitutionally exercise personal jurisdiction over Luv n' care. *Intel Corp. v. Broadcom Corp.*, 167 F.Supp.2d 692, 705 (D. Del. 2001)(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n. 18, (1985)("even a single act can support jurisdiction" and that jurisdiction "may not be avoided merely because the defendant did not physically enter the forum State.")); *see also Motorola, Inc.*, 58 F.Supp.2d at 355-56; *Beverly Hills Fan*, 21 F.3d at 1564 (finding that the exercise of personal jurisdiction was proper in a case where the "infringer's sole contact with the forum resulted from indirect shipments through the stream of commerce").

### 2. Exercising personal jurisdiction over Luv n' care does not offend traditional notions of fair play and substantial justice

In other litigations, "Luv n' care [has held itself out as] an international corporation based in Monroe, Louisiana." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 468 (5th Cir. 2006). Luv n' care also advertises that it distributes and sells products in "over 125 countries around the world." (Luv n' care web site; Ex. A). Moreover, Luv n' care has voluntarily brought suit in the Southern District of New York. *See, e.g., Luv n' care, Ltd. v. Babelito, S.A.*, 306 F.Supp.2d 468 (S.D.N.Y. 2004). Yet, here Luv n' care asserts that "assumption of jurisdiction over [Luv n' care] and its property will place an extraordinary burden on [Luv n' care] because none of its records, files or witnesses are located in or near the forum state." (Motion to Dismiss, p. 9). Luv n' care's self-serving arguments cannot carry the day. To meet its burden, Luv n' care must "establish that litigating this case in Delaware will pose a 'unique or unusual burden' on [its]

business operations." *Intel Corp.*, 167 F.Supp.2d at 706 (quoting *Joint Stock Soc. Trade House of Descendants of Peter Smirnoff*, 936 F.Supp. 177, 188-89 (D. Del. 1996) and *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993)). This, Luv n' care does not assert. Moreover, Luv n' care is entirely capable of traveling, and distributing and selling its products world-wide; and as illustrated by Luv n' care's recent New York litigation, "the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses." *Intel Corp.*, 167 F.Supp.2d at 706; *see also Motorola, Inc.*, 58 F.Supp.2d at 355; *Beverly Hills Fan*, 21 F.3d at 1569.

Moreover, given Luv n' care's improper actions in surreptitiously filing and concealing the Texas DJ action to deprive Plaintiffs the opportunity to litigate in a forum of their choosing, Luv n' care should not be heard to complain of the purported burden of litigating in this forum.

For the forgoing reasons, the Court should deny Luv n' care's motion to dismiss, and exercise personal jurisdiction over Luv n' care. In the alternative, Plaintiffs request that the Court allow limited discovery for purposes of establishing Luv n' care's continuous and systematic contacts with this District.

  **B.**  **Luv n' care improperly filed and concealed the Texas DJ complaint, and these "compelling circumstances" dictate that Luv n' care should not be entitled to claim first filed status**

While a first-filed action should normally proceed, the Court upon finding "compelling circumstances" may "choose to dismiss the first-filed action allowing instead the second-filed action to proceed." *Chapa v. Mitchell*, 2005 WL 2978396 *2 (W.D. Tex. 2005)(citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971); *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D. Tex. 1990)).

                                

"'Compelling circumstances' exist, *inter alia*, where a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that [it] could file a preemptive lawsuit, *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967), and/or where desirable parties are absent from the first-filed lawsuit, but are present in the second-filed lawsuit." *Chapa*, 2005 WL 2978396 *2 (citing *Genetech, Inc. v. Eli Lilli & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)). Both categories of "compelling circumstances" are present in the Texas DJ action warranting dismissal as asserted in Bamed's Motion to Dismiss the Texas DJ action, which is currently pending before the Texas Court. (Dkt. 13, Texas Docket Sheet; Ex. C).

### 1.    Luv n' care filed the preemptive Texas DJ action for improper purposes

Upon assertion of the patents-in-suit, Luv n' care feigned interest in negotiations, and suggested that involvement of counsel was not necessary. (Hakim November 24, 2006 letter and February 5, 2007 letter; Ex. B). Simultaneously, Luv n' care consulted counsel, and surreptitiously filed the Texas DJ action, but did not serve the complaint for eleven (11) months. (Dkt. 12, Texas Docket Sheet; Ex. C). While Bamed was negotiating in good faith, Luv n' care engaged in a pattern of deceit and inexcusable neglect failing to serve the DJ complaint. A full five (5) months after filing the Texas DJ action and after expiration of the 120 day period for service, Mr. Hakim, CEO of Luv n' care was still actively concealing the Texas DJ action writing that:

> We also believe that it is quite clear that <u>the patents would be declared invalid if litigated in the U.S.</u>
>
> ****
>
> We would withdrawal our objection to [Bamed's] European patent as per our previous agreement and also we would not move to invalidate [Bamed's] US

8

patents ...  <u>Luv n care would simply let [Bamed's US patents] stand here in the</u>
<u>USA rather than moving to invalidate it.</u>

(Hakim April 11, 2007 letter; Ex. D)(emphasis added).  Luv n' care did not seek a summons until

July 6, 2007, eight (8) months after filing the DJ complaint.  At that time, Luv n' care also

requested a first extension to serve the complaint, given that the 120 day period had expired.

Fed.R.Civ.P. 4(m).

Despite citing the Hague Convention as a basis for seeking its first extension and the

passage of eight (8) months within which to prepare the service papers, Luv n' care's first

attempt to serve the DJ complaint failed to comply with the requirements of the Hague

Convention.  <u>Rather than translate the papers into German as required in the Canton (Swiss state)</u>

<u>where Bamed is located, Luv n' care inexplicably translated the DJ complaint into Swedish.</u>

(Verification of Translation; Ex. E).  As such, the Swiss authorities properly returned the

Swedish language DJ complaint to Luv n' care without serving it.

Luv n' care then filed a motion seeking a second extension, on October 4, 2007, the same

day this action was filed.  (Dkt. 9, Texas Docket Sheet; Ex. C).  Luv n' care then compounded its

bad faith by misrepresenting the basis for seeking a second extension.  Luv n' care asserted that

the attempted service was refused because Luv n' care inadvertently translated the DJ complaint

into Swiss, instead of German.  (*Id.*).  Luv n' care attributed this defect to Luv n' care[4] being

unaware that the Hague Convention required German language service papers in the Canton,

where Bamed is located.  (*Id.*).

---

[4]    Luv n' care also asserted, without any supporting documentation, that Process
Forwarding International, a professional process server, was unaware of this requirement, which
is suspect.

9

These statements are simply not credible. Luv n' care had ample time to familiarize itself with the Hague Convention rules, and properly prepare the necessary papers. Moreover, these requirements are readily available, *inter alia*, on the U.S. State Department's web page[5], yet Luv n' care nonetheless translated the complaint into Swedish. (Verification of Translation; Ex. E). But more importantly, there is no such language as Swiss. (Swiss Federal Statistical Office, Language; Ex. F). The official languages of Switzerland are German, French, Italian and Romansh. (*Id.*).

Bamed discovered Luv n' care's bad faith in seeking negotiations as a pretext to gain an improper advantage as a result of Luv n' care's attempted service of the Swedish language DJ complaint. (Peter Röhrig Declaration; Ex. G). Bamed promptly contacted counsel, and filed the present patent infringement action, on October 4, 2007, upon the expiration of the time for Luv n' care to properly effectuate service of the Texas DJ complaint.

After Luv n' care was served, in-house counsel for Luv n' care requested a sixty (60) day extension to respond to the complaint in this action. (Guerriero November 1, 2007 email; Ex. I). Luv n' care then continued its pattern of deception by filing a misleading supplemental motion for a second extension with the Texas Court on November 6, 2007. (Luv n' care supplemental motion; Ex. J). In the supplemental motion, Luv n' care failed to disclose this Delaware action, and the Texas court, without knowledge of Luv n' care's charade or this pending action, retroactively granted Luv n' care's second request for an extension to serve the Texas DJ complaint. (Dkt. 11, Texas Docket Sheet; Ex. C).

---

[5]    *See* U.S. State Department Hague Convention on Service Abroad regulations web page regarding Judicial and Extra-Judicial Documents in Civil and Commercial Matters and the Swiss Official Languages, p. 26; Ex. H.

10

In view of Luv n' care's substantial contacts with this forum and Luv n' care's continuous bad faith throughout the eleven (11) months prior to serving the Texas DJ complaint, the Court should deny Luv n' care's motion to dismiss.

> **2.      Necessary and indispensable party MAM is absent from the Texas DJ action and, like Bamed, not subject to personal jurisdiction in the Eastern District of Texas**

"The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions." *Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, 504 F.3d 1371, 1374 (Fed. Cir. 2007)(citing *Independent Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459, 468 (1926)).

Plaintiff MAM, the owner of the '083 design patent and a necessary and indispensable party, is a party to this action. (USPTO Assignment Records, Ex. K). Whereas in the Texas DJ action, Luv n' care inexplicably failed to name MAM as a party despite seeking declaratory judgment against the '083 design patent. More importantly, MAM has no continuous, systematic or ongoing contacts with the State of Texas. As such, MAM , like Bamed, is not subject to personal jurisdiction in the Eastern District of Texas. MAM has made a total of seven (7) sales into the State of Texas. (Susanna Wagner Declaration; Ex. L). These unconnected and isolated sales are insufficient to establish jurisdiction over non-party MAM in the Texas action. *Hanson Pipe & Prods., Inc. v. Bridge Tech., LLC*, 351 F.Supp.2d 603, 6140 (E.D. Tex. 2004)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)("isolated items of activities in a state …are not enough to subject it to suit on causes of action unconnected with the activities there.")).

**C.     This Delaware action should proceed as it promotes the interest of judicial economy**

The interests of judicial economy would be served by denying Luv n' care's motion, and proceeding with this Delaware action.  Unlike the Texas DJ action, both Bamed and MAM are subject to personal jurisdiction here in Delaware, and parties to the action.  Moreover, both the '275 (utility) patent and the '083 design patent are directed to baby pacifiers, such that the resolution of any dispute involving either patent necessarily involves issues relating to the other. The accused products are the same, the accused infringers are the same and a majority of the alleged prior art would be the same.  However, the two patents are owned by different parties, and each party is a necessary and indispensable to any action involving its respective patent. *Schwarz Pharma*, 504 F.3d at 1374.  The Texas DJ action can only resolve issues relating to the '275 patent (to the extent that the Texas Court may exercise personal jurisdiction over Bamed) because MAM, the owner of the '083 design patent, is not a party to the Texas DJ action, nor subject to personal jurisdiction in the Eastern District of Texas.  As such, all disputes relating to the '083 design patent would be left unresolved by an action before the Texas Court, should the Court grant Luv n' care's motion to dismiss.

Denying Luv n' care's motion and proceeding with this action, which includes both accused infringers and both necessary and indispensable parties, by contrast, would permit all pending claims asserted by Luv n' care in the Texas action to be fully litigated, while also litigating all claims between all interested parties.  This is the most efficient way to dispose of all of the respective interested parties' pending claims.  Moreover, because this action includes another accused infringer, Munchkin, who has answered acknowledging jurisdiction and venue, the instant action will go forward and address both patents-in-suit irrespective of the Court's ruling on Luv n' care's motion.  The Court should accordingly deny Luv n' care's motion

because blindly following the first-filed rule would result in duplicative litigations in two

separate courts. *Texas Instruments v. Micron Semiconductor*, 815 F.Supp. 994, 997 (E.D. Tex.

1993)(the purpose of the first-filed rule is to promote judicial efficiency).

## V.    Conclusion

For the foregoing reasons, Plaintiffs MAM and Bamed submit that Luv n' care's motion

to dismiss should be denied, and the instant action should proceed with both Munchkin and Luv

n' care as defendants. In the alternative, Plaintiffs request the Court require Luv n' care to

provide discovery regarding its contacts and sales within Delaware.

Dated: January 18, 2008                    YOUNG CONAWAY STARGATT &
                                           TAYLOR, LLP

                                           _____
                                           Adam W. Poff (No. 3990)
                                           Chad S.C. Stover (No. 4919)
                                           The Brandywine Building
                                           1000 West Street, 17th Floor
                                           Wilmington, Delaware 19899
                                           Tel: (302) 571-6600
                                           Fax: (302) 571-1253

                                           Attorneys for Plaintiffs MAM and Bamed

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on January 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire
> Jeffrey L. Moyer, Esquire
> Richards Layton & Finger, P.A.
> One Rodney Square
> 920 North King Street
> Wilmington, DE 19801

I further certify that on January 18, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL

> John L. Knoble, Esquire
> Grace S. Doe, Esquire
> Knoble Yoshida & Dunleavy LLC
> Eight Penn Center, Suite 1350
> 1628 John F. Kennedy Boulevard
> Philadelphia, PA 19103
> jknoble@patentwise.com
> gdoe@patentwise.com

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> /s/ *Adam W. Poff*
> Adam W. Poff (No. 3990)
> apoff@ycst.com
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6600
>
> Attorney for Plaintiffs

# EXHIBIT A

 Inspired by nature 

Search the site...

❷ Home

Home

About Nûby

Nûby Worldwide

Contact Us

Search

Registered Users

**Catalogue**

Breastfeeding

Feeding

Drinking

Cutlery

Plates, Bowls & Sets

Wash or Toss

Pacifiers

Coolbites

Teethers

Toys

Grooming & Medical Devices

Bibs

| WELCOME TO NÛBY™ by Luv n' care® |
| --- |

Since the 1970's, Luv n' care® has been dedicated to providing high quality products with innovative features. Today, Nûby™ (by Luv n' care®) offers a wide range of feeding, teething, soothing, and medical products.

We are constantly working towards perfection in all facets of the design, production, and distribution of the Nûby™ products. We also strive for our full range to not only function effectively, but be safe, affordable, and look great too! Therefore, consumers can feel comfortable in knowing that they are making the best possible choice for their baby as all of our products must meet the highest of safety and quality standards before ever reaching the market.

Our quality products are distributed in over 125 countries around the world- and we are continually expanding the availability of the Nûby™ brand!

Many of our Nûby products have attained prestigious awards for design, function and market excellence.



Best Buy Prima Baby      Mother & Baby Magazine

Fit Pregnancy Award      Award of Recognition

English

Copyright New Valmar. | designed by Platform2

# EXHIBIT B



November 24, 2006

<u>FOR SETTLEMENT PURPOSES</u>

MAM Babyartikel GesmbH
Lorenz-Mandl-Gasse 50
1160 Wien, Austria

Attn: Susanna Wagner
Chief Operating Officer

Re:  -German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
     -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
     -Your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I am in receipt of your letter dated November 22, 2006 as well as the November 6, 2006 letter
from Sonn & Partner to Bird and Bird to the attention of Boris Kreye. Your letter was addressed
to my brother Jack Hakim in our New Jersey office. In the future, please address your
correspondence to myself, Ed Hakim. My e-mail address is eddieh@luvncare.com and my
physical address is 3030 Aurora Ave, Monroe, LA 71201.

In response to your letter, we will be more than happy to work directly with you for the purpose of
attempting to settle all of the above cases on friendlier terms. If, in fact, you would have
contacted me personally first before going through the expensive route (the injunction), then
matters could have been handled much differently; however, you and your company chose to
take a hard line position, which, to its chagrin, you were met by an unexpected hard defeat.

In any event, to put things on a lighter basis, I am a very level headed individual who will
compromise when possible provided I am dealing with reasonable people. I believe that we can
settle our differences amicably, and feel that the pending issues can be settled provided we work
out a global settlement that resolves all of our differences on both the German and the US patent
claims at the same time.

With respect to the German proceedings, I have read and understand your point of view. I
believe that we can reach some type of settlement even though quite honestly our belief is that
we will win hands down due to the fact that we were simply the first out on the market; however,
we would entertain dropping our proceedings against MAM with respect to the German Patent
and limiting our product to be textured within a range below the bulb or more specifically, below
10 mm from the top end of the pacifier baglet. I hasten to add that this agreement would only be
for those countries in which MAM has an alleged patent or patent rights, would not include any
admissions of validity or infringement, and would be contingent upon resolving the issues on the
US patents as well.

With respect to the attorneys' fees for the German injunction proceedings, I understand that there is a standard fee schedule that the German courts go by. We would be willing to work within that fee schedule provided we are compensated for the cancellation action we had to file as well, since we have had to spend unnecessary funds to protect our interest. You indicated a willingness to do this, so I believe that we will be able to settle this in principle provided we can reach agreement on the specific numbers. I will ask our attorneys in Europe to determine what fees we have expended to date in the cancellation proceedings, and what we would be entitled to receive in those proceedings.

With regards to the two US Patents, since we have certain and specific prior art that would invalidate your US Patent 6,514,275 B2, and since our products do not look like your design in Patent D441083S, we strongly believe that if were to litigate those claims we would win on them also. We do not believe that any reasonable jury or judge would hold against us on those US patents, and would request our attorneys fees if that case had to go forward as well. The bottom line is, if we can come to an agreement on the US patents, and you would permanently drop your claim against our design, then I believe that we could move forward with a global settlement on all of the products listed above.

Feel free to contact me any time either in writing or by phone to discuss settlement. I will advise our attorneys that I have decided to negotiate with you directly, but I have instructed them to proceed forward until I think a settlement between the two of us is realistic. You may contact me by phone at 318-388-4916 extension 3127.

In closing, I would certainly like to say that the world is a large market and that there is a lot of room for both companies to operate as friendly competitors. I would suggest that in the future if either side has a problem with the other side that prior to filing suits the doors of communication should be opened. It makes for a much easier and less expensive resolution even though both sides can well afford attorneys' fees and or a loss; moreover, I think the road that both companies are going down currently is only going to lead to a constant filing of law suits by both sides. Instead, I feel that we should be in the business to create and sell products rather than constantly litigate. Unfortunately, litigation is part of the every day business in America and this is why we have attorneys on staff, but we certainly would prefer to have our attorneys spend time writing contracts and directing our business rather than engaging in litigation.

Awaiting your response, I remain.

Sincerely,




Ed Hakim
CEO


NEH/kf



701258    FEB 5, 2007    ACT WT  LTR        #PK 1
SERVICE XPR                BILL WT LTR
TRACKING# 127012586676371100   ALL CURRENCY USD
INVOICE NO.: TAMMY BANKS
PURCHASE NO.: TAMMY BANKS    *MAM* *Susanna*
                                              *Wagner*
HANDLING CHARGE 0.00         FRT: SHP
SHIPMENT REF RATE CHARGES:       SVC 10.64 USD
DV 0.00
DC 0.00                  COD  0.00    RS  0.00
AH 0.00                  DG   0.00    SD  0.00
TOT REF CHG  10.64       PR   0.00    SP  0.00
TOT PUB CHG  47.09          REF+HANDLING  10.64
                            PUB+HANDLING  47.09

February 5, 2007

**FOR SETTLEMENT PURPOSES**

MAM
Attn: Susanna Wagner
Chief Operating Officer

Re: German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
   -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
   -your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I have now had ample time since your last letter to study the situation more carefully and make this proposal. I think there are virtually two options outside of protracted litigation. The first option would be to withdraw our action against you in Germany with regards to the textured teat. We would additionally agree to the terms in our previous letter with regards to our texture and its location. Under these circumstances, you could then proceed and have your patent upheld with no objection from Luv n' care.

Along with option one, what we would receive in return would be the right to continue selling our pacifiers here in the U.S.A. which would mean you withdrawing your objection to those pacifiers. I believe that this would be a win/win situation for both of us. As you know the alternative would be protracted litigation in Germany of which I believe you would have to agree we would most likely win, due to the fact of our prior sales, and the prior Court decision in our favor. Additionally, with respect to your pacifier patent here in the US, we feel that, after protracted and expensive litigation, we would be successful in invalidating that patent also. When your patent was pursued, the Patent Office was not informed of numerous references and products which are directly relevant to what you patented. If you review the Kip First Years pacifier, for example, you will see that it is invalidating prior art to your patent, and that is just one example of numerous items of prior art that we would rely on and produce to the Court if it were necessary to litigate. However, if we settle on the basis of option 1, we would not contest your patent in exchange for your agreement to not contest our sales.

The second option my suggestion would be that we continue to contest and litigate your baglet in Germany, and also we will change the shape of our shield by adding two additional small holes within the larger hole on each side of our shield. That change

would eliminate any possible claim you might have in the US, and is shown in the design being sent to you and marked as # 4. But in view of the fact that we will be forced to change our line, we would reserve all rights to invalidate your U.S. patents.

Susanna, if you will check out our range, you will see that we have been selling butterfly shaped soothers identical to this but without the large hole for more than 15 years. I think the record will speak for itself as to how long we have had this exact shape of shield in the market both in the U.S.A. and worldwide.

With regards to the above two options, please let us have your comments as I think surely one of these two options is quite workable but option number one is the safest for both sides. We will obviously both be giving up something in the spirit of settlement.

As you know, we have our own in-house staff of attorneys so the cost of the litigation here in the U.S.A. will be minimal to us; however, the litigation for both of us in Europe will be very expensive along with costly litigation for you here in the U.S.A. I think in the spirit of cooperation we should both choose option one. It may not be exactly what we both want, as the ideal situations are never etched in stone for each of us. What this would do is let us both continue to operate on a global basis with the understanding that when situations arise we can work them out together without protracted costly litigation.

Please let me have your comments with regards to the above, and awaiting your response, I remain.

Sincerely,

Ed

NEH/kf

cc: Morris Cohen
    Joe D. Guerriero
    Blake Deshotels

# EXHIBIT C

CASREF, JURY, PATENT, STAGE1

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Sherman)
### CIVIL DOCKET FOR CASE #: 4:06-cv-00486-MHS-DDB

Luv N' Care, LTD. v. Bamed AG
Assigned to: Judge Michael H. Schneider
Referred to: Magistrate Judge Don D. Bush
Cause: 35:145 Patent Infringement

Date Filed: 12/01/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Luv N' Care, LTD.**

represented by **Morris E Cohen**
Law Office of Morris E Cohen, PC
1122 Coney Island Ave.
Ste 216-217
Brooklyn, NY 11230
718/859-8009
Fax: 718/859-3044
Email: mcohen@ipcases.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joe D Guerriero**
Joe D. Guerriero
Luv N' Care Ltd
3030 Aurora Ave
Monroe, LA 71201
318-338-3603
Fax: 318-388-5892
Email: joed@luvncare.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bamed AG**

represented by **Lance Lee**
Young Pickett & Lee
4122 Texas Blvd
PO Box 1897
Texarkana, TX 75504-1897
903/794-1303
Fax: 19037945098
Email: wlancelee@aol.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 12/01/2006 | 1 | COMPLAINT with Jury Demand against Bamed AG (Filing fee $ 350. Receipt #4-1-1332) , filed by Luv N' Care, LTD. (Attachments: # 1 Civil Cover Sheet)(ttm, ) (Entered: 12/04/2006) |
|---|---|---|
| 12/01/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Luv N' Care, LTD. (ttm, ) (Entered: 12/04/2006) |
| 12/05/2006 | 3 | CASE REFERRED to Magistrate Judge Don D. Bush pursuant to Standing Order. (ttm, ) (Entered: 12/05/2006) |
| 12/05/2006 | 4 | Magistrate Consent Form emailed to attorney for Luv N' Care, LTD with (Attachments: # 1 Notice of Case Assignment form) (ttm, ) (Entered: 12/05/2006) |
| 12/05/2006 | 5 | Form mailed to Commissioner of Patents and Trademarks with copy of complaint. (ttm, ) (Entered: 12/05/2006) |
| 04/24/2007 | | Notified Attorney, Joe D Guerriero, Per GO 04-12, this court no longer accepts pleadings in paper form. The Clerk will no longer mail or fax notices or orders to parties. All notices and orders generated by this court shall be sent electronically. (mailed original pleading back to attorney is SASE) (ttm, ) (Entered: 04/24/2007) |
| 04/24/2007 | 6 | MOTION Extension of time to have summons issued and served. by Luv N' Care, LTD. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) Additional attachment(s) added on 4/24/2007 (ttm, ). (Entered: 04/24/2007) |
| 07/06/2007 | 7 | ORDER granting 6 Motion extension of time for 90 days from the date of this Order to obtain summons and make service on Dft Bamed AG. Signed by Judge Don D. Bush on 75/07. (ttm, ) (Entered: 07/06/2007) |
| 07/26/2007 | 8 | E-GOV SEALED SUMMONS Issued as to Bamed AG and emailed to attorney for service. (ttm, ) (Entered: 07/26/2007) |
| 10/04/2007 | 9 | MOTION for Extension of Time to File *Service* by Luv N' Care, LTD.. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) (Entered: 10/04/2007) |
| 11/06/2007 | 10 | Supplemental MOTION Extension of Time *for making service upon Defendant* by Luv N' Care, LTD.. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) (Entered: 11/06/2007) |
| 11/09/2007 | 11 | ORDER granting 9 Motion for Extension of Time to File, granting 10 Supplemental Motion for extension of time to obtain summons and make service upon Defendant Bamed AG. IT IS ORDERED that Luv n' care, Ltd. be GRANTED thirty days from date of this order within which to obtain summons and make service upon Defendant Bamed AG. . Signed by Judge Don D. Bush on 11/09/07. (lhj, ) (Entered: 11/09/2007) |
| 11/26/2007 | 12 | E-GOV SEALED SUMMONS Returned Executed by Luv N' Care, LTD. Bamed AG served c/o Nicklaus Schertenleib on 10/26/2007, answer due 11/15/2007. (kls, ) (Entered: 11/28/2007) |
| | | |

| 01/15/2008 | 13 | MOTION to Dismiss by Bamed AG. (Attachments: # 1 Declaration of P. Branko Pejic# 2 Exhibit A to Pejic Dec.# 3 Exhibit B to Pejic Dec.# 4 Exhibit C to Pejic Dec.# 5 Exhibit D to Pejic Dec.# 6 Exhibit E to Pejic Dec.# 7 Exhibit F to Pejic Dec.# 8 Exhibit G to Pejic Dec.# 9 Exhibit H to Pejic Dec.# 10 Exhibit I to Pejic Dec.# 11 Exhibit J to Pejic Dec.# 12 Exhibit K to Pejic Dec.# 13 Text of Proposed Order)(Lee, Lance) (Entered: 01/15/2008) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/16/2008 09:41:58 | | | |
| **PACER Login:** | sg0070 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:06-cv-00486-MHS-DDB |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT D



April 11, 2007

**FOR SETTLEMENT PURPOSES**

MAM
Attn: Susanna Wagner
Chief Operating Officer

Re:  German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
     -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
     -Your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I sincerely thank you for your time and patience as we have taken this time to look at every option on how to best settle both cases. I would like to ask you one more time to consider one of the previous options for the following reason and I really and sincerely wish you would look at this in as unbiased a fashion as possible when making your determination.

I really do not wish to discuss too much the merits of both cases, being the one in Germany and the one in here in the US, as you will certainly say that you will win both and we will certainly say that we will win both cases. Please consider though that the facts are very simple. As you know, we won the previous decision in Germany and we then moved to invalidate your existing patent. If the patent office holds true with what the courts found, then your patent will automatically be ruled invalid in Germany with respect to the cancellation action.

With respect to the US patents, I have checked with our attorneys further and they all agree that our new model marked exhibit #4 with the three holes on each side and in the butterfly shape, which would be one of our options, does not infringe. Your patents require a maximum of one hole on each side of the shield, whereas the model of exhibit #4 includes three. (A copy of the exhibit is attached for your convenience. It is shown in an enlarged view as #2 or in a smaller view as #4, but is the same design).

CORPORATE OFFICE: P.O. Box 6050 • Monroe, LA 71211 • 3030 Aurora Avenue • Monroe, LA 71201 • Phone: (318) 388-4916 • FAX: (318) 323-1899
SALES OFFICE: 257 Monmouth Road, Building B, Suite # 5 • Oakhurst, NJ 07755 • Phone: (732) 531-5757 • FAX: (732) 531-5331

We also believe it is quite clear that the patents would be declared invalid if litigated in the US. There are many patents in this field which so demonstrate. As a further example, I am attaching a copy of another patent for your review (US 3,662,756). If you will look at the name of the inventor, you will find that it was my father and after checking the same, it clearly shows the features of your patents. As you can see there is a single large hole on each side of the shield, and even your L and H dimensions as depicted in your patent are of the same dimensions and scope of that of my father's 1972 patent.

The pacifier shields in your two patents are merely figure 8 or "lemniscate" shaped versions of the shield in the '756 patent. However, figure 8 shaped pacifier shields have been around in our industry for a long time. To take a long existing design like that of the '756 patent and make it in a figure 8 shape (a shape very well known in the pacifier industry), does not meet the legal requirements for a patent. This is very clear even to a layman like myself, but our attorneys have confirmed this.

In view of this and other documents that are in our possession, I think that the agreement could be structured as follows. We would withdraw our objection to your European patent as per our previous agreement and also we would not move to invalidate your US patents even though we believe we would win due to my father's 1972 patent as well as other information that we have uncovered. We would simply let your patent stand here in the USA rather than moving to invalidate it.

I hope that this meets with your approval as it may not be what we both want but it certainly gives you a partial win on both cases. Ultimately, if not settled, I certainly think that you will absolutely lose in Germany as well as the USA and you would open your company up to long protracted litigation where you would have to pay your attorneys as well as ours for the foreign actions. In the interest of settlement, this would allow us to resolve all of the pending cases and spend our time on our respective businesses rather than lawsuits.

Susanna, please consider the above and let me have your favorable comments.

Sincerely,


Ed

NEH/kaf

cc: Morris Cohen
     Joe D. Guerriero
     Blake Deshotels

# EXHIBIT E

## VERIFICATION OF TRANSLATION

I,      Bo-Gunnar Dahlstrom


of      22 Andrew Drive, #70
        Tiburon, CA 94920


declare that I am well acquainted with both the Swedish and English languages, and that the attached documents entitled "Dokument 1-1," "Dokument 6-1," and Dokument 7" are Swedish language documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed:  January 10, 2008        *[signature]*

                                        Name

Mål 4:06-cv-00486-MHS-DDB          Dokument 1-1  Inlämnad den 1          Sida 1 av 5
                                                 december 2006

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telefon: 718-859-8009
Fax: 718-859-3044
E-post: mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telefon: 318-338-3603
Fax: 318-388-5892
E-post: joed@luvncare.com

[Stämpel]
INLÄMNAD TILL TJÄNSTEPERSON
PÅ DISTRIKTSDOMSTOL I USA

1 DECEMBER 2006, KLOCKAN 13:24

ÖSTRA TEXAS

AV:_____

Advokater för kärande

DISTRIKTSDOMSTOL I USA
ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

| | |
|---|---|
| LUV N' CARE, LTD., <br><br> kärande <br> mot <br><br> BAMED AG, <br><br> svarande | **Civilmålsnr.:** *4:06cv486* <br><br><br> JURYRÄTTEGÅNG |

## KLAGAN

Kärande, Luv n' care, Ltd., genom kärandes advokat, anför härmed klagan mot svarande,
Bamed AG, enligt följande:

## BAKGRUND OCH FAKTA

1. Följande utgör Luv n' cares rättsanspråk gällande fastställelsebeslut avseende patents ogiltighet och icke gällande intrång i enlighet med 28 U.S.C. §2201 och §2202.

2. Dessa rättsanspråk anförs enligt amerikanska patentlagar, 35 U.S.C. §1 och följande. Domstolen äger jurisdiktion över innehållet i dessa genkäromål i enlighet med 28 U.S.C. §1331 och §1338.

3. Lämplig ort i detta rättsdistrikt gällande föreliggande genkäromål i enlighet med 28 U.S.C. §1391 och §1400.

4. Kärande Luv n' care, Ltd. är ett bolag som organiserats och bedriver verksamhet enligt lagstiftning i Louisiana, med huvudplats för affärsverksamhet på 3030 Aurora Avenue, Monroe, Louisiana 71201.

5. Svarande Bamed AG är ett bolag som organiserats och bedriver verksamhet enligt lagstiftning i Schweiz, med huvudplats för affärsverksamhet på Wilenstrasse 17, 8832 Wollerau, Schweiz.

6. Enligt brev med datum den 7:e november 2006, vilket vidarebefordrats till Luv n' care, påstår Bamed att företaget äger amerikanskt patent med nummer 6,514,275 B2 och amerikanskt patent med nummer D441,083 S. Bamed påstår att nappar som säljs av Luv n' care gör intrång på patenten som ägs av Bamed.

7. Som en följd av Bameds brev föreligger tvist med Bamed gällande Bameds patent och Luv n' cares verksamhet, vilket givit upphov till föreliggande process. Följaktligen har föreliggande process inletts av Luv n' care på grund av oglitighet och icke gällande intrång avseende patenten som ägs av Bamed, enligt följande.

## FÖRSTA RÄTTSGRUND
## PATENTS OGILTIGHET OCH PATENT SOM INTE KAN GÖRAS GÄLLANDE

8. Rättsanspråken som anförts gällande Bamed-patenten är ogiltiga och kan inte
   göras gällande eftersom de inte uppfyller villkoren och kraven för patentabilitet
   som framlagts i patentbestämmelserna, 35 U.S.C. §1-376 och 37 C.F.R. §1.1 och
   följande.

9. Rättsanspråken gällande Bamed-patenten är ogiltiga i enlighet med 35 U.S.C.
   §102 och §103.

10. Rättsanspråken gällande Bamed-patenten är vidare ogiltiga i enlighet med 35
    U.S.C. §112.

11. Enligt uppgift och övertygelse anses rättsanspråk gällande Bamed-patenten vidare
    utan möjlighet att göras gällande på grund av Bameds orättvisa uppträdande
    gentemot amerikanska patentverket.

## ANDRA RÄTTSGRUND
## INTRÅNG HAR INTE ÄGT RUM

12. Luv n' care har inte begått intrång, direkt intrång, aktivt orsakat eller bidragit till
    intrång vad gäller giltigt rättsanspråk gällande Bamed-patenten i enlighet med 35
    U.S.C. §271.

13. Bamed äger inte rätt till gottgörelse enligt gällande bestämmelser, sedvanerättslig
    gottgörelse eller annan typ av gottgörelse.

## TREDJE RÄTTSGRUND
## UNDERLÅTELSE ATT FÖLJA 35 U.S.C. §287

14. Enligt uppgift och övertygelse har Bamed underlåtit att följa märkningskraven i
    enlighet med 35 U.S.C. §287 och får därför inte begära eller erhålla skadestånd
    för påstådda handlingar innan det påstådda datumet för det verkliga meddelandet
    till Luv n' care gällande Bameds rättsanspråk gällande kränkning av Bamed-
    patenten.

15. Luv n' care har rätt att hävda vidare rättsanspråk, rättsgrunder, positioner och
    försvar som företaget blir varse under framläggande av bevis eller rättegång i
    förekommande fall.

## BEGÄRAN OM JURYRÄTTEGÅNG

I enlighet med bestämmelse 38, Federal Rules of Civil Procedure (federala amerikanska bestämmelser gällande förfarande vid civilmål) begär Luv n' care härmed juryrättegång för detta rättsanspråk gällande samtliga faktafrågor som kan handläggas av en jury.

Kärande Luv n' care, Ltd. yrkar därför på beslut enligt följande:

A. Att Bamed-patenten förklaras ogiltiga utan möjlighet att göras gällande, samt att Luv n' care beviljas fastställelsebeslut gällande desamma.

B. Att Luv n' care inte direkt begått intrång, aktivt orsakat eller bidragit till intrång gällande giltig klagan avseende Bamed-patenten, samt har inte på annat sätt begått handlingar som utgör intrång i enlighet med 35 U.S.C. §271, och att det beviljas fastställelsebeslut gällande desamma.

C. Att Bamed och företagets advokater, direktörer, agenter, ledamöter och anställda, eller individer i aktivt samarbete eller deltagande med dessa, förbjuds att direkt eller indirekt hävda eller hota att hävda Bamed-patenten mot Luv n' care eller företagets agenter, direktörer, ledamöter, anställda, leverantörer eller kunder.

D. Att detta mål bedöms utgöra undantagsfall i enlighet med 35 U.S.C. §285, att Luv n' care tilldöms i skälig omfattning arvoden, kostnader och utgifter för advokater, samt att tilldömda skadestånd till Luv n' care tredubblas.

E. Att domstolen tilldömer Luv n' care vidare upprättelser och skadestånd enligt vad domstolen anser vara rättvist och lämpligt.

Datum: 30 november 2006                    Dokumentet inlämnas härmed

                                           [Underskrift]

                                           Morris E. Cohen
                                           Law Office of Morris E. Cohen, P.C.
                                           1122 Coney Island Avenue, Suites 216-217
                                           Brooklyn, New York 11230
                                           Telefon: 718-859-8009
                                           Fax: 718-859-3044
                                           E-post: mcohen@ipcases.com

                                           Joseph D. Guerriero
                                           Luv n' Care, Ltd.
                                           3030 Aurora Avenue
                                           Monroe, Louisiana 71201
                                           Telefon: 318-338-3603
                                           Fax: 318-388-5892
                                           E-post: joed@luvncare.com

                                           Advokater för kärande
                                           Luv n' care, Ltd.

Mål 4:06-cv-00486-MHS-DDB    Dokument 6-1    Inlämnad den 24    Sida 1 av 2
april 2007

DISTRIKTSDOMSTOL I USA
ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

| | | |
|---|---|---|
| LUV N' CARE, LTD.,<br><br>kärande<br><br>mot,<br><br>BAMED AG,<br><br>svarande | **Civilmålsnr.:**<br><br>*4:06cv486*<br><br><br>JURYRÄTTEGÅNG | [Stämpel]<br>INLÄMNAD TILL<br>DISTRIKTSDOMSTOL I USA<br>ÖSTRA DISTRIKTET I TEXAS<br>[oläsligt] DEC. 2006<br>DAVID J. MALAND,<br>TJÄNSTEPERSON<br><br>ASSISTENT: |

## AVSLÖJANDE AV BERÖRDA PARTER

För att domare och fredsdomare ska kunna bedöma om diskvalificering eller avsägande av dömande uppdrag skall ske, intygar undertecknad advokat för Luv n' care, Ltd. (privat icke statsanställd part) härmed att följande är moderbolag, filial och/eller dotterbolag till Luv n' care, vilka är börsnoterade:

Inga.

Datum: 30 november 2006

Dokumentet inlämnas härmed

[Underskrift]

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telefon: 718-859-8009
Fax: 718-859-3044
E-post: mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telefon: 318-338-3603
Fax: 318-388-5892
E-post: joed@luvncare.com

Advokater för kärande
Luv n' care, Ltd.

Mål 4:06-cv-00486-MHS-DDB    Dokument 6-1    Inlämnad den 24    Sida 1 av 2
april 2007

DISTRIKTSDOMSTOL I USA
ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

LUV N' CARE, LTD.,                    Civilmålsnr.: 4:06cv486

        kärande

    mot,

BAMED AG,
                              JURYRÄTTEGÅNG
      svarande

## HEMSTÄLLAN

Luv n' care, Ltd. meddelades av denna domstol att ingen delgivning med kallelse utfärdats eller överlämnats till svarande i detta ärende.

Huvudpersonerna för respektive part, kärande och svarande, har förhandlat direkt med varandra för att komma fram till en uppgörelse i godo gällande rättsanspråk som framförts häri av kärande, vilket även gäller genkäromål som framförts av svarande.

Advokater för kärande och svarande har inte deltagit i dessa förhandlingar. Trots att målet för båda parter är att försöka komma fram till en uppgörelse i godo har hittills inget slutavtal nåtts gällande samtliga ärenden mellan parterna, även om betydande framsteg gjorts sedan förhandlingarna inleddes.

Med tanke på den tid som förflutit begär Luv n' care, Ltd. tillstånd av domstolen om en förlängning med 90 dagar med att delge svarande delgivning med kallelse. Skälet till förlängningen som begärs är att delgivning av svarande måste ske enligt Haag-konventionen, vilken kräver att rättegångshandlingar översätts och delges i enlighet med bestämmelser i förutnämnda konvention.

Luv n' care yrkar därför på att denna hemställan snarast inlämnas, och efter noggrann prövning av denna domstol, att domstolen beviljar tillstånd om att Luv n' care, Ltd., efter 90 dagar från datum då eventuell order undertecknats, att Luv n' care, Ltd. måste överlämna delgivning med kallelse till svaranden. Annars läggs målet ner.

Vidare begärs fullständig, allmän och rättvis upprättelse.

Dokumentet inlämnas harmed

[Underskrift]
Joseph D. Guerriero
3030 Aurora Avenue, Våning 2
Monroe, Louisiana 71201
Telefon: (318)-338-3603
Fax: (318)-388-5892
E-post: joed@luvncare.com


Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue,
Suites 216-217
Brooklyn, New York 11230
Telefon: (718)-859-8009
Fax: (718)-859-3044
E-post: mcohen@ipcases.com

Advokater åt Luv n' Care, Ltd.

DISTRIKTSDOMSTOLEN I USA
FÖR ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

LUV N' CARE, LTD.,                    Civilmålsnr.:          4:06cv486

        kärande

    mot,

BAMED AG,                         JURYRÄTTEGÅNG

      svarande

## ORDER

I beaktande av ovanstående och föregående begäran om förlängning av tiden (dokumentnr. 6) beordras att Luv n' care, Ltd. beviljas 90 dagar från och med datum för denna order, att överlämna delgivning med kallelse till svarande Bamed AG

**Underskrivet idag den 5 juli 2007.**

                [Underskrift]

                DON D. BUSH
                FREDSDOMARE I USA

# EXHIBIT F



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Homepage | Search | Site Map | Contact | Help |

**News       Topics       Regional Data       World Data       Data Library       Services       Institutio**

---

Population

Overview

Panorama

Population - Key figures

Agenda

Current population and population
growth

Families, households

Languages and religions

Data, indicators

Look it up!

Press Releases

Publications

Statistical Encyclopedia

Interactive data

Statistical sources and concepts

Enquiries, Sources

Nomenclatures, Inventories

Definitions

**Show all**

Swiss Federal Statistical Office > Topics > Population > Languages and religions > Data
Languages

## Languages and religions – Data, indicators
## Languages

### Resident population according to main language

in '000

|  | 1990 | 2000 |
|---|---|---|
| Total | 6873.7 | 7288.0 |
| German | 4374.7 | 4640.4 |
| French | 1321.7 | 1485.1 |
| Italian | 524.1 | 471.0 |
| Romansh | 39.6 | 35.1 |
| Spanish | 116.8 | 77.5 |
| Serbo-Croatian | 109.0 | 111.4 |
| Other Slavic languages | 18.6 | 23.3 |
| Portuguese | 93.8 | 89.5 |
| Turkish | 61.3 | 44.5 |
| English | 60.8 | 73.4 |
| Albanian | 35.9 | 94.9 |
| Other languages | 117.4 | 142.0 |

Source: Federal Population Census

© Federal Statistical Office, Neuchâtel 2007
Terms and conditions

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |

### Declaration of Peter Röhrig

I, Peter Röhrig, declare upon personal knowledge that the following is true and correct:

1. Bamed AG is a Swiss holding company. Bamed AG does not manufacture nor sell products in the State of Texas.

2. Bamed AG has no contacts with the State of Texas.

3. Bamed AG does not transact business in the State of Texas.

4. Bamed AG has never maintained an office or other business establishment in the State of Texas.

5. Bamed AG owns no property in the State of Texas.

6. Bamed AG maintains no bank accounts in the State of Texas.

7. Bamed AG has no registered agents in the State of Texas.

8. Bamed AG's first knowledge of the Luv n' care declaratory judgment lawsuit in Texas was the attempted service of the Swedish language complaint in September 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: January 15, 2008

Peter Röhrig

{J403203 00345538.DOC}

1

# EXHIBIT H

JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS

DISCLAIMER: THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL OR THE FOREIGN CENTRAL AUTHORITY FOR THE CONVENTION.

IN FORCE :..ANGUILLA [3], ANTIGUA AND BARBUDA, ARGENTINA [7], ARUBA [5], BAHAMAS, BARBADOS, BELARUS, BELGIUM, *BELIZE* [1], BERMUDA [3], BOTSWANA, BRITISH VIRGIN ISLANDS [3], BULGARIA [7,13], CANADA, CAYMAN ISLANDS [3], CHINA [2,7], CYPRUS, CZECH REPUBLIC [2,7], DENMARK, *DJIBOUTI (formerly Afars and Issas)* [1], EGYPT [7], ESTONIA, FALKLAND ISLANDS AND DEPENDENCIES [3], *FIJI* [1,3], FINLAND, FRANCE (including French Overseas Departments), FRENCH POLYNESIA [4], GERMANY [7,8,9], GIBRALTAR [3], GREECE [10], GUERNSEY [3], HONG KONG SAR [3], IRELAND, ISLE OF MAN [3], ISRAEL, ITALY, JAPAN, JERSEY [3], *KIRIBATI (formerly Gilbert Islands and Central and Southern Line Islands)* [1,3], KOREA, Republic of (SOUTH KOREA) [7,14], LATVIA, LITHUANIA [7], LUXEMBOURG [11], MACAU SAR [6], MALAWI, MEXICO, MONTSERRRAT [3], NETHERLANDS, *NEVIS* [1], NORWAY [7], PAKISTAN, PITCAIRN [3], POLAND, PORTUGAL, RUSSIAN FEDERATION, *ST. CHRISTOPHER (KITTS)* [1], ST. HELENA AND DEPENDENCIES [3], *ST. LUCIA* [1], *ST. VINCENT AND THE GRENADINES* [1], SEYCHELLES, SLOVAK REPUBLIC [2,7], *SLOVENIA*, *SOLOMON ISLANDS* [1], SPAIN, SRI LANKA [7], SWEDEN, SWITZERLAND [7], TURKEY [7], TURKS AND CAICOS ISLANDS [3], *TUVALU (formerly Ellice Islands)* [1], UKRAINE, UNITED KINGDOM,

Law, Regulations & Public Policy

Information for Americans Abroad

Consular Notification and Access

Citizenship and Nationality

Legal and Public Policy Information

Family Issues

Law Enforcement Issues

**SLOVAK REPUBLIC:**
Ministerstvo Spravodlivosti Slovenskej
Republicky
Zupne namestie 13, 813 11 Bratislava
Slovak Republic
Fax: (00427) 5316035

**SLOVENIA:**
Signatory: September 18, 2000
Accession: May 15, 2001
Entry into Force: June 1, 2001
the Ministry of Justice of the Republic of
Slovenia
Zupanciceva 3
1000 LJUBLJANA
tel.: +386 1 478 5244
fax: +386 1 426 1050

***SOLOMON ISLANDS:***
*Unknown. Now Independent. No formal
confirmation to depositary government that
Convention applies. Former Central Authority:
Registrar of the High Court, Honiara*

**SPAIN:**
Secretaria General Tecnica
Subdireccion de Cooperacion Juridica
Internacional
Ministerio de Justicia
San Bernardo, 45
28015 Madrid, Spain
tel: (34)(1) 390-2328

**SWEDEN:**
Ministry of Justice
Division for Criminal and International Judicial
Cooperation
Central Authority
SE-103 33 Stockholm, Sweden
tel: (46)(8) 405-5057
fax: (46)(8) 405-4676

**SWITZERLAND:**
Switzerland designates the cantonal authorities
listed below as Central Authorities as referred
to in the respective conventions. Requests for
the service of documents may also be
addressed to:

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial
Assistance
Bundesrain 20
3003 Bern
Switzerland
Tel. 011-41-31-322-4310
Fax 011-41-31-322-5380

Requests for service under the Hague Convention may also be sent directly to the Central Authority for the appropriate Canton. The following list provides the canton, official language of the canton, address and telephone number.

**Authorized Swiss Central Authorities for each Canton**

*Cantonal Central Authorities (list up to date as per 14 September 2001)*
The competent cantonal Central Authority to whom a request may be addressed can be ascertained on-line at the following address: http://www.elorge.admin.ch/

Official Language(s) (G=German F=French I=Italian)

| Canton | Language | Address | Phone/Fax |
|---|---|---|---|
| Aargau (AG) | G | Obergericht des Kantons Aargau Obere Vorstadt 40 5000 Aarau | tel.: +41.62-835.3850 fax: +41.62-835.3949 |
| Appenzell Ausserrhoden (AR) | G | Kantonsgericht Appenzell A.Rh. 9043 Trogen | tel.: +41.71-343.6399 fax: +41.71-343.6359 |
| Appenzell Innerrhoden (AI) | G | Kantonsgericht Appenzell I.Rh. 9050 Appenzell | tel.: +41.71-788.9551 fax: +41.71-788.9554 |
| Basel-Landschaft (BL) | G | Obergericht des Kantons Basel-Landschaft 4410 Liestal | tel.: +41.61-925.5111 fax: +41.61-925.6964 |
| Basel-Stadt (BS) | G | Appellationsgericht Basel-Stadt 4051 Basel | tel.: +41.61-267.8181 fax: +41.61-267.6315 |
| Bern (BE) | G/F | Justiz-, Gemeinde- und Kirchendirektion des Kantons Bern Münstergasse 2 3011 Bern | tel.: +41.31-633.7676 fax: +41.31-633.7626 |
| Fribourg (FR) | F/G | Tribunal cantonal 1700 | tel.: +41.26- |

| Genève (GE) | F | Parquet du Procureur général 1211 Genève 3 | tel.: +41.22-319.2797 fax: +41.22-781.4365 |
|---|---|---|---|
| Glarus (GL) | G | Obergericht des Kantons Glarus 8750 Glarus | tel.: +41.55-645.2525 fax: +41.55-645.2500 |
| Graubünden (GR) | G | Justiz-, Polizei- und Sanitätsdepartement Graubünden 7001 Chur | tel.: +41.81-257.2121 fax: +41.81-257.2166 |
| Jura (JU) | F | Département de la Justice Service juridique 2800 Delémont | tel.: +41.32-421.5111 fax: +41.32-421.5555 |
| Luzern (LU) | G | Obergericht des Kantons Luzern Hirschengraben 16 6003 Luzern | tel.: +41.41-228.6262 fax: +41.41-228.6264 |
| Neuchâtel (NE) | F | Département de la justice, de la santé et de la sécurité Service de la justice Château 2001 Neuchâtel | tel.: +41.32-889.4110 fax: +41.32-889.6064 |
| Nidwalden (NW) | G | Kantonsgericht Nidwalden 6370 Stans | tel.: +41.41-618.7950 fax: +41.41-618.7963 |
| Obwalden (OW) | G | Kantonsgericht Obwalden Postfach 1260 6061 Sarnen | tel.: +41.41-666.6222 fax: +41.41-660.8286 |
| St. Gallen (SG) | G | Kantonsgericht St. Gallen Klosterhof 1 9001 St. Gallen | tel.: +41.71-229.3898 fax: +41.71-229.3787 |
| Schaffhausen (SH) | G | Obergericht des Kantons Schaffhausen Postfach 568 8201 Schaffhausen | tel.: +41.52-632.7422 fax: +41.52-636.7836 |
| Schwyz (SZ) | G | Kantonsgericht Schwyz 6430 Schwyz | tel.: +41.41-819.1124 |

| | | | 627.2298 |
|---|---|---|---|
| Tessin (TI) | I | Tribunale di appello 6901 Lugano | tel.: +41.91-815.5111 fax: +41.91-815.5478 |
| Thurgau (TG) | G | Obergericht des Kantons Thurgau 8500 Frauenfeld | tel.: +41.52-722.3121 fax: +41.52-722.3125 |
| Uri (UR) | G | Landgericht Uri Am Rathausplatz 2 6460 Altdorf | tel.: +41.41-875.2244 fax: +41.41-875.2277 |
| Valais (VS) | F/G | Tribunal cantonal 1950 Sion | tel.: +41.27-322.9393 fax: +41.27-322.6351 |
| Vaud (VD) | F | Tribunal cantonal 1014 Lausanne | tel.: +41.21-316.1511 fax: +41.21-316.1328 |
| Zug (ZG) | G | Obergericht des Kantons Zug Rechtshilfe 6300 Zug | tel.: +41.41-728.3154 fax: +41.41-728.3144 |
| Zürich (ZH) | G | Obergericht des Kantons Zürich, Rechtshilfe 8023 Zürich | tel.: +41.1-257.9191 fax: +41.1-261.1292 |

**TURKEY:**
General Service of Civil Affairs
Ministry of Justice
Ankara, Turkey

(Adalet Bakanligi Hukuk Isleri Genel
Mudurlugu, Ankara, Turkey)

**TURKS & CAICOS:**
The Registrar of the Supreme Court
Turks and Caicos Islands

***TUVALU:***
*Now Independent. No formal confirmation to
depositary government that Convention
applies. Former Central Authority: Registrar of
the High Court.*

# EXHIBIT I

** Forwarded on Thu 11/1/2007 03:36 PM **

From:  Joe D. Guerriero (joed@luvncare.com)
Sent:  Thu 11/1/2007 03:33 PM
Rcvd:  Thu 11/1/2007 03:33 PM
To:  BRANKO PEJIC (BRANKOP)
CC:  Morris Cohen (MCohen@ipcases.com); Eddie Hakim (eddiehak49@yahoo.com); Joseph
Hakim (josephh@luvncare.com); Kathryn Fendall (kathrynf@luvncare.com)
Subject:  RE: Filings in the MAM/BAMED v. LUV N CARE - J403203

===========================================

Hi Branko,

I am enclosing the revised and executed (by our CEO) version of the 408 Agreement with the
modifications I had mentioned to you on the phone. While we appreciate your extending the time for our
response to Nov. 30th, we would  request that you allow us until December 31st to do so...that will give us
more time to see if settlement is possible and also will allow the Federal Court in Texas to rule on our
request for a second  extension of time to make service, which will tell us if we have any opposition to the
case being tried in Delaware should trial become necessary. Please give me your thoughts on this and if
the modifications are agreeable. .

Best Regards,

Joe D.

From: BRANKO PEJIC [mailto:BPEJIC@gbpatent.com]
Sent: Wednesday, October 31, 2007 6:54 PM
To: Joe D. Guerriero
Cc: Joseph Hakim; Morris Cohen; Kathryn Fendall; BRANKO PEJIC; MICHAEL FINK; LORI EATMON
Subject: Filings in the MAM/BAMED v. LUV N CARE - J403203

Joe,

Further to our previous communications, please find attached courtesy copies of
the papers filed with the Court regarding service of the Complaint on Luv N' Care; these
documents supplement the courtesy copies of the Complaint and other papers that we
previously provided.  That said, please note that it appears that Luv N' Care's response
and/or answer to the Complaint is due this week.  Also, now that all of the formalities of
service on Luv N' Care have been completed, please let us know if Luv N' Care is
interested in exploring settlement discussions.  If so, please execute and return the
previously provided Rule 408 Agreement executed by MAM/Bamed.

We look forward to your timely response.

Best regards,
Branko


P. Branko Pejic
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191
Tele: 703-716-1191
Fax:  703-716-1180
****************************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential.  If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited.  If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
**In rare cases, our spam scanners may eliminate legitimate
email from clients unnoticed. Please immediately advise
us if you receive an error notification from our server.**
****************************************************************************

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                          Civil Action No.:    4:06cv486

                    Plaintiff,

        v.

BAMED AG,                                 JURY TRIAL

                    Defendant.

## **SUPPLEMENT TO MOTION TO EXTEND TIME**

Mover, Luv n' care, Ltd. has been informed by Process Forwarding International
(PFI), the service agency who handled service of process in this matter, that delivery of
service of process upon BAMED AG has been completed as of October 26, 2007 via
service on Nicklaus Schertenleib from BAMED AG; moreover, attorney for said
Defendant has discussed response time and subject to this Court's consideration of same,
Plaintiff has no objection to allowing Defendant until January 15, 2008 to respond.

Mover therefore asks this Court to take the above facts into consideration in
furtherance of its original Motion to Extend Time for making service upon Defendant.

WHEREFORE, Mover prays that this Motion be filed and that after due
consideration of it and Mover's original Motion that this Court grant an extension of time
as prayed for in Mover's original Motion.

Respectfully submitted,

Joe D. Guerriero          Bar #06391
3030 Aurora Avenue, Second Floor
Monroe, Louisiana 71201
Telephone:    (318) 338-3603
Facsimile:    (318) 388-5892
Email:        joed@luvncare.com

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue
Suites 216-217
Brooklyn, New York 11230
Telephone:     (718) 859-8009
Facsimile:      (718) 859-3044
Email:            mcohen@ipcases.com

Attorneys for Luv n' care, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by U.S.

Mail, postage prepaid, to the following counsel of record on this the 6TH day of

November, 2007:

P. Branko Pejic
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191

Joe D. Guerriero

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                          Civil Action No.:    4:06cv486

         Plaintiff,

    v.

BAMED AG,                                 JURY TRIAL

         Defendant.

## **ORDER**

Considering the above and foregoing Motion:

IT IS ORDERED that Luv n' care, Ltd. be granted ninety (90) days from the date of this Order within which to obtain summons and make service upon Defendant Bamed AG, or in default thereof that its case be dismissed.

# EXHIBIT K



**United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help



## Assignments on the Web > Patent Query

# Patent Assignment Abstract of Title
## NOTE:Results display only for issued patents and published applications.
## For pending or abandoned applications please consult USPTO staff.

### Total Assignments: 2

**Patent #:** D441083    **Issue Dt:** 04/24/2001    **Application #:** 29127383    **Filing Dt:** 08/03/2000

**Inventor:** Peter Roehrig

**Title:** Pacifier

### Assignment: 1

**Reel/Frame:** 010982/0497    **Recorded:** 08/03/2000    **Pages:** 2

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** ROEHRIG, PETER    **Exec Dt:** 07/20/2000

**Assignee:** MAM BABYARTIKEL GESELLSCHAFT M.B.H.
DEGENGASSE 70
A-1160 VIENNA, AUSTRIA

**Correspondent:** ABELMAN, FRAYNE & SCHWAB
JAY S. CINAMON
150 EAST 42ND STREET
NEW YORK, NEW YORK 10017

### Assignment: 2

**Reel/Frame:** 020261/0321    **Recorded:** 12/18/2007    **Pages:** 3

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** BERANEK, ERNST W.    **Exec Dt:** 12/07/2007

**Assignee:** MAM BABYARTIKEL GESELLSCHAFT M.B.H.
DEGENGASSE 70
VIENNA, AUSTRIA A-1160

**Correspondent:** GREENBLUM & BERNSTEIN, P.L.C.
1950 ROLAND CLARKE PLACE
RESTON, VA 20191

Search Results as of: 01/14/2008 02:54 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |

### Declaration of Susanna Wagner

I, Susanna Wagner, declare upon personal knowledge that the following is true and correct:

1.  I am currently the Chief Operating Officer of MAM Babyartikel GesmbH ("MAM"). I have held this position since MARCH 1st, 1993

2.  MAM has made seven (7) sales total into the State of Texas, which sales occurred in the years between 2004 to 2007.

3.  MAM has no systematic or ongoing contacts with the State of Texas.

4.  MAM has no systematic or ongoing business transactions in the State of Texas.

5.  MAM has never maintained an office or other business establishment in the State of Texas.

6.  MAM owns no property in the State of Texas.

7.  MAM maintains no bank accounts in the State of Texas.

8.  MAM has no registered agents in the State of Texas.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: January 15, 2008

_____
Susanna Wagner

{J403203 00345557.DOC}

1