IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAM BABYARTIKEL GMBH,
a Company organized and
existing under the laws of Austria,

and

BAMED AG,
a Company organized and
existing under the laws of
Switzerland,

Plaintiffs,

v.

LUV N' CARE, LTD.,
a Louisiana Corporation,

and

MUNCHKIN, INC.,
a Delaware Corporation,

Defendants.

C.A. No. 07-608-***

**JURY TRIAL DEMANDED**

**<u>REPLY OF PLAINTIFFS MAM BABYARTIKEL GMBH AND BAMED AG</u>**

Plaintiffs MAM Babyartikel GmbH ("MAM Babyartikel") and Bamed AG ("Bamed", collectively with MAM Babyartikel, "Plaintiffs") hereby respond to the allegations in the Counterclaims filed on November 28, 2007, by Defendant Munchkin, Inc. ("Munchkin" or "Defendant") as set forth below in response to the numbered paragraphs of the Counterclaims:

## THE PARTIES

1. Plaintiffs admit that Munchkin is a Delaware Corporation having a principal place of business in California.

2. Plaintiff MAM Babyartikel admits that it is a corporation organized and exiting under the laws of Austria with its principal place of business at Lorenz-Mandl-Gasse 50, 1160 Wien, Austria.

3. Plaintiff Bamed admits that it is a corporation organized and existing under the laws of Switzerland with its principal place of business at Wilenstrasse 17, 8832 Wollerau, Switzerland.

## JURISDICTION AND VENUE

4. Plaintiffs admit that this purports to be a counterclaim for a declaratory judgment against United States Patent 6,514,275 (the "'275 patent") and United States Design Patent No. D441,083 (the "'083 design patent"). Plaintiffs deny the remaining allegations of this paragraph, and deny that Munchkin is entitled to the relief it requests.

5. Plaintiffs admit that they are subject to personal jurisdiction in this judicial district by virtue of having filed suit in this District.

6. Plaintiffs admit that this Court possesses subject matter jurisdiction over Munchkin's Counterclaims, and that venue is proper in this District.

## COUNT 1

## DECLARATORY JUDGMENT FOR PATENT NONINFRINGEMENT

7. Plaintiffs incorporate by reference, as though fully set forth, the preceding paragraphs of this Reply.

8. Plaintiffs admit the allegations set forth in this paragraph.

9. Plaintiffs admit the allegations set forth in this paragraph.

10. Plaintiffs deny the allegations set forth in this paragraph.

11. Plaintiffs deny the allegations set forth in this paragraph.

12. Plaintiffs admit that the statements set forth in this paragraph constitute one formulation of the test for determining infringement of a design patent.

13. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendant Munchkin's BLING brand pacifiers are designed and marketed to be reminiscent of a piece of jewelry, and therefore deny the allegations set forth in this paragraph.

14. Plaintiffs deny the allegations set forth in this paragraph.

15. Plaintiffs deny that the '083 design patent depicts a pacifier that is substantially identical in shape to the pacifier that is depicted in United States Design Patent D430,675. Plaintiff admits that Exhibit 3 purports to be a copy of United States Design Patent D430,675. Plaintiffs deny the remaining allegations set forth of this paragraph.

16. Plaintiffs admit that the patented design of the '083 design patent depicts a shield having, amongst other features, recesses or indentations in the top and bottom surfaces and in the two side surfaces. Plaintiffs deny the remaining allegations set forth of this paragraph.

17. Plaintiffs admit that the patented design of the '083 design patent depicts a pacifier having, amongst other features, holes disposed on each side of the pacifier knob within the shield. Plaintiffs deny the remaining allegations set forth in this paragraph.

18. Plaintiffs deny the allegations set forth in this paragraph.

19. Plaintiffs admit that the patented design of the '083 design patent depicts a shield

having, amongst other features, a generally smooth upper surface transitioning to a radiused edge on the outer portion of the shield. Plaintiffs deny the remaining allegations set forth in this paragraph.

20. Plaintiffs admit that the Munchkin products misappropriate features of the patented design of the '083 design patent. Plaintiffs deny the remaining allegations set forth in this paragraph.

21. Plaintiffs deny the allegations set forth in this paragraph.

22. Plaintiffs deny the allegations set forth in this paragraph.

23. Plaintiffs deny the allegations set forth in this paragraph.

24. Plaintiffs deny the allegations set forth in this paragraph.

**COUNT 2**

**DECLARATORY JUDGMENT FOR PATENT INVALIDITY**

25. Plaintiffs incorporate by reference, as though fully set forth, the preceding paragraphs of this Reply.

26. Plaintiffs deny the allegations set forth in this paragraph.

27. Plaintiffs deny the allegations set forth in this paragraph.

28. Plaintiffs deny the allegations set forth in this paragraph.

29. Plaintiffs deny the allegations set forth in this paragraph.

30. Plaintiffs deny the allegations set forth in this paragraph.

31. Plaintiffs deny the allegations set forth in this paragraph.

32. Plaintiffs deny the allegations set forth in this paragraph.

33. Plaintiffs deny the allegations set forth in this paragraph.

**COUNT 3**

**DECLARATORY JUDGMENT FOR INEQUITABLE CONDUCT AND FRAUD ON THE U.S. PATENT AND TRADEMARK OFFICE**

34. Plaintiffs incorporate by reference, as though fully set forth, the preceding paragraphs of this Reply.

35. Plaintiffs admit that individuals involved with the prosecution of a patent application before the United States Patent and Trademark Office have a duty of candor and good faith, which is described in Rule 56.

36. Plaintiffs deny the allegations set forth in this paragraph.

37. Plaintiffs deny that Peter Roehrig is the sole inventor of the '083 design patent according to the recordation documents filed in the United States Patent and Trademark Office assignment records.

38. Plaintiffs admit that the application that matured into the '083 design patent was filed in the United States Patent and Trademark Office on August 2, 2000.

39. Plaintiffs admit that an Office Action was mailed to the prosecuting law firm, Abelman, Frayne & Schwab located in New York, NY, and that the Office Action identified U.S. Patent No. 5,693,073 and U.S. Design Patent Nos. D430,675 and D334,064. Plaintiffs deny the remaining allegations set forth of this paragraph.

40. Plaintiffs admit that the application that matured into the '275 patent was filed by the prosecuting law firm, Ladas & Parry, in the United States Patent and Trademark Office on August 29, 2000. Plaintiffs deny the remaining allegations set forth of this paragraph.

41. Plaintiffs deny that either the application that matured into the '275 patent or the application that matured into the '083 design patent was directed to any product.

42. Plaintiffs deny that the prosecuting law firm, Ladas & Parry located in Chicago, Illinois, failed to advise the United States Patent and Trademark Office of the patent application that matured into the '083 design patent. "Austrian Design Application MU 483/2000 filed 9 February 2000" is identified on the Priority Claim in the Combined Power of Attorney.

43. Plaintiffs admit that the law firm, Ladas & Parry located in Chicago, Illinois, which prosecuting the application that matured into the '275 patent did not submit to the United States Patent and Trademark Office, all of the references cited in the Office Action mailed to the law firm, Abelman, Frayne & Schwab located in New York, NY, which was prosecuting the application that matured into the '083 design patent on November 8, 2000. Plaintiffs deny the remaining allegations set forth of this paragraph.

44. Plaintiffs deny the allegations set forth in this paragraph.

**DEMAND**

45. The allegations contained in the Demand do not require a response, but to the extent that the Demand contains additional allegations, Plaintiffs deny them all and deny that Munchkin is entitled to any relief from Plaintiffs.

Dated: January 22, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel: (302) 571-6600
Fax: (302) 571-1253

Attorneys for Plaintiffs MAM and Bamed

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, Esquire, hereby certify that on January 22, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III, Esquire
Jeffrey L. Moyer, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

I further certify that on January 22, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

John L. Knoble, Esquire
Grace S. Doe, Esquire
Knoble Yoshida & Dunleavy LLC
Eight Penn Center, Suite 1350
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103
jknoble@patentwise.com
gdoe@patentwise.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
apoff@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600

Attorney for Plaintiffs