IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH and BAMED AG, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-608-SLR |
| v. | ) ) | |
| LUV N' CARE, LTD. et al., | ) ) | |
| Defendants. | ) ) | (CONSOLIDATED) |
| | ) | |
| LUV N' CARE, LTD., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 08-213-SLR |
| BAMED AG, | ) ) | |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |

### ANSWER AND COUNTERCLAIMS OF DEFENDANT BAMED AG

Defendant Bamed AG ("Bamed") hereby responds to the allegations in the Complaint, deemed filed in this Court as of June 5, 2008, by Plaintiff Luv n care Ltd. ("Luv n care") as set forth below in response to the numbered paragraphs of the Complaint:

### BACKGROUND AND FACTS

1. Bamed admits that the following purports to be a claim for a declaratory judgment of patent invalidity and non-infringement. To the extent that any further response is necessary, Bamed denies the remainder of the allegations set forth in this paragraph.

2. Bamed admits that Luv n care's claims purport to arise pursuant to the United

States Patent Laws, 35 U.S.C. §1 et seq.  Bamed further admits that this Court possesses

jurisdiction over the subject matters of these claims.  To the extent that any further response is

necessary, Bamed denies the remainder of the allegations set forth in this paragraph.

3.      Bamed admits that venue is proper in this judicial District.

4.      Bamed is without sufficient information to form a response to the allegations set

forth in this paragraph, and therefore denies the same.

5.      Bamed admits that it is a corporation organized and existing under the laws of

Switzerland, with a place of business at Wilenstrasse 17, 8832 Wollerau, Switzerland.

6.      Bamed admits that it sent a letter dated November 7, 2006 asserting U.S. Patent

No. 6,524,275 and U.S. Patent No. D441,083, but denies the remainder of the allegations set

forth in this paragraph.

7.      Bamed admits that an actual controversy exists.  To the extent that any further

response is necessary, Bamed denies the remainder of the allegations set forth in this paragraph.

## FIRST CAUSE OF ACTION
## PATENT INVALIDITY AND UNENFORCEABILITY

8.      Bamed denies the allegations set forth in this paragraph.

9.      Bamed denies the allegations set forth in this paragraph.

10.     Bamed denies the allegations set forth in this paragraph.

11.     Bamed denies the allegations set forth in this paragraph.  Bamed further notes that

Luv n care's assertions of unenforceability are improper and that these assertions should be

dismissed for Luv n care's failure to plead unenforceability with specificity as required under

Fed. R. Civ. P. 9.

## SECOND CAUSE OF ACTION
## NONINFRINGEMENT

12.    Bamed denies the allegations set forth in this paragraph.

13.    Bamed denies the allegations set forth in this paragraph.

## THIRD CAUSE OF ACTION
## FAILURE TO COMPLY WITH 35 U.S.C. §287

14.    Bamed denies the allegations set forth in this paragraph.

15.    Bamed is without sufficient information to form a response to the allegations set forth in this paragraph, and therefore denies the same.

## PRAYER FOR JUDGEMNT

16.    The allegations contained in Luv n care's prayer for judgment do not require a response, but to the extent that the prayer for judgment contains additional allegations, Bamed denies them all and denies that Luv n care is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Luv n care's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Join Necessary and/or Indispensable Parties)

Luv n care's claims are barred because it has failed to join necessary and/or indispensable parties.

### THIRD AFFIRMATIVE DEFENSE
#### (Unclean Hands and Needlessly Multiplying the Litigation)

Luv n care is barred from any recovery under unclean hands for, *inter alia*, needlessly

multiplying the litigation.

### FOURTH AFFIRMATIVE DEFENSE
#### (Failure to Comply with Specificity Requirements of Fed. R. Civ. P. 9)

Luv n care's claims of unenforceability should be dismissed because Luv n care has

failed to comply with the requirements of Fed. R. Civ. P. 9.

### COUNTERCLAIMS

Counterclaim-Plaintiffs MAM Babyartikel GmbH ("MAM") and Bamed AG ("Bamed";

hereinafter with MAM collectively referred to as "Counterclaim-Plaintiffs") by and through their

attorneys, hereby demand a jury trial and allege, upon information and belief, in these

Counterclaims against Counterclaim-Defendant Luv n care, Ltd. (hereinafter referred to as "Luv

n care") as follows:

### THE PARTIES

1.      Counterclaim-Plaintiff MAM Babyartikel is a corporation, organized and existing

under the laws of Austria, with its principal place of business at Lorenz-Mandi-Gasse 50, 1160

Wien, Austria.

2.      Counterclaim-Plaintiff Bamed AG is a corporation, organized and existing under

the laws of Switzerland, with its principal place of business at Wilenstrasse 17, 8832 Wollerau,

Switzerland.

3.      Upon information and belief, Counterclaim-Defendant Luv n care is a corporation

organized and existing under the laws of Louisiana.

4.      Upon information and belief, Counterclaim-Defendant Luv n care's principal place of business is located at 3030 Aurora Avenue, Monroe, Louisiana 71201.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States of America, 35 U.S.C. §§ 101, et seq.

6.      Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§1331 and 1338.

7.      This Court can properly exercise personal jurisdiction over Counterclaim-Defendant Luv n care by virtue of the fact that Luv n care has stipulated and consented to personal jurisdiction before this Court.

8.      Venue for the present action properly lies in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## THE PATENTS-IN-SUIT

9.      United States Patent No. D441,083 (hereinafter referred to as "the '083 patent"), entitled "Pacifier", was duly and legally issued on April 24, 2001, and is generally directed to an ornamental design for a pacifier.   A true and correct copy of the '083 patent is attached hereto as Exhibit 1.

10.      Counterclaim-Plaintiff MAM Babyartikel is the assignee and owner of the '083 patent.

11.      United States Patent No. 6,514,275 (hereinafter referred to as "the '275 patent"), entitled "Pacifier", duly and legally issued on February 4, 2003, and is generally directed to a pacifier.   A true and correct copy of the '275 patent is attached hereto as Exhibit 2. (Hereinafter, the '083 patent and '275 patent are collectively referred to as the "Patents-in-Suit").

12.     Counterclaim-Plaintiff Bamed is the assignee and owner of the '275 patent.

13.     All maintenance fees for the Patents-in-Suit have been properly paid to the United States Patent & Trademark Office (hereinafter referred to as "the USPTO").

## BACKGROUND

14.     Counterclaim-Plaintiffs are in the business of developing, making, marketing, distributing, maintaining, and selling ornamental designed pacifiers.  Counterclaim-Plaintiffs' products are sold throughout the United States, including this District.

15.     Counterclaim-Defendant, Luv n care, makes pacifiers, including the Luv n care "Nuby Paci-flyers" pacifier, that infringes the Patents-in-Suit.  A true and correct photograph of the Luv n care "Nuby Paci-flyers" pacifier is attached hereto as Exhibit 3.

16.     Counterclaim-Defendant Luv n care makes, markets, sells, distributes, and/or maintains the above mentioned pacifiers through sales offices and retail outlets located within and throughout the United States, including the District of Delaware.

17.     Counterclaim-Defendant Luv n care filed a Declaratory Judgment Action against Plaintiff Bamed in the United States District Court for the Eastern District of Texas on December 1, 2006 (*Luv N Care, Ltd. v. Bamed AG*, C.A. No.: 4:06cv486; hereinafter referred to as "the Texas Action").  In response to Counterclaim-Plaintiffs' motion to dismiss the Texas Action, Counterclaim-Defendant Luv n care stipulated and agreed to transfer the Texas Action for consolidation with MAM and Bamed's instant patent infringement action pending in the District of Delaware (Civ. No. 07-608-SLR).  The Texas Action has now been transferred and consolidated.

18.     Counterclaim-Plaintiffs filed the complaint in the instant consolidated action in order to assert their rights, granted to them duly and legally by the USPTO, in the '275 and '083 patents.

## COUNT 1 – INFRINGEMENT OF THE '083 PATENT

19.     Counterclaim-Plaintiffs incorporate by reference the allegations of paragraphs 1 through 18 above, as if fully set forth herein.

20.     Counterclaim-Defendant Luv n care has infringed and continues to infringe the '083 patent in violation of 35 U.S.C. § 271, by making, marketing, selling, offering to sell, distributing, and/or maintaining pacifiers within the United States which incorporate the design claimed in the '083 patent without Counterclaim-Plaintiffs' authorization.

21.     Counterclaim-Plaintiffs have notified Counterclaim-Defendant Luv n care that such pacifiers infringe the '083 patent.

22.     Despite such notification, Counterclaim-Defendant Luv n care has refused to cease their infringing activities, and continue to infringe the '083 patent.

23.     Counterclaim-Plaintiffs have been and continue to be injured by Defendant Luv n care's infringement of the '083 patent because, among other reasons, Defendant Luv n care's actions have resulted in the wrongful diversion of sales and profits from Counterclaim-Plaintiffs. Counterclaim-Plaintiffs are also entitled to recover the full extent of Defendant Luv n care's profits pursuant to 35 U.S.C. § 289.

24.     Defendant Luv n care's acts of infringement of the '083 patent were done with full knowledge of the '083 patent. Upon information and belief, Defendant Luv n care has deliberately, intentionally and willfully disregarded Counterclaim-Plaintiffs' patent rights. Thus

Defendant Luv n care has willfully infringed the '083 patent, making this an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT 2 – INFRINGEMENT OF THE '275 PATENT

25.     Counterclaim-Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 18

above, as if fully set forth herein.

26.     Counterclaim-Defendant Luv n care has infringed and continues to infringe the '275 patent in violation of 35 U.S.C. § 271, by making, marketing, selling, offering to sell, distributing, and/or maintaining pacifiers within the United States which incorporate the invention claimed in the '275 patent without Counterclaim-Plaintiffs' authorization.

27.     Counterclaim-Plaintiffs have notified Counterclaim-Defendant Luv n care that, at least, the Luv n care "Nuby Paci-flyers" pacifier infringes the '275 patent.

28.     Despite such notification, Counterclaim-Defendant Luv n care has refused to cease its infringing activities, and continues to infringe the '275 patent.

29.     Counterclaim-Defendant's infringement of the '275 patent was and is done with full knowledge of the '275 patent. Upon information and belief, Counterclaim-Defendant Luv n care has deliberately, intentionally, and willfully disregarded Counterclaim-Plaintiffs' patent rights. Luv n care has thus willfully infringed the '275 patent, making this an exceptional case within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs seek a judgment against Counterclaim-Defendant Luv n care as follows:

a.      Declaring that Counterclaim-Defendant Luv n care has infringed the Patents-in-Suit.

b.      Awarding Counterclaim-Plaintiffs damages for Counterclaim-Defendant Luv n care's infringement of the Patents-in-Suit.

c.      Awarding to Counterclaim-Plaintiffs, Luv n care's total profits relating to Luv n care's infringement of the '083 patent, pursuant to 35 U.S.C. § 289.

d.      Declaring that Counterclaim-Defendant Luv n care's infringement of the Patents-in-Suit is and has been willful.

e.      Awarding Counterclaim-Plaintiffs treble damages for Counterclaim-Defendant Luv n care's willful infringement of the Patents-in-Suit, pursuant to 35 U.S.C. § 284.

f.      Permanently enjoining Counterclaim-Defendant Luv n care from further infringing the Patents-in-Suit in the future, where appropriate.

g.      Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Counterclaim-Plaintiffs' attorneys fees.

h.      Awarding Counterclaim-Plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim-Plaintiffs hereby demand a jury trial as to all issues so triable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Adam W. Poff (No. 3990)
Andrew W. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for MAM Babyartikel GmbH and
Bamed AG*

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

Dated:  June 25, 2008

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on June 25, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> David L. Finger, Esquire
> Finger & Slanina, LLC
> One Commerce Center, Suite 725
> 1201 North Orange Street
> Wilmington, DE 19801-1155

I further certify that on June 25, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Morris E. Cohen, Esquire
> Law Office of Morris E. Cohen, P.C.
> 1122 Coney Island Avenue, Suite 216-217
> Brooklyn, NY 11230
> mcohen@ipcases.com

> Joseph D. Guerriero
> Luv n' care, Ltd
> 3030 Aurora Avenue
> Monroe, LA 71201
> joed@luvncare.com

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP

> Adam W. Poff (No. 3990)
> apoff@ycst.com
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19899
> (302) 571-6600

# EXHIBIT 1

US00D441083S

(12) **United States Design Patent**    (10) Patent No.:    **US D441,083 S**
Roehrig    (45) Date of Patent:    ** **Apr. 24, 2001**

(54) **PACIFIER**

(75) Inventor: **Peter Roehrig**, Vienna (AT)

(73) Assignee: **Mam Babyartikel Gesellschaft m.b.H.,** Vienna (AT)

(**) Term: **14 Years**

(21) Appl. No.: **29/127,383**

(22) Filed: **Aug. 3, 2000**

(30)    **Foreign Application Priority Data**

Feb. 9, 2000    (AT) .......................................... MU 483/2000

(51) **LOC (7) Cl.** ....................................................... **24-04**
(52) **U.S. Cl.** ......................................................... **D24/194**
(58) **Field of Search** ..................................... D24/194, 193; 606/234, 235, 236

(56)    **References Cited**

U.S. PATENT DOCUMENTS

D. 334,064  *  3/1993  Fitzpatrick ........................... D24/194

D. 340,525  *  10/1993  Rohrig  .................................. D24/194
D. 393,074  *  3/1998  Fields et al. ......................... D24/194
D. 430,675  *  9/2000  Roehrig  ................................ D24/194
5,693,073  *  12/1997  Glick et al. ........................... 606/236

* cited by examiner

*Primary Examiner*—Stella Reid
(74) *Attorney, Agent, or Firm*—Abelman, Frayne & Schwab

(57)    **CLAIM**

The ornamental design for a pacifier, as shown and described.

**DESCRIPTION**

FIG. 1 is a front view showing the new pacifier design;
FIG. 2 is a rear view thereof;
FIG. 3 is a top plan view thereof;
FIG. 4 is a bottom plan view thereof;
FIG. 5 is a left side view thereof;
FIG. 6 is a right side view thereof; and,
FIG. 7 is a perspective view thereof.

**1 Claim, 7 Drawing Sheets**





# FIG. 1



# FIG. 2



# FIG. 3

Case 1:07-cv-00608-SLR-MPT    Document 48-2    Filed 06/25/2008    Page 6 of 15



# FIG. 4



# FIG. 5



# FIG. 6



# FIG. 7

# EXHIBIT 2

US006514275B2

(12) **United States Patent**     (10) **Patent No.:**     **US 6,514,275 B2**
Röhrig                              (45) **Date of Patent:**     **Feb. 4, 2003**

(54) **PACIFIER**

(75) Inventor: **Peter Röhrig**, Vienna (AT)

(73) Assignee: **Bamed AG**, Altenhofen (CH)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 122 days.

(21) Appl. No.: **09/725,782**

(22) Filed: **Nov. 29, 2000**

(65) **Prior Publication Data**

US 2001/0012952 A1 Aug. 9, 2001

(51) **Int. Cl.**$^7$ ................................................ **A61J 17/00**
(52) **U.S. Cl.** ........................................ **606/234; 606/236**
(58) **Field of Search** ................................ 606/234, 235, 606/236; D24/194, 195, 196, 197, 198; 601/46, 67, 80, 139–142

(56) **References Cited**

U.S. PATENT DOCUMENTS

3,964,489 A * 6/1976 Kesselring

| | | | |
|---|---|---|---|
| 4,195,638 A | | 4/1980 | Duckstein |
| 5,403,349 A | * | 4/1995 | Röhrig ......................... 606/236 |
| D391,641 S | * | 3/1998 | Fields et al. ................. D2/194 |
| D393,074 S | * | 3/1998 | Fields et al. ................. D2/194 |
| 5,759,195 A | * | 6/1998 | Fields et al. ................. 606/236 |
| 5,772,684 A | * | 6/1998 | Shrock ......................... 606/236 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| AT | 379508 | 6/1985 |
| DE | 2837438 | 8/1978 |
| DE | 3117348 | 6/1981 |
| DE | 3316824 | 5/1983 |

* cited by examiner

*Primary Examiner*—Gloria M. Hale
(74) *Attorney, Agent, or Firm*—Ladas & Parry

(57) **ABSTRACT**

A pacifier includes a generally lemniscate-shaped shield provided with retractions on its two longer sides in the middle thereof, and a nipple fastened in a central opening of the shield. The shield, on each of both sides of the central shield opening, includes but one lateral opening that reaches as far as to the edge of the shield while leaving a frame part.

**13 Claims, 1 Drawing Sheet**







FIG. 4



FIG. 3



FIG. 2



FIG. 1

US 6,514,275 B2

**1**

## PACIFIER

### FIELD OF THE INVENTION

The invention relates to a pacifier including a generally lemniscate-shaped shield provided with retractions on its two longer sides in the middle thereof, and a nipple fastened in a central opening of the shield.

From AT 379 508 B, a pacifier including a grid-shaped shield is known, wherein the grid holes constitute air-drying openings and are mutually separated by at least two central lip covering webs provided on both sides of the central opening and extending in the direction of the longer transverse axis of the nipple. Such a shield configuration entails the risk that the fingers of the infant are inserted in the openings of the shield and cannot be pulled out any more, being squeezed in the shield. Furthermore, the shield openings are insufficiently large so as to enable simple seizure by an adult.

In addition, pacifiers including a round or approximately lemniscate to oval-shaped pacifier shield are known, for instance, from DE 31 17 348 A, where the shield has several small holes distributed in the two shield sections on both sides of the nipple so as to impart a sieve-like aspect on the pacifier shield. Those holes, however, will frequently not suffice to guarantee sufficiently strong aeration and drying of the mouth region as well as saliva drainage.

U.S. Pat. No. 4,195,638 A as well as GB 112200 A describe pacifiers each including a shield having emergency respiration holes in the form of four small circular openings. Even those known pacifiers do not ensure sufficient aeration and saliva drainage in the mouth region.

DE 28 47 438 A discloses a pacifier including a shield that comprises several slit-shaped, curved openings provided around the central nipple opening and separated from one another by radial webs, which openings, on the one hand, cause an easier deformation of the shield and, on the other hand, are to function in the manner of a saliva collecting and draining channel. The overall surface of the openings is, however, relatively small as compared to the shield surface such that it cannot be safeguarded that the mouth region of the infant will be kept dry.

DE 33 16 824 A relates to a pacifier including a shield which likewise has four openings that are separated from one another by radial webs. Again, there is the risk of a finger of the infant being squeezed in the shield openings.

### SUMMARY OF THE INVENTION

It is an object of the invention to provide a pacifier which, when in use, ensures sufficient aeration of the mouth region and the drainage and drying of saliva possibly present in this region in order to avoid irritations, reddening or inflammations of the sensitive skin of the infant in that region; in addition, material savings should be feasible and existing regulations relating to the formation of shield openings for providing emergency respiration openings should be taken into account in order to eliminate the risk of squeezing of a finger of the infant; moreover, the pacifier should be readily seizable by an adult.

In the pacifier according to the invention, the shield, on each of both sides of the central shield opening, comprises but one lateral opening that reaches as far as to the shield edge while leaving a frame part. By providing but one lateral opening in the shield, on each side of the central opening of the shield, which opening reaches as far as to the shield edge

**2**

such that only a relatively small frame part defines the edge of the shield, it will be ensured that the lateral openings are large-surface openings allowing for sufficient aeration and saliva drying. When using the pacifier, saliva can thus be drained and dried such that the sensitive skin in the region of the mouth of the infant will remain dry even during an extended use of the pacifier and no irritations, reddening or inflammations will occur.

Since one respective lateral opening is provided on each of both sides of the central shield opening, the shield may be grasped in an extremely simple manner with the insertion of a finger into one of the large lateral openings being feasible. Since only one lateral opening is each provided per shield side and only a frame part of the shield is left, it is ensured that the lateral openings are sufficiently large to prevent the child's fingers from being squeezed in part of the pacifier shield. In case the pacifier is swallowed by an infant, the large lateral openings are also perfectly apt as emergency respiration openings allowing for continued breathing.

Since but one lateral opening is each provided on the shield sides, no webs or, more general, material regions are present between the lateral openings as in the known pacifiers, thus simplifying the manufacture of the pacifier. Also may the mass of the shield material be reduced to a minimum, thus likewise enabling simple and cost-effective production.

For reasons of symmetry, the central retractions of the shield may be designed to be equal on the two longer sides so as to avoid different upper and lower sides of the pacifier. Preferably, at least one retraction is designed in such a manner that sufficient nose freedom will be ensured in the nose region of the infant.

The shapes of the lateral openings may be realized in various ways, sharp edges and pointed corners being preferably avoided in order to minimize the risk of injury.

Since, furthermore, the shield is not provided with a number of openings mutually separated by webs, the pacifier according to the invention does not cause individual tissue parts to protrude through relatively small apertures or parts (the webs) of the shield to be impressed or pinched in the mouth region of the child, even during intensive suction.

Preferably, the shield frame parts, on the two shorter sides, each comprise an indentation located, in particular, in the region of the longitudinal axis of the shield. Such indentations provide for an elevated dimensional stability of the pacifier shield such that the frame parts exhibit an increased resistance to bending in addition to counteracting the protrusion of the lips. These indentations may have different dimensions and shapes, in particular with a view to obtaining finger-apt openings. Also in this case, it is advantageous if the indentations have no sharp edges, but have forms as round as possible. The depth of an indentation likewise may vary, yet should not exceed a certain depth so that reaching through the openings by a finger will not to be impeded.

A particularly advantageous pacifier is realized in that the two shield frame parts in one piece join a central circular shield part that includes the central opening for the nipple. The central upper and central lower lip regions are thereby held back surfacially so as to prevent the protrusion of the lips on those sites. Moreover, this ensures a stable configuration of the pacifier shield as a whole and, in particular, in the region of the nipple fastening, where also a grip cap covering the nipple fastening site may be attached on the side opposite the nipple, as is common practice. In addition, this renders feasible a particularly simple form of the shield,

US 6,514,275 B2

3

which may also be advantageous in respect to manufacturing processes. Furthermore, the shield frame parts—which, in the instance case, are strap-shaped—may be sufficiently firmly connected with the circular shield part. The central circular shield part allows for the safe clamping of the nipple on the shield within the central opening, where the size of the circular shield part may vary as a function of the size of the shield frame parts or the size of the nipple.

Particularly preferred is a pacifier in which the two frame parts have approximately U-shaped or C-shaped cross sectional profiles. Such profiles enhance the stiffness of the frame parts of the shield so as to practically avoid twisting, bending or buckling of said frame parts even if they are designed to be narrow. Basically, any other reinforcing profile is conceivable, yet the C shape or arcuate shape offers the advantage of automatically yielding rounded shapes, i.e., avoiding sharp edges.

Preferably, the round side or web side of the C-shaped cross sectional profile is oriented in the direction of the nipple. When using the pacifier, the round side of the frame parts will, thus, abut on the skin of the mouth region of the infant. This is more comfortable for the infant, because the shield frame parts will not cut into the skin in the mouth region of the infant even during intensive sucking.

An advantageous embodiment is offered in that the lateral openings, in the sense of the longitudinal axis, have a length of about 10 mm to 30 mm, preferably about 15 mm to 20 mm, and, transverse thereto, have a width of about 15 mm to 35 mm, preferably about 20 mm to 30 mm. These dimensions ensure the formation of a shield that complies with the stipulations regulating pacifier shield openings. The length or the width of the lateral openings may vary within these dimensions, wherein particularly large lateral openings are suitable, in particular, for infants who are prone to inflammations in the mouth region. On the other hand, the dimensions also may be adapted to the age of an infant, particularly large lateral openings being suitable for younger children using the pacifier over extended periods of time and causing more saliva to emerge from the mouth.

In the course of safety investigations it has been found that a child's finger will no longer get stuck in the event of round openings having diameters of 12 mm and, from a diameter of 14 mm, an adult may readily dip into the openings by a finger in order to hold the pacifier: it is, therefore, advantageous if the lateral openings have a clear width of at least 14 mm over their entire peripheries. In other words, this means that each of the two lateral openings has such a dimension and shape that a pin having a circular cross section and a diameter of 14 mm may be pushed through the opening.

Preferably, the nipple comprises an end bead and is fastened to the shield within the central opening by means of a wedge-shaped plug inserted in said opening. The end bead prevents the nipple from slipping through between the edge of the opening and the plug such that the nipple is firmly fixed in the shield, thereby eliminating the risk of the nipple being loosened and hence swallowed by the infant. Suitably, the plug is held in its clamped position by a grip cap. Another advantage resides in that this way of clamping the nipple on the shield merely requires little space, wherefor the central circular shield part can be kept small.

A particularly advantageous embodiment is provided in that the plug and the end bead of the nipple are covered by a cap fastened to the shield. Thereby, the nipple fastening is covered and secured, on the one hand, so as to prevent any undesired loosening of the nipple. On the other hand, the cap

4

may be designed to be readily seizable, thus serving as an (additional) grip.

According to a further aspect, the present invention provides a pacifier shield for a pacifier as described above.

BRIEF DESCRIPTION OF THE DRAWING

In the following, the invention will be explained in even more detail by way of a preferred exemplary embodiment illustrated in the drawing. Therein:

FIG. 1 is a view from below of a pacifier according to the invention;

FIG. 2 is a partially exploded side view of this pacifier;

FIG. 3 is a side view of this pacifier in the sense of arrow A of FIG. 2; and

FIG. 4 represents a cross sectional view through a shield frame part according to line IV—IV of FIG. 1.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

In the drawing, FIGS. 1 to 3 depict a pacifier 1 including an approximately lemniscate-shaped shield 3 which is provided with central retractions 2 on its two longer sides and a central opening 4 for fastening a nipple 5 to the shield 3. Lateral openings 6a, 6b are provided on both sides of the central opening 4 in the shield 3, which lateral openings extend as far as to the shield edge and there are delimited by strap-shaped shield frame parts 7 that join a central circular shield part 8 in one piece. In the region of the longitudinal axis (which, according to the illustration in FIG. 1, is horizontal) indentations 9 are provided on the two shorter sides of the shield 3. The shield frame parts 7 have C-shaped cross sectional profiles 7a, as is apparent from FIG. 4. The round web side 7b of the profile faces the nipple 5, whereas the two flange or rib ledges 7c, 7d are provided on the cap side.

FIG. 2 is a partially cut-open side view of the pacifier 1, wherein the wedge-shaped plug 12 and the end bead 11 of the nipple 5 are covered by a cap 10 fastened to the shield 3, for instance, by ultrasonic welding. The cap 10 prevents the plug 12 from moving back from the shield opening 4 such that the nipple 5 is securely held within the shield 3.

The lateral openings 6a, 6b are dimensioned such that a pin having a circular cross section and a diameter D of 14 mm may be passed therethrough in accordance with the representation of FIG. 1, i.e., in one of the four "corner" regions each, for instance 3a, of the shield 3, between the central shield part 8, the shield frame part 7 and its respective indentation 9.

In general, the lateral openings 6a, 6b in the sense of the longitudinal axis, for instance, have dimensions L ranging from 10 mm to 30 mm, preferably 15 mm to 20 mm, and transverse thereto, have widths or heights H from about 15 mm to 35 mm, preferably 20 mm to 30 mm.

What I claim is:

1. In a pacifier arrangement of the type including a generally lemniscate-shaped shield having two longer shield sides and two shorter shield sides and a central shield opening, retractions provided on said two longer shield sides in a middle thereof, and a nipple fastened in said central opening of said shield, the improvement wherein said shield comprises but one lateral opening each provided on one side of said central shield opening and reaching as far as to an edge of said shield while leaving a first shield frame part on one side of said central opening and a second shield frame part on the other side of said central opening.

US 6,514,275 B2

5

2. A pacifier arrangement as set forth in claim 1, wherein said first and second shield frame parts on said two shorter shield sides each comprise an indentation.

3. A pacifier arrangement as set forth in claim 2, wherein said indentation is located in the middle of each respective shorter shield side.

4. A pacifier arrangement as set forth in claim 1, further comprising a central circular shield part including said central shield opening for said nipple, and wherein said first and second shield frame parts join said central circular shield part in one piece.

5. A pacifier arrangement as set forth in claim 1, wherein each of said first and second shield frame parts has an approximately U-shaped cross sectional profile.

6. A pacifier arrangement as set forth in claim 1, wherein each of said first and second shield frame parts has an approximately C-shaped cross sectional profile.

7. A pacifier arrangement as set forth in claim 6, wherein said C-shaped cross sectional profile has a rounded web side oriented in the direction of the nipple.

8. A pacifier arrangement as set forth in claim 1, wherein said lateral opening, in a direction parallel to said longer

6

shield sides, has a length of about 10 mm to 30 mm and, transverse thereto, has a width of about 15 mm to 35 mm.

9. A pacifier arrangement as set forth in claim 1, wherein said lateral opening, in a direction parallel to said longer shield sides, has a length of about 15 mm to 20 mm and, transverse thereto, has a width of about 20 mm to 30 mm.

10. A pacifier arrangement as set forth in claim 1, wherein said lateral opening has a clear width of at least 14 mm over its entire periphery.

11. A pacifier arrangement as set forth in claim 1, further comprising an end bead provided on said nipple and a wedge-shaped plug inserted in said central shield opening to fasten said nipple to said shield in said central shield opening.

12. A pacifier arrangement as set forth in claim 11, further comprising a cap fastened to said shield to cover said plug and said end bead of said nipple.

13. A pacifier shield to be used in the pacifier arrangement set forth in claim 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 or 12.

*   *   *   *   *

# EXHIBIT 3

