IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH, and | ) | |
| BAMED AG, | ) | |
| | ) | |
| Plaintiffs and Counterclaim-Defendants | ) | |
| | ) | |
| v. | ) | C.A. No. 07-608 -SLR |
| | ) | |
| LUV N' CARE, LTD. and | ) | |
| MUNCHKIN INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants and Counterclaim-Plaintiffs. | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Luv n' care, Ltd. ("Luv n' care" or "Defendant") by and through its counsel, hereby answers the Complaint of Plaintiffs Mam Babyartikel, GMBH ("MAM") and Bamed AG ("Bamed," along "Mam" collectively identified as "Plaintiffs") as follows:

## ANSWER

Except as expressly admitted below, Luv n' care denies each and every allegation contained in the Complaint.

1.      Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "1" and therefore denies the same.

2.      Luv n' care admits the allegations contained in paragraph "2".

3.      Luv n' care admits the allegations contained in paragraph  "3".

4.      Luv n' care admits the allegations contained in paragraph  "4".

5.      Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "5" and therefore denies the same.

1

6.    Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "6" and therefore denies the same.

7.    Luv n' care admits that the patent laws of the United States are set forth in 35 U.S.C. §§ 101 *et seq.* and that this action purports to be brought thereunder but denies any of the remaining allegations contained in paragraph 7.

8.    Luv n' care admits that this Court has subject matter jurisdiction to hear patent actions pursuant to 28 U.S.C. §1331 and §1338, but denies any of the remaining allegations contained in paragraph 8.

9.    Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph  "9" and therefore denies the same.

10.    Luv n' care denies the allegations contained in paragraph "10".  However, Luv n' care has submitted to the personal jurisdiction of this Court pursuant to the terms of a stipulation entered into between the parties.

11.    Luv n' care denies the allegations contained in paragraph "11".  However, Luv n' care has submitted to venue in this Court pursuant to the terms of a stipulation entered into between the parties.

12.    Luv n' care admits that United States Patent No. D441,083 (the "083 Patent") entitled "Pacifier" was issued on April 24, 2001 and that a copy appears to be attached as Exhibit 1, but denies the remaining allegations contained in paragraph "12".

13.    Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "13" and therefore denies the same.

14.    Luv n' care admits that United States Patent No. 6,514,275 (the "275 Patent") entitled "Pacifier" was issued on February 4, 2003 and that a copy appears to be attached as Exhibit 2, but denies the remaining allegations in paragraph "14".

15.    Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "15" and therefore denies the same.

16.    Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "16" and therefore denies the same.

17.    Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "17" and therefore denies the same.

18.    Luv n' care admits that it makes a product identified as "Nuby Paci-flyers " and that a photograph of such a product appears to be attached as Exhibit 3, but denies the remaining allegations as to Luv n' care, including any allegations that its products infringe the patents-in-suit.  Luv n' care is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph  "19" with respect to Munchkin and therefore denies the same.

19.    Luv n' care denies the allegations contained in paragraph "19".

20.    Luv n' care admits that it filed a Declaratory Judgment Action against Plaintiff Bamed AG in the Eastern District of Texas on December 1, 2006.  Luv n' care also admits that Luv n' care received a 90-day extension to obtain a summons and make service on Plaintiff Bamed AG.  Luv n' care denies the remaining allegations contained in paragraph "20".

21.    Luv n' care denies the allegations contained in paragraph "21".

22.    Luv n' care repeats each response to paragraphs number "1" though "21" of the complaint as if fully set forth herein.

23.     Luv n' care denies the allegations contained in paragraph "23".

24.     Luv n' care denies the allegations contained in paragraph  "24".

25.     Luv n' care denies the allegations contained in paragraph "25".

26.     Luv n' care denies the allegations contained in paragraph "26".

27.     Luv n' care denies the allegations contained in paragraph "27".

28.     Luv n' care repeats each response to paragraphs number "1" though "28" of the complaint
        as if fully set forth herein.

29.     Luv n' care denies the allegations contained in paragraph "29".

30.     Luv n' care denies the allegations contained in paragraph "30".

31.     Luv n' care denies the allegations contained in paragraph "31".

32.     Luv n' care denies the allegations contained in paragraph "32".

33.     Luv n' care denies the allegations contained in paragraph "33".

34.     With respect to Plaintiffs' request for judgment and prayer for relief, Plaintiffs are not
        entitled to any of the relief prayed for in the Complaint, or to any other judgment or relief,
        and Luv n' care opposes all relief sought.


## AFFIRMATIVE DEFENSES

35.     Luv n' care sets forth the following defenses to Plaintiffs' claims in its Complaint.  Its
        assertion of defenses it is entitled to is not intended to alter the applicable burdens of proof
        on the parties, nor intended to limit its rights in any manner.

36.     Luv n' care expressly reserves the right to supplement the defenses below based upon any
        information of which it may become aware during the course of this action, and to assert any

further defenses, positions, claims and counterclaims that it becomes aware of during discovery or at trial, as applicable.

## FIRST AFFIRMATIVE DEFENSE

37. The asserted claims of the '083 and '275 patents are invalid and unenforceable for failure to comply with the conditions and requirements for patentability set forth in the patent statutes and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1 et seq, including, but not limited to, the requirements of 35 U.S.C. §§102, 103 and 112.

38. Examples of relevant prior art which was not disclosed to the Patent Office but which is directly material to the claims of the patents-in-suit, rendering them anticipated and obvious, have been produced to Plaintiffs during discovery, and will be further produced as applicable.

## SECOND AFFIRMATIVE DEFENSE

39. Luv n' care has not directly or indirectly infringed, actively induced, or contributed to the infringement of any valid claim of the '083 and '275 patents, and has not otherwise committed any acts that constitute infringement under 35 U.S.C. §271.

## THIRD AFFIRMATIVE DEFENSE

40. Plaintiffs have failed to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

41. Upon information and belief, Plaintiffs have failed to comply with the marking requirements of 35 U.S.C. §287, because Plaintiffs and/or any persons making or selling any patented article for it or under it, have failed to mark the patented articles with the number of the '083 and '275 patents, and are therefore, precluded from requesting or recovering damages for any alleged actions that occurred prior to actual notice to Luv n' care of Plaintiffs' claims.

## FIFTH AFFIRMATIVE DEFENSE

42.    Upon information and belief, Plaintiffs claims are barred under the doctrine of laches and/or the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

43.    Upon information and belief, Plaintiffs claims are barred under the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

44.    Upon information and belief, Plaintiffs are without standing to bring the present action.

## EIGHTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' claims are likewise barred by unclean hands for, *inter alia,* needlessly bringing and multiplying this meritless litigation on patents which are invalid, not infringed, and which were obtained through inequitable conduct.  Plaintiffs knew or should have known that the '083 and '275 patents are invalid and not infringed by Luv n' care and improperly obtained from the Patent Office, but have nonetheless brought and are maintaining this action to improperly exclude Luv n' care from the market.  Upon information and belief, the initiation and maintenance of this action is vexatious and a misuse of the judicial process.

## NINTH AFFIRMATIVE DEFENSE

46.    Upon information and belief, Plaintiffs' claims are barred by inequitable conduct.

47.    During the time that Plaintiffs were seeking patents from the Patent Office, Plaintiffs were aware of prior art directly material to the claims being pursued, but failed to disclose that prior art to the U.S. Patent Office.

48.    Such prior art includes the products of Plaintiff's U.S. affiliate, Sassy, Inc.  Images of those products from Sassy's website have been provided by Luv n' care during discovery.

49. Before and during prosecution of the patents-in-suit, those products were being widely displayed and offered for sale by Sassy.

50. Those products are material to the claims of the patents-in-suit.

51. During prosecution of the patents-in-suit before the Patent Office, Plaintiffs omitted disclosing those products to the Patent Office to conceal their existence, and to mislead the Patent Office into granting the patents-in-suit.

52. Plaintiffs' actions constitute inequitable conduct in violation of law.

## TENTH AFFIRMATIVE DEFENSE

53. Plaintiffs are not entitled to equitable relief due to adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

54. Plaintiffs are not entitled to injunctive relief under the standards applicable thereto.

## COUNTERCLAIMS

## BACKGROUND AND FACTS

55. The following claims are Luv n' care's counterclaims for a declaratory judgment of patent invalidity and non-infringement pursuant to 28 U.S.C. §§2201 and 2202.

56. These counterclaims arise under the United States Patent Laws, 35 U.S.C. §1 et seq. The Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§1331 and 1338 and/or pursuant to the stipulation of the parties.

57. Venue in proper in this judicial district for the present counterclaims under 28 U.S.C. §§1391 and 1400 and/or pursuant to the stipulation of the parties.

58. Counterclaim-Plaintiff Luv n' care is a corporation which is organized and existing under the laws of Louisiana, with a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

59.   Counterclaim-Defendant MAM is alleged to be a corporation, organized and existing under the laws of Austria, with its principal place of business at Lorenz-Mandi-Gasse 50, 1160 Wien, Austria.

60.   Counterclaim Defendant Bamed is alleged to be a corporation organized and existing under the laws of Switzerland, with its principal place of business at Wilenstrasse 17, 8832 Wollerau, Switzerland.

61.   Plaintiff MAM has alleged that it is the owner of U.S. Patent No. D441,083 (the "083 Patent"), and has brought suit against Luv n' care, claiming that Luv n' care has made and sold products that allegedly infringe the '083 patent.

62.   Plaintiff Bamed has alleged that it is the owner of U.S. Patent No. 6514,275 (the "275 Patent"), and has brought suit against Luv n' care, claiming that Luv n' care has made and sold products that allegedly infringe the '275 patent.

63.   By virtue of the Complaint filed in this matter, an actual controversy exists with Plaintiffs with respect to the patents-in-suit based on Plaintiffs allegations, as the '083 and the '275 patents are invalid and are not infringed by Luv n' care.

## FIRST COUNTERCLAIM:
## PATENT INVALIDITY PURSUANT TO 35 U.S.C. §112

64.   The asserted claims of the patents-in-suit are invalid for failure to comply with the conditions and requirements for patentability set forth in the patent statutes and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1 et seq.

65.   Pursuant to 35 U.S.C. §112, the claims of a patent must particularly point out and distinctly claim the subject matter which the applicant regards as its invention.

8

66.   Rather than doing so, the claims of the patents-in-suit are vague and ambiguous, such that the scope of the claims is unclear and indefinite.

67.   Furthermore, in view of the indefinite nature of the claims, the public has not been provided with adequate notice of the scope of the patents-in-suit.

68.   In view thereof, the patents-in-suit are legally invalid due to indefiniteness, for failure to comply with the requirements of 35 U.S.C. §112.

### SECOND COUNTERCLAIM:
### PATENT INVALIDITY PURSUANT TO 35 U.S.C. §102 AND §103

69.   The asserted claims of the patents-in-suit are invalid pursuant to 35 U.S.C. §102 and §103.

70.   The prior art includes numerous pacifiers and teething products having the claimed features of the patents-in-suit.

71.   Examples of such prior art, include, but are not limited to, the numerous pacifier and teething products and references relating thereto that have been produced by Luv n' care to the Counterclaim-Defendants MAM and Bamed in discovery and which are referenced in Luv n' care's Responses to the MAM and Bamed's interrogatories.

72.   Likewise, the claims of the patents-in-suit are also obvious variations on the pacifiers and teething products of the prior art.

73.   To the extent they can be construed, the claims of the patents-in-suit are anticipated and are obvious.

74.   As a result, the patents-in-suit are invalid pursuant to 35 U.S.C. §102 and §103.

### THIRD COUNTERCLAIM:
### NONINFRINGEMENT

75.   For infringement to be present, the accused product or method must fulfill each and every limitation set forth in valid claims of asserted patents.

76.    However, the claims of the patents-in-suit are invalid.

77.    In addition, Luv n' care's accused products do not meet the requirements set forth in the claims of the patents-in-suit.  The claims of the patents-in-suit are not and cannot be infringed by any products sold by Luv n' care, or by any activities of Luv n' care, either literally or under the doctrine of equivalents, based on established law and the doctrine of prosecution history estoppel.

78.    Luv n' care has not engaged in any infringement, nor directly infringed, actively induced, or contributed to infringement of any valid claim of the patents-in-suit under 35 U.S.C. §271.

79.    In addition, the patents-in-suit are too indefinite to afford those skilled in the art reasonable notice of their meaning and scope.  Due to their indefiniteness, infringement of the claims of the patents-in-suit cannot reasonably be maintained.

80.    Luv n' care also reserves the right to supplement its counterclaims and contentions upon further proceedings relating to its first counterclaim herein.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Luv n' care hereby demands a jury trial in this action as to all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, having responded to Plaintiffs Complaint, Defendant Luv n' care, Ltd. hereby prays for judgment as follows:

A.    That Luv n' care has not directly infringed, actively induced, or contributed to infringement of any valid claim of the '083 or '275 patents, nor committed any other infringement, and that it be granted a declaratory judgment of the same;

10

B.    That the '083 and '275 patents be declared invalid, void, and unenforceable, and that Luv n' care be granted a declaratory judgment of the same;

C.    That Plaintiffs' Complaint be dismissed in its entirety with prejudice, and that its requests for relief be denied;

D.    That Plaintiffs and their counsel, officers, agents, directors, and employees, and all persons in active concert or participation with any of them, be enjoined from directly or indirectly asserting or threatening to assert the '083 or '275 patent against Luv n' care, or any of its agents, officers, directors, employees, suppliers, or customers;

E.    That this case be deemed exceptional pursuant to 35 U.S.C. §285, that Luv n' care be awarded its reasonable attorneys' fees, costs, damages, and expenses, and that such award to Luv n' care be trebled; and,

F.    That the Court grants Luv n' care such other and further relief as it may deem just and proper.

Dated: June 27, 2008

 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
dfinger@delawgroup.com

Attorneys for Defendant and Counterclaim Plaintiff Luv n' Care

11

Of Counsel:

Morris E. Cohen, Esq.
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (telephone)
212-563-7108 (facsimile)
mcohen@ipcases.com (email)

Joseph D. Guerriero, Esq.
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (telephone)
318-388-5892 (facsimile)
joed@luvncare.com (email)