IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH, and<br>BAMED AG, | )<br>)<br>) | |
|     Plaintiffs and Counterclaim-Defendants | )<br>) | |
| v. | )<br>) | Cons. C.A. No. 07-608 -SLR |
| LUV N' CARE, LTD. | )<br>) | JURY TRIAL DEMANDED |
|     Defendant and Counterclaim-Plaintiff. | ) | |

## ANSWER TO COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Luv n' care, Ltd. in the transferred Texas action entitled Luv n' care, Ltd. v. Bamed AG set forth above ("Luv n' care") by and through its counsel, hereby answers the Counterclaims filed on June 25, 2008 by Defendants and Counterclaim-Plaintiffs Mam Babyartikel, GMBH ("MAM") and Bamed AG ("Bamed" and "Mam" collectively identified as, "Mam/Bamed", "Mam and Bamed" or "Defendants") in that transferred Texas action as follows:

Except as expressly admitted below, Luv n' care denies each and every allegation contained in the Affirmative Defenses and Counterclaims of Mam and Bamed.

## COUNTERCLAIMS

1. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "1" and therefore denies the same.

2. Luv n' care admits the allegations contained in Counterclaim paragraph "2".

3. Luv n' care admits the allegations of Counterclaim paragraph "3".

4. Luv n' care admits the allegations of Counterclaim paragraph "4".

5. Luv n' care admits that the patent laws of the United States are set forth in 35 U.S.C. §§ 101

1

*et seq.* and that the counterclaims purport to be brought thereunder but denies any of the remaining allegations contained in paragraph "5".

6. Luv n' care admits that this Court has subject matter jurisdiction to hear patent actions pursuant to 28 U.S.C. §1331 and §1338, but denies any remaining allegations contained in paragraph "6".

7. Luv n' care admits the allegations of Counterclaim paragraph "7".

8. Luv n' care denies the allegations contained in paragraph "8". However, Luv n' care has submitted to venue in this Court pursuant to the terms of a stipulation entered into between the parties and entered by the Court.

9. Luv n' care admits that United States Patent No. D441,083 (the "083 Patent") entitled "Pacifier" was issued on April 24, 2001 and that a copy appears to be attached as Exhibit 1, but denies the remaining allegations contained in paragraph "9".

10. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "10" and therefore denies the same.

11. Luv n' care admits that United States Patent No. 6,514,275 (the "275 Patent") entitled "Pacifier" was issued on February 4, 2003 and that a copy appears to be attached as Exhibit 2, but denies the remaining allegations in paragraph "11".

12. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "12" and therefore denies the same.

13. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "13" and therefore denies the same.

14. Luv n' care denies the allegations of paragraph "14".

15. Luv n' care admits that a photograph of a "Nuby Paci-flyers" product appears to be attached

as Exhibit 3, but denies the remaining allegations of paragraph "15", including any allegations that Luv n' care's products infringe the patents-in-suit.

16. Luv n' care denies the allegations contained in paragraph "16".

17. Luv n' care admits that it filed a Declaratory Judgment Action against Plaintiff Bamed AG in the Eastern District of Texas on December 1, 2006, that the parties stipulated and agreed to consolidate the actions in Texas and Delaware in a single action in Delaware, and that the Texas Action has been transferred and consolidated in Delaware. Luv n' care denies the remaining allegations of paragraph "17" to the extent they mischaracterize the sequence of events and the reasons for transfer and consolidation.

18. Luv n' care denies the allegations of paragraph "18".

19. Luv n' care reiterates and repeats its responses to the allegations of paragraphs "1" through "18" above, as if fully set forth herein.

20. Luv n' care denies the allegations contained in paragraph "20".

21. Luv n' care denies the allegations contained in paragraph "21".

22. Luv n' care denies the allegations contained in paragraph "22".

23. Luv n' care denies the allegations contained in paragraph "23".

24. Luv n' care denies the allegations contained in paragraph "24".

25. Luv n' care reiterates and repeats its responses to the allegations of paragraphs "1" through "18" above, as if fully set forth herein.

26. Luv n' care denies the allegations contained in paragraph "26".

27. Luv n' care denies the allegations contained in paragraph "27".

28. Luv n' care denies the allegations contained in paragraph "28".

29. Luv n' care denies the allegations contained in paragraph "29".

30. With respect to Plaintiffs' request for judgment and prayer for relief, Plaintiffs are not entitled to any of the relief prayed for in the Complaint, or to any other judgment or relief, and Luv n' care opposes all relief sought.

## AFFIRMATIVE DEFENSES

1. Luv n' care sets forth the following defenses to Mam and Bamed's Counterclaims. Its assertion of defenses it is entitled to is not intended to alter the applicable burdens of proof on the parties, nor intended to limit its rights in any manner.

2. Luv n' care expressly reserves the right to supplement the defenses below based upon any information of which it may become aware during the course of this action, and to assert any further defenses, positions, claims and counterclaims that it becomes aware of during discovery or at trial, as applicable.

## FIRST AFFIRMATIVE DEFENSE

3. The asserted claims of the '083 and '275 patents are invalid and unenforceable for failure to comply with the conditions and requirements for patentability set forth in the patent statutes and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1 et seq, including, but not limited to, the requirements of 35 U.S.C. §§102, 103 and 112.

4. Examples of relevant prior art which was not disclosed to the Patent Office but is directly material to the claims of the patents-in-suit, rendering them anticipated and obvious, have been produced to Mam and Bamed during discovery, and will be further produced as applicable.

## SECOND AFFIRMATIVE DEFENSE

5. Luv n' care has not directly or indirectly infringed, actively induced, or contributed to the infringement of any valid claim of the '083 and '275 patents, and has not otherwise committed any acts that constitute infringement under 35 U.S.C. §271.

### THIRD AFFIRMATIVE DEFENSE

6. Mam and Bamed have failed to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

7. Upon information and belief, Mam and Bamed have failed to comply with the marking requirements of 35 U.S.C. §287, because they and/or any persons making or selling any patented article for it or under it, have failed to mark the patented articles with the number of the '083 and '275 patents, and are therefore, precluded from requesting or recovering damages for any alleged actions that occurred prior to actual notice to Luv n' care of Mam and Bamed's claims.

### FIFTH AFFIRMATIVE DEFENSE

8. Upon information and belief, Mam and Bamed's claims are barred under the doctrine of laches and/or the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

9. Upon information and belief, Mam and Bamed's claims are barred under the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

10. Upon information and belief, Mam and Bamed are without standing to bring the present action.

### EIGHTH AFFIRMATIVE DEFENSE

11. Mam and Bamed's claims are likewise barred by unclean hands for, *inter alia,* needlessly bringing and multiplying this meritless litigation on patents which are invalid, not infringed, and which were obtained through inequitable conduct. Mam and Bamed knew or should have known that the '083 and '275 patents are invalid and not infringed by Luv n' care and improperly obtained from the Patent Office, but have nonetheless brought and are maintaining this action to improperly exclude Luv n' care from the market. Upon information and belief, the initiation and maintenance of this action is vexatious and a misuse of the judicial process.

## NINTH AFFIRMATIVE DEFENSE

12. Upon information and belief, the claims of Defendants Mam and Bamed re barred by inequitable conduct.

13. During the time that the Defendants were seeking patents from the Patent Office, they were aware of prior art directly material to the claims being pursued, but failed to disclose that prior art to the U.S. Patent Office.

14. Such prior art includes the products of the Defendants' U.S. affiliate, Sassy, Inc. Images of those products from Sassy's website have been provided by Luv n' care during discovery.

15. Before and during prosecution of the patents-in-suit, those products were being widely displayed and offered for sale by Sassy.

16. Those products are material to the claims of the patents-in-suit.

17. During prosecution of the patents-in-suit before the Patent Office, the Defendants omitted disclosing those products to the Patent Office to conceal their existence, and to mislead the Patent Office into granting the patents-in-suit.

18. The Defendants' actions constitute inequitable conduct in violation of law.

## TENTH AFFIRMATIVE DEFENSE

19. Mam and Bamed are not entitled to equitable relief due to adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Mam and Bamed are not entitled to injunctive relief under the standards applicable thereto.

## TWELFTH AFFIRMATIVE DEFENSE

21. Mam and Bamed's claims are barred because they have failed to join necessary and/or indispensable parties.

Dated: July 15, 2008

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
dfinger@delawgroup.com

Of Counsel:
Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (telephone)
212-563-7108 (facsimile)
mcohen@ipcases.com (email)

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (telephone)
318-388-5892 (facsimile)
joed@luvncare.com (email)

Attorneys for Defendant and Counterclaim Plaintiff Luv n' care, Ltd.