IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAM BABYARTIKEL GMBH, and BAMED AG, | ) ) ) |
| Plaintiffs and Counterclaim-Defendants | ) ) |
| v. | ) Cons. C.A. No. 07-608 -SLR ) |
| LUV N' CARE, LTD.. | ) JURY TRIAL DEMANDED ) |
| Defendant and Counterclaim-Plaintiff. | ) |

## AMENDED ANSWER TO COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Luv n' care, Ltd. in the transferred Texas action entitled Luv n' care, Ltd. v. Bamed AG set forth above ("Luv n' care") by and through its counsel, hereby answers the Counterclaims filed on June 25, 2008 by Defendants and Counterclaim-Plaintiffs Mam Babyartikel, GMBH ("MAM") and Bamed AG ("Bamed" and "Mam" collectively identified as, "Mam/Bamed", "Mam and Bamed" or "Defendants") in that transferred Texas action as follows:

Except as expressly admitted below, Luv n' care denies each and every allegation contained in Counterclaims of Mam and Bamed.

1. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "1" and therefore denies the same.

2. Luv n' care admits the allegations contained in Counterclaim paragraph "2".

3. Luv n' care admits the allegations of Counterclaim paragraph "3".

4. Luv n' care admits the allegations of Counterclaim paragraph "4".

5. Luv n' care admits that the patent laws of the United States are set forth in 35 U.S.C. §§ 101 *et seq.* and that the counterclaims purport to be brought thereunder but denies any of the remaining allegations contained in paragraph "5".

6. Luv n' care admits that this Court has subject matter jurisdiction to hear patent actions pursuant to 28 U.S.C. §1331 and §1338, but denies any remaining allegations contained in paragraph "6".

7. Luv n' care admits the allegations of Counterclaim paragraph "7".

8. Luv n' care denies the allegations contained in paragraph "8". However, Luv n' care has submitted to venue in this Court pursuant to the terms of a stipulation entered into between the parties and entered by the Court.

9. Luv n' care admits that United States Patent No. D441,083 (the "083 Patent") entitled "Pacifier" was issued on April 24, 2001 and that a copy appears to be attached as Exhibit 1, but denies the remaining allegations contained in paragraph "9".

10. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "10" and therefore denies the same.

11. Luv n' care admits that United States Patent No. 6,514,275 (the "275 Patent") entitled "Pacifier" was issued on February 4, 2003 and that a copy appears to be attached as Exhibit 2, but denies the remaining allegations in paragraph "11".

12. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "12" and therefore denies the same.

13. Luv n' care lacks information sufficient to form a belief as to the allegations contained in paragraph "13" and therefore denies the same.

14. Luv n' care denies the allegations of paragraph "14".

15. Luv n' care admits that a photograph of a "Nuby Paci-flyers" product appears to be attached as Exhibit 3, but denies the remaining allegations of paragraph "15", including any allegations that Luv n' care's products infringe the patents-in-suit.

16. Luv n' care denies the allegations contained in paragraph "16".

17. Luv n' care admits that it filed a Declaratory Judgment Action against Plaintiff Bamed AG in the Eastern District of Texas on December 1, 2006, that the parties stipulated and agreed to consolidate the actions in Texas and Delaware in a single action in Delaware, and that the Texas Action has been transferred and consolidated in Delaware. Luv n' care denies the remaining allegations of paragraph "17" to the extent they mischaracterize the sequence of events and the reasons for transfer and consolidation.

18. Luv n' care denies the allegations of paragraph "18".

19. Luv n' care reiterates and repeats its responses to the allegations of paragraphs "1" through "18" above, as if fully set forth herein.

20. Luv n' care denies the allegations contained in paragraph "20".

21. Luv n' care denies the allegations contained in paragraph "21".

22. Luv n' care denies the allegations contained in paragraph "22".

23. Luv n' care denies the allegations contained in paragraph "23".

24. Luv n' care denies the allegations contained in paragraph "24".

25. Luv n' care reiterates and repeats its responses to the allegations of paragraphs "1" through "18" above, as if fully set forth herein.

26. Luv n' care denies the allegations contained in paragraph "26".

27. Luv n' care denies the allegations contained in paragraph "27".

28. Luv n' care denies the allegations contained in paragraph "28".

29. Luv n' care denies the allegations contained in paragraph "29".

30. With respect to Plaintiffs' request for judgment and prayer for relief, Plaintiffs are not entitled to any of the relief prayed for in the Complaint, or to any other judgment or relief, and Luv n' care opposes all relief sought.

## AFFIRMATIVE DEFENSES

1. Luv n' care sets forth the following defenses to Mam and Bamed's Counterclaims. Its assertion of defenses it is entitled to is not intended to alter the applicable burdens of proof on the parties, nor intended to limit its rights in any manner.

2. Luv n' care expressly reserves the right to supplement the defenses below based upon any information of which it may become aware during the course of this action, and to assert any further defenses, positions, claims and counterclaims that it becomes aware of during discovery or at trial, as applicable.

## FIRST AFFIRMATIVE DEFENSE

3. The asserted claims of the '083 and '275 patents are invalid and unenforceable for failure to comply with the conditions and requirements for patentability set forth in the patent statutes and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1 *et seq*. These include, but are not limited to, the provisions of law with respect to patentability over prior art, disclosure and claiming requirements, and inventorship, as set forth in 35 U.S.C. §§102, 103 and 112, *et seq*.

4. Examples of relevant prior art which was not disclosed to the Patent Office but is directly material to the claims of the patents-in-suit, rendering them anticipated and obvious, have been produced to Plaintiffs during discovery, and will be further produced as applicable.

## SECOND AFFIRMATIVE DEFENSE

5. Luv n' care has not directly or indirectly infringed, actively induced, or contributed to the infringement of any valid claim of the '083 and '275 patents, and has not otherwise committed any acts that constitute infringement under 35 U.S.C. §271.

### THIRD AFFIRMATIVE DEFENSE

6. Mam and Bamed have failed to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

7. Upon information and belief, Mam and Bamed have failed to comply with the marking requirements of 35 U.S.C. §287, because they and/or any persons making or selling any patented article for it or under it, have failed to mark the patented articles with the number of the '083 and '275 patents, and are therefore, precluded from requesting or recovering damages for any alleged actions that occurred prior to actual notice to Luv n' care of Mam and Bamed's claims.

### FIFTH AFFIRMATIVE DEFENSE

8. Upon information and belief, Mam and Bamed's claims are barred under the doctrine of laches and/or the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

9. Upon information and belief, Mam and Bamed's claims are barred under the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

10. Upon information and belief, Mam and Bamed are without standing to bring the present action.

### EIGHTH AFFIRMATIVE DEFENSE

11. Mam and Bamed's claims are likewise barred by unclean hands for, *inter alia,* needlessly bringing and multiplying this meritless litigation on patents which are invalid, not infringed, and which were obtained through inequitable conduct. Mam and Bamed knew or should have known that the '083 and '275 patents are invalid and not infringed by Luv n' care and improperly obtained from the Patent Office, but have nonetheless brought and are maintaining this action to improperly exclude Luv n' care from the market. Upon information and belief, the initiation and maintenance of this action is vexatious and a misuse of the judicial process.

## NINTH AFFIRMATIVE DEFENSE

12. Due to inequitable conduct by Mam and Bamed and Peter Rohrig, their claims are barred and the patents-in-suit are unenforceable.

13. During prosecution of the patents-in-suit before the U.S. Patent Office, Peter Rohrig, Bamed, and Mam were aware of prior art directly material to the claims they were pursuing and concealed that prior art from the Patent Office to deceive it into granting them patents. Such prior art includes the products of their U.S. affiliate, Sassy, Inc. ("Sassy"), which were publicly displayed, offered for sale, and sold in the United States more than one year before the filing of the patents-in-suit.

14. Images of those products from Sassy's website are attached as Exhibit A hereto. *See,* LNC 0787-0788 (highlighted products).

15. Those Sassy products were publicly displayed in the United States on Sassy's website, offered for sale, and sold on or before June 1998.

16. Upon information and belief, Peter Rohrig, the named inventor on the patents-in-suit, was aware of those prior products when the patents-in-suits were prosecuted before the Patent Office.

17. Upon information and belief, the employees, officers and members of Bamed and Mam were also aware of those prior products. Bamed, Mam, and Rohrig were well aware of the products being offered by their U.S. affiliate.

18. The products of Exhibit A were being widely publicly displayed, offered for sale, and sold in the United States in 1998, and were concurrently disclosed in printed publications worldwide. Those activities in 1998 were all more than one year before the filing of the patents-in-suit in 2000. As such, those products are prior art to the patents-in-suit under 35 U.S.C. §§ 102(a) and 102(b).

19. Those products are directly material to the claims of the patents-in-suit.

20. As teething products for babies and young children, the Sassy products are directly related and relevant to those claims.

21. During prosecution, Applicant claimed that his alleged invention improves over prior products, "the improvement wherein said shield comprises but one lateral opening each provided on one side of said central shield opening and reaching as far as to an edge of said shield while leaving a first shield frame part on one side of said central opening and a second shield frame part on the other side of said central opening". *See e.g.,* '275 utility patent claim 1, and the claim of the '083 design patent.

22. To the extent that the patents-in-suit can be construed, the features of this "improvement" were previously taught and suggested by the Sassy prior art products, such that the claims of the patents-in-suit are anticipated by, and are obvious over, those prior products.

23. During prosecution, Rohrig, Bamed, and Mam were aware of the similarities between the Sassy products and the products they were attempting to patent.

24. Under the duty of candor set forth by law, Rohrig, Bamed, and/or Mam were required to disclose the existence of the Sassy products to the Patent Office during prosecution.

25. Instead, they concealed those products from the Patent Office to mislead the Patent Office into granting them patents.

26. Due to their actions, the PTO was misled into granting the patents-in-suit.

27. Bamed, Mam, and Rohrig's actions constitute inequitable conduct in violation of law, such that the claims of the patents-in-suit are unenforceable.

## TENTH AFFIRMATIVE DEFENSE

28. Mam and Bamed are not entitled to equitable relief due to adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

29. Mam and Bamed are not entitled to injunctive relief under the standards applicable thereto.

## TWELFTH AFFIRMATIVE DEFENSE

30. Mam and Bamed's claims are barred because they have failed to join necessary and/or indispensable parties.

## PRAYER FOR RELIEF

WHEREFORE, having responded to Bamed and Mams' Counterclaims, Luv n' care, Ltd. hereby prays for judgment as follows:

A. That Luv n' care has not directly infringed, actively induced, or contributed to infringement of any valid claim of the '083 or '275 patents, nor committed any other infringement, and that it be granted a declaratory judgment of the same;

B.  That the '083 and '275 patents be declared invalid, void, and unenforceable, and that Luv n' care be granted a declaratory judgment of the same;

C.  That the Counterclaims be dismissed in their entirety with prejudice, and that the requests for relief be denied;

D.  That Bamed, Mam, and their counsel, officers, agents, directors, and employees, and all persons in active concert or participation with any of them, be enjoined from directly or indirectly asserting or threatening to assert the '083 or '275 patent against Luv n' care, or any of its agents, officers, directors, employees, suppliers, or customers;

E.  That this case be deemed exceptional pursuant to 35 U.S.C. §285, that Luv n' care be awarded its reasonable attorneys' fees, costs, damages, and expenses, that such award to Luv n' care be trebled, and that Luv n' care be granted pre-judgment and post-judgment interest on all sums awarded; and,

F.  That the Court grants Luv n' care such other and further relief as it may deem just and proper.

Dated: July 23, 2008

/s/ David L. Finger  
David L. Finger (DE Bar ID #2556)  
Finger & Slanina, LLC  
One Commerce Center  
1201 Orange Street, Suite 725  
Wilmington, DE 19801-1155  
(302) 884-6766  
dfinger@delawgroup.com

\

Of Counsel:

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
212-244-4111 x226 (telephone)
212-563-7108 (facsimile)
mcohen@ipcases.com (email)

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
318-338-3603 (telephone)
318-388-5892 (facsimile)
joed@luvncare.com (email)

Attorneys for Luv n' care, Ltd.





# Innovation for the Early Years

Thank you for stopping by the Sassy® *Innovation for the Early Years* web site. We encourage you to explore our **learning center**, locate products in our **product catalog** and join with other parents sharing ideas in our **Parent's Club** online community.

*-- The Sassy Team*



Sassy has a wide range of educational and stimulating products for your child.

- Developmental Toys
- Soothing
- Feeding
- Bathing, Seating, and Health Care



Covering your child's developmental growth from birth through 18 months

- Moving and Exploring
- Interacting and Feeling
- Communicating and Talking
- Thinking and Learning



Services to help you around our site.

- Store Locations
- Site Search
- Site Map
- Contact Us



Join with other parents in our online community.

- Join the Club
- Parent's Forum
- Pointers for Parents
- Informational Links

**Did You Know?**
Most babies learn to say "dada" and "mama" at age 9-12 months.
**MORE ▶**

EXHIBIT A



Customer Service 616.243.0767

Site developed and hosted by Third Coast Networks. Content Copyright © 1997 Sassy, Inc. All Rights Reserved.