IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAM BABYARTIKEL GMBH and BAMED AG, <br><br> Plaintiffs, <br><br> v. <br><br> LUV N' CARE, LTD. et al., <br><br> Defendants. | Civ. No. 07-608-SLR <br> (consolidated) |
| LUV N' CARE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BAMED AG, <br><br> Defendant. | Civ. No. 08-213-SLR <br><br> **JURY TRIAL DEMANDED** |

## REPLY OF PLAINTIFFS MAM BABYARTIKEL GMBH AND BAMED AG

Plaintiffs MAM Babyartikel GmbH ("MAM") and Bamed AG ("Bamed")( collectively hereinafter, "Plaintiffs") hereby respond to the allegations in the Amended Counterclaims filed in this Court on July 23, 2008, by Defendant Luv n' care Ltd. ("Luv n' care") as set forth below in response to the numbered paragraphs of the Counterclaims:

### BACKGROUND AND FACTS

65. Plaintiffs admit that the following purports to be a claim for a declaratory judgment of patent invalidity and non-infringement. To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

00481266

1

66.     Plaintiffs admit that Luv n care's Counterclaims purport to arise pursuant to the United States Patent Laws, 35 U.S.C. §1 et seq. Plaintiffs further admit that this Court possesses subject matter jurisdiction over the of the Counterclaims. To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

67.     Plaintiffs admit that venue is proper in this judicial District.

68.     Based upon information, belief, and Defendant Luv n' care's representations, Plaintiffs admit that the allegations set forth in this paragraph.

69.     Plaintiff MAM Babyartikel admits that it is a corporation, organized and existing under the laws of Austria, with its principal place of business at Lorenz-Mandl-Gasse 50, 1160 Wien, Austria.

70.     Plaintiff Bamed admits that it is a corporation organized and existing under the laws of Switzerland, with a place of business at Wilenstrasse 17, 8832 Wollerau, Switzerland.

71.     Plaintiff MAM admits that it is the owner of record of the duly and legally issued U.S. Patent No. D441,083 ("the '083 patent") and that certain of Defendant Luv n' care's pacifiers, including, but not limited to, Luv n' care's "Nuby Paci-flyers" pacifier, infringe the '083 patent.

72.     Plaintiff Bamed admits that it is the owner of record of the duly and legally issued U.S. Patent No. 6,514,275 ("the '275 patent") and that certain of Defendant Luv n care's pacifiers, including, but not limited to, Luv n' care's "Nuby Paci-flyers" pacifier, infringe the '275 patent.

73.     Plaintiffs admit that an actual controversy exists based on the Complaint filed against Luv n' care for patent infringement by Plaintiffs MAM and Bamed. Plaintiffs deny that the

'083 and '275 patents are invalid and not infringed by Luv n' care. To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

**FIRST COUNTERCLAIM**
**PATENT INVALIDITY PURSUANT TO 35 U.S.C. § 112**

74.     Plaintiffs deny the allegations set forth in this paragraph.

75.     Plaintiffs admit that 35 U.S.C. § 112, second paragraph, states, "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

76.     Plaintiffs deny the allegations set forth in this paragraph.

77.     Plaintiffs deny the allegations set forth in this paragraph.

78.     Plaintiffs deny the allegations set forth in this paragraph.

**SECOND COUNTERCLAIM**
**PATENT INVALIDITY PURSUANT TO 35 U.S.C. § 102 AND § 103**

79.     Plaintiffs deny the allegations set forth in this paragraph.

80.     Plaintiffs deny the allegations set forth in this paragraph.

81.     Plaintiffs deny the allegations set forth in this paragraph.

82.     Plaintiffs deny the allegations set forth in this paragraph.

83.     Plaintiffs deny the allegations set forth in this paragraph.

84.     Plaintiffs deny the allegations set forth in this paragraph.

## THIRD COUNTERCLAIM
## NONINFRINGEMENT

85. Plaintiffs admit that the Courts have stated that every element of the claim must be satisfied, either literally or under the doctrine of equivalents, in the accused device or method in order for infringement to be properly found. To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

86. Plaintiffs deny the allegations set forth in this paragraph.

87. Plaintiffs deny the allegations set forth in this paragraph.

88. Plaintiffs deny the allegations set forth in this paragraph.

89. Plaintiffs deny the allegations set forth in this paragraph.

## FOURTH COUNTERCLAIM
## UNENFORCEABILITY

90. Plaintiffs deny the allegations set forth in this paragraph.

91. Plaintiffs deny the allegations set forth in this paragraph.

92. Plaintiffs admit that Defendant Luv n' care has attached an Exhibit A that purports to be a print out of the Sassy web site dated November 15, 2006. To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

93. Plaintiffs are without sufficient information to form a belief as to the allegations, and therefore deny the allegations set forth in this paragraph. Plaintiffs, however, note that the web site was printed out on November 15, 2006, and Defendant Luv n care has provided nothing but an unsupported conclusory statement that such products were available in 1998.

94. Plaintiffs deny the allegations set forth in this paragraph.

95. Plaintiffs deny the allegations set forth in this paragraph.

96. Plaintiffs are without sufficient information to form a belief as to the allegations, and therefore deny the allegations set forth in this paragraph. Plaintiffs, however, note that the web site was printed out on November 15, 2006, and Defendant Luv n care has provided nothing but an unsupported conclusory statement that such products were available in 1998.

97. Plaintiffs deny the allegations set forth in this paragraph.

98. Plaintiffs deny the allegations set forth in this paragraph.

99. Plaintiffs admit that the '275 patent claim language includes, "the improvement wherein said shield comprises but one lateral opening each provided on one side of said central shield opening and reaching as far as to an edge of said shield while leaving a first shield frame part on one side of said central opening. . . .", but denies that such language is found in the claim of the '083 patent. To the extent that any further response is necessary, Plaintiffs deny the remainder of the allegations set forth in this paragraph.

100. Plaintiffs deny the allegations set forth in this paragraph.

101. Plaintiffs deny the allegations set forth in this paragraph.

102. Plaintiffs deny the allegations set forth in this paragraph.

103. Plaintiffs deny the allegations set forth in this paragraph.

104. Plaintiffs deny the allegations set forth in this paragraph.

105. Plaintiffs deny the allegations set forth in this paragraph.

106. Plaintiffs deny the allegations set forth in this paragraph.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable.

## PRAYER FOR JUDGMENT

The allegations contained in Luv n' care's prayer for relief do not require a response, but

to the extent that the prayer for judgment contains additional allegations, Plaintiffs deny them all and denies that Luv n' care is entitled to any relief.

Dated: August 12, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Adam W. Poff (No. 3990)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel: (302) 571-6600
Fax: (302) 571-1253

Attorneys for Plaintiffs MAM and Bamed

OF COUNSEL:

GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on August 12, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>David L. Finger, Esquire
>Finger & Slanina, LLC
>One Commerce Center, Suite 725
>1201 North Orange Street
>Wilmington, DE 19801-1155

I further certify that on August 12, 2008, I caused a true and correct copy of the foregoing document to be served by e-mail and hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Morris E. Cohen, Esquire
>Law Office of Morris E. Cohen, P.C.
>1122 Coney Island Avenue, Suite 216-217
>Brooklyn, NY 11230
>mcohen@ipcases.com

>Joseph D. Guerriero
>Luv n' care, Ltd
>3030 Aurora Avenue
>Monroe, LA 71201
>joed@luvncare.com

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

/s/ Adam W. Poff
Adam W. Poff (No. 3990)
apoff@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
(302) 571-6600